UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | CIVIL ACTION |
| | | NO. 3:02 CV1350 (JBA) |
| V. | : | |
| | | |
| JAMES F. DAIGLE, JR., LOUIS J. FUSARO, MARK LOUNSBURY, POLICE DEPT. OF THE CITY OF NORWICH, AND CITY OF NORWICH | : | MAY 19, 2004 |

**JOINT RULE 26(f) REPORT**

| | |
|---|---|
| Date Complaint Filed: | Complaint was initially filed in Superior Court on July 15, 2002. The Defendants removed the matter on August 5, 2002. |
| Date Complaint was served: | On or after July 15, 2002 |
| Date of Defendant(s) Appearance: | Defendants appeared in this case on August 5, 2002. |

Note: This action was stayed until January 31, 2004, due to the liquidation of Legion Insurance Company.

Pursuant to Fed. R. Civ P 16(b), 26(f) and D.Conn L. Civ. R. 38. Conferences were held in February and May, 2004. The participants were:

**Barbara L. Cox,** The Gallagher Law Firm, 1377 Boulevard, P.O. Box 1925, New Haven CT 06509-1925, for the plaintiff Kristen Ejchorszt.

**Eric P. Daigle**, Halloran & Sage, LLP. One Goodwin Square, 225 Asylum Street, Hartford, CT 06103, for the defendant James F. Daigle, Jr.

**Beatrice S. Jordan**, Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114, for the defendants City of Norwich and Louis T. Fusaro.

## I.   CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities of achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

### 1.   SUBJECT MATTER JURISDICTION

The basis for the Court's subject matter jurisdiction is pursuant to 28 U.S.C. 1331, 1343(3) and 1367(a) as this action is brought pursuant to, *inter alia*, sections 1983 and 1988 of Title 42 of the United States Code.

### 2.   PERSONAL JURISDICTION

Personal jurisdiction is not contested.

## III.   BRIEF DESCRIPTION OF CASE

### 1.   CLAIMS OF THE PLAINTIFF:

The defendants subjected the plaintiff to unreasonable and excessive abuse, in violation of her rights of privacy and to be secure in her person against unreasonable intrusions of her person, and her right to the equal protection of the laws, protected by the Fourth and Fourteenth Amendments

to the United States Constitution, by inter alia fraudulently inducing her to pose partially nude for photographs as part of a police "sting" operation. Redress is sought under 42 U.S.C. §§ 1983 and 1988, as well as under various pendent state law theories.

    **2.    DEFENSES AND CLAIMS:**

The defendant, **James F, Daigle, Jr.**, denies the material allegations of the plaintiff's Complaint. The defendant Daigle asserts the defense of qualified immunity on the basis that he did not violate any clearly established constitutional right of the plaintiff or, alternatively, his actions were objectively reasonable in the light of the circumstances then and there existing.

The defendants, **City of Norwich, City of Norwich Police Department and Louis T. Fusaro**, deny the material allegations of the complaint. Furthermore, the plaintiff's claims against the defendants are barred by the doctrines of qualified immunity and governmental immunity.

As to the plaintiff's state law claims, the defendants have asserted the defense of governmental immunity insofar as they were engaged in discretionary acts as part of their governmental functions.

**IV.    STATEMENT OF UNDISPUTED FACTS:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff, Kristen Ejchorszt, was a resident of the State of Connecticut at the time of the subject incident.

2. The City of Norwich is a municipal corporation existing under the laws of the State of Connecticut.

V.   **CASE MANAGEMENT PLAN:**

  A.   **STANDING ORDER ON SCHEDULING IN CIVIL CASES**

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

  B.   **SCHEDULING CONFERENCE WITH THE COURT**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

  C.   **EARLY SETTLEMENT CONFERENCE**

   1.   The plaintiff would welcome settlement discussions at any time.  The defendants certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

   2.   The plaintiff would welcome a settlement conference at any time.  The defendants do not request an early settlement conference.

   3.   The parties prefer a settlement conference with a United States Magistrate Judge.

    4. The plaintiff would consent to a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36; the defendants do not request a referral for A.D.R.

  **D.** **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

    1. Defendants should be allowed until May 30, 2004, to file a response to the complaint.

  **E.** **DISCOVERY**

    1. The parties anticipate that discovery will be needed on the following subjects: whether the defendant, James Daigle, invaded the plaintiff's right of privacy and misrepresented facts alleged in the Complaint; whether the defendant, James Daigle, committed the alleged acts of assault and battery; the identities of all police personnel who participated in the alleged acts or in the so-called police sting operation; whether there existed a custom, practice or policy of unconstitutional conduct such that it was the moving force behind the events described in the Complaint; the nature and extent of the plaintiff's physical and emotional injuries alleged; and whether the defendants are entitled to qualified or governmental immunity as to any of the plaintiff's claims.

    2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately, and completed by January 31, 2005.

    3. Discovery will not be conducted in phases.

4.    The parties anticipate that the plaintiff will require a total of 5-6 depositions of fact witnesses and the defendants will require a total of 5 depositions of fact witnesses. The depositions will commence immediately, and be completed by December 15, 2004.

5.    The parties may request permission to serve more than twenty-five Interrogatories.

6.    Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2004, or a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by October 31, 2004, or a date not later than two months before the deadline for completing all discovery.

7.    Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 31, 2004, or a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by December 15, 2004, or a date not later than the discovery cutoff date.

8.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by September 30, 2004.

**G.    DISPOSITIVE MOTIONS:**

Dispositive motions will be filed on or before February 28, 2005.

### H. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by March 1, 2005, or thirty days after this Court rules on any summary judgment motion filed by the defendants, whichever is later.

Plaintiff: Kristen Ejchorszt

By:_____          Date:_____
    Barbara L. Cox

Defendants: City of Norwich and Louis Fusaro


By:_____          Date:_____
      Beatrice S. Jordan


Defendant: James F. Daigle


By:_____          Date:_____
      Eric P. Daigle

387975.1(HSFP)