UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.: 302CV1350 (CFD) |
| | : | |
| v. | : | |
| | : | |
| JAMES F. DAIGLE, JR., ET AL | : | JUNE 11, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT DATED JULY 15, 2003

**FIRST COUNT**:

     1.    The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not answer the First Count, as it is not directed to them.

**SECOND COUNT**:

     1.    The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not answer the Second Count, as it is not directed to them.

**THIRD COUNT**:

  1. The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not answer the Third Count, as it is not directed to them.

**FOURTH COUNT**:

  1. The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not answer the Fourth Count, as it is not directed to them.

**FIFTH COUNT**:

  1. The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not answer the Fifth Count, as it is not directed to them.

**SIXTH COUNT**:

  1. The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not answer the Sixth Count, as it is not directed to them.

**SEVENTH COUNT**:

     1.     The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not answer the Seventh Count, as it is not directed to them.

**EIGHTH COUNT**:

     1.     The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not answer the Eighth Count, as it is not directed to them.

**NINTH COUNT**:

     1.     As to paragraphs 1, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22, which were set out in the Third Count, the defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

     2.     Paragraph 2, which was set out in the Third Count, is denied.

     3.     Paragraph 3, which was set out in the Third Count, is admitted.

4. That portion of paragraph 4, which was set out in the Third Count, which states: "At all times herein mentioned, the defendant Louis J. Fusaro was the Chief of Police of the City of Norwich, acting in his official capacity" is admitted. As to the remainder of paragraph 4, which was set out in the Third Count, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

5. These defendants do not respond to paragraph 12, which was set out in the Third Count, because it calls for a legal conclusion.

6. These defendants do not respond to paragraphs 23 through 29, as no such paragraphs exist in the Third Count.

7. As to paragraphs 30 through 32, which were set out as paragraphs 15 through 17 in the Fourth Count, these defendants, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

8. As to paragraph 33, which was set out as paragraph 18 in the Fifth Count, these defendants, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

9. As to paragraphs 34 and 35, which were set out as paragraphs 19 and 20 in the Sixth Count, these defendants, do not have sufficient knowledge or

information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

10. As to paragraph 36, which was set out as paragraph 19 in the Seventh Count, these defendants, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

11. As to paragraph 37, which was set out as paragraph 21 in the Eighth Count, these defendants, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

12. Paragraphs 38 and 39 are denied.

**TENTH COUNT**:

1. The answers to paragraphs 1 through 39 of the Ninth Count, are hereby made the answers to paragraphs 1 through 39 of the Tenth Count, as if fully set forth herein.

2. That portion of paragraph 40 which states: "At all times herein mentioned the defendant Mark Lounsbury was and is a detective with the Norwich Police Department," is admitted. As to the remainder of paragraph 40, these

defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

    3.    Paragraphs 41 and 42 are denied.

    4.    As to paragraph 43, these defendants deny that Daigle was acting in the performance of his duties and within the scope of his employment.  As to the remainder of paragraph 43, these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

    5.    As to paragraphs 44 and 45, these defendants, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

**ELEVENTH COUNT**:

    1.    The answers to paragraphs 1 through 45 of the Tenth Count, are hereby made the answers to paragraphs 1 through 45 of the Eleventh Count, as if fully set forth herein.

    2.    That portion of paragraph 46 which states:  "The defendants, by their actions and inactions subjected the plaintiff to unreasonable and excessive abusive treatment." is denied.  As to the remainder of paragraph 40, these defendants do not

have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to her burden of proof.

  3.  Paragraphs 47, 48, 50 and 51 are denied.

  4.  As to paragraph 49, these defendants deny the same as to Daigle.  As to remainder of paragraph 49, these defendants, do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to her burden of proof.

**TWELFTH COUNT**:

  1.  The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, do not answer the Twelfth Count, as it is not directed to them.

### BY WAY OF AFFIRMATIVE DEFENSES

**First Affirmative Defense to the Ninth Count**

  The plaintiff's complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense to the Ninth Count**

  The plaintiffs' claims against defendants are barred by the doctrine of qualified immunity.

7

**Third Affirmative Defense to the Ninth Count**

The plaintiff's claims are barred by the doctrine of governmental immunity pursuant to both common law and Conn. Gen. Stat. §52-557n.

**Fourth Affirmative Defense to the Ninth Count**

If the plaintiff, Kristen Ejchorszt, has a claim against any other insurer under any provision in an insurance policy, other than a claim against the policy of Legion Insurance Company which is expressly denied, which is also a covered claim under Conn. Gen. Stat. §§38a-836 to 38a-853, inclusive, shall exhaust first his rights under such policy, and pursuant to Conn. Gen. Stat. §38a-845(1), any amount payable by Legion Insurance Company on a covered claim under Conn. Gen. Stat. §§38a-836 to 38a-853, inclusive, shall be reduced by the amount recoverable under that insurance policy and Chapter 568 of the Connecticut General Statutes.

**Fifth Affirmative Defense to the Ninth Count**

If the plaintiff, Kristen Ejchorszt, has a claim under any governmental insurance or guaranty program which such claim is also a covered claim shall be required to first

exhaust his rights under such program and pursuant to Conn. Gen. Stat. §38a-845(3), any amount payable by Legion Insurance Company, which is expressly denied, on a covered claim under sections 38a-836 to 38a-853, inclusive, shall be reduced by any amount recoverable under such program.

**First Affirmative Defense to Tenth Count**

The plaintiff's complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense to the Tenth Count**

The plaintiffs' claims against defendants are barred by the doctrine of qualified immunity.

**Third Affirmative Defense to the Tenth Count**

The plaintiff's claims are barred by the doctrine of governmental immunity pursuant to both common law and Conn. Gen. Stat. §52-557n.

**Fourth Affirmative Defense to the Tenth Count**

If the plaintiff, Kristen Ejchorszt, has a claim against any other insurer under any provision in an insurance policy, other than a claim against the policy of Legion

Insurance Company which is expressly denied, which is also a covered claim under Conn. Gen. Stat. §§38a-836 to 38a-853, inclusive, shall exhaust first his rights under such policy, and pursuant to Conn. Gen. Stat. §38a-845(1), any amount payable by Legion Insurance Company on a covered claim under Conn. Gen. Stat. §§38a-836 to 38a-853, inclusive, shall be reduced by the amount recoverable under that insurance policy and Chapter 568 of the Connecticut General Statutes.

**Fifth Affirmative Defense to the Tenth Count**

If the plaintiff, Kristen Ejchorszt, has a claim under any governmental insurance or guaranty program which such claim is also a covered claim shall be required to first exhaust his rights under such program and pursuant to Conn. Gen. Stat. §38a-845(3), any amount payable by Legion Insurance Company, which is expressly denied, on a covered claim under sections 38a-836 to 38a-853, inclusive, shall be reduced by any amount recoverable under such program.

**First Affirmative Defense to the Eleventh Count**

The plaintiff's complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense to the Eleventh Count**

The plaintiffs' claims against defendants are barred by the doctrine of qualified immunity.

**Third Affirmative Defense to the Eleventh Count**

If the plaintiff, Kristen Ejchorszt, has a claim against any other insurer under any provision in an insurance policy, other than a claim against the policy of Legion Insurance Company which is expressly denied, which is also a covered claim under Conn. Gen. Stat. §§38a-836 to 38a-853, inclusive, shall exhaust first his rights under such policy, and pursuant to Conn. Gen. Stat. §38a-845(1), any amount payable by Legion Insurance Company on a covered claim under Conn. Gen. Stat. §§38a-836 to 38a-853, inclusive, shall be reduced by the amount recoverable under that insurance policy and Chapter 568 of the Connecticut General Statutes.

**Fourth Affirmative Defense to the Eleventh Count**

If the plaintiff, Kristen Ejchorszt, has a claim under any governmental insurance or guaranty program which such claim is also a covered claim shall be required to first exhaust his rights under such program and pursuant to Conn. Gen. Stat. §38a-845(3), any amount payable by Legion Insurance Company, which is expressly denied, on a

covered claim under sections 38a-836 to 38a-853, inclusive, shall be reduced by any

amount recoverable under such program.

                                        DEFENDANTS,
                                        LOUIS J. FUSARO, Chief of Police;
                                        MARK LOUNSBURY; POLICE
                                        DEPARTMENT OF THE CITY OF
                                        NORWICH and CITY OF NORWICH


By____/s/_Beatrice S. Jordan____
  Beatrice S. Jordan
  ct22001
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-766 (Fax)
  E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 11th day of June, 2004.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

                                          _____/s/_ Beatrice S. Jordan_____
                                          Beatrice S. Jordan