UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.: 302CV1350 (CFD) |
| | : | |
| v. | : | |
| | : | |
| JAMES F. DAIGLE, JR., ET AL | : | JULY 27, 2004 |

## <u>MOTION FOR PERMISSION TO SERVE MORE THAN TWENTY-FIVE WRITTEN INTERROGATORIES</u>

The defendants, Louis Fusaro, Mark Lounsbury, Police Department of the City of Norwich and City of Norwich, hereby move pursuant to Fed. R. Civ. P. 33(a), and in accordance with the parties Rule 26(f) Report dated May 19, 2004, that they be granted permission to serve more than twenty-five (25) written interrogatories on the plaintiff, Kristen Ejchorszt. The plaintiff, Kristen Ejchorszt, has alleged numerous U.S. Constitutional and Connecticut Constitutional violations. Discovery, more extensive than that set forth in the federal rules, is required due to the breadth and complexity of the facts and

ORAL ARGUMENT IS/IS NOT REQUESTED

constitutional violations raised by the plaintiff. A copy of the proposed discovery is

appended hereto.

DEFENDANTS,
LOUIS J. FUSARO, Chief of Police;
MARK LOUNSBURY; POLICE
DEPARTMENT OF THE CITY OF
NORWICH and CITY OF NORWICH


By____/s/ Beatrice S. Jordan____
Beatrice S. Jordan
ct22001
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-766 (Fax)
E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 27th day of July, 2004.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

_____/s/  Beatrice S. Jordan_ __
Beatrice S. Jordan

3

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.:  302CV1350 (CFD) |
| | : | |
| v. | : | |
| | : | |
| JAMES F. DAIGLE, JR., ET AL | : | JULY 27, 2004 |

## DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO THE PLAINTIFF

Defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, request that the plaintiff, **Kristen Ejchorszt**, answer under oath in accordance with Rule 33 of the Fed. R. Civ. P., the interrogatories attached hereto, and produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Fed. R. Civ. P.

## INTERROGATORIES

1.      Please state the following:

      (a)    your full name and any other name(s) by which you have been known;

      (b)    your date of birth;

      (c)    your motor vehicle operator's license number;

      (d)    your home address;

      (e)    your business address.

**ANSWER**:

2.      Identify and list each injury you claim to have sustained as a result of the incidents alleged in the Complaint.

**ANSWER**:

3.      When, where and from whom did you first receive treatment for said injuries?

**ANSWER**:

4.      If you were treated at a hospital for injuries sustained in the alleged incident, state the name and location of each hospital and the dates of such treatment and confinement therein.

**ANSWER**:

5.      State the name and address of each physician, psychologist, psychiatrist, therapist, pastoral counsel or other source of treatment for the conditions or injuries you sustained as a result of the incident alleged in your Complaint.

**<u>ANSWER</u>**:

6.      When and from whom did you last receive any medical attention for injuries alleged to have been sustained as a result of the incident alleged in your Complaint?

**<u>ANSWER</u>**:

7.      On what date were you fully recovered from the injuries or conditions alleged in your Complaint?

**<u>ANSWER</u>**:

8.      If you claim you are not fully recovered, state precisely from what injuries or conditions you are presently suffering?

**ANSWER**:

9.      Are you presently under the care of any physician, psychologist, psychiatrist, therapist, pastoral counsel or other health care provider for the treatment of injuries alleged to have been sustained as a result of the incident alleged in your Complaint?  If so, state the name and address of each physician or other health care provider who is treating you.

**ANSWER**:

10.     Do you claim any present disability resulting from injuries or conditions allegedly sustained as a result of the incident alleged in your complaint?  If so, state the nature of the disability claimed.

**ANSWER**:

11.     Do you claim any permanent disability resulting from said incident?  If so, state the following:

(a)     list the parts of your body which are disabled;
(b)     list the motions, activities or use of your body which you have lost or which you are unable to perform;

4

(c)     state the percentage of loss of use claimed as to each part of your
        body;

(d)     state the name and address of the person who made the
        prognosis for permanent disability and the percentage of loss of
        use;

(e)     list the date for each such prognosis.

**ANSWER**:

12.     If you were confined to your home as a result of injuries or conditions
sustained as a result of the incident alleged in your Complaint, state the dates
between which you were so confined.

**ANSWER**:

13.     If you were confined to your bed as a result of the injuries or conditions
sustained as a result of the incident alleged in your Complaint, state the dates
between which you were so confined.

**ANSWER**:

5

14.     List each medical report received by you or your attorney relating to your alleged injuries or conditions by stating the name and address of the treating physician, psychologist, psychiatrist, therapist, pastoral counsel or other health care provider, and of any physician, psychologist, psychiatrist, therapist, pastoral counsel or health care person you anticipate calling as a trial witness, who provided each such report and the date thereof.

**ANSWER**:

15.     List each item of expense which you claim to have incurred as a result of the incident alleged in your Complaint, the amount thereof and state the name and address of the person or organization to whom each item has been paid or is payable.

**ANSWER**:

16.     Identify each item of expense, if any, or portion thereof for which you have been reimbursed or which is reimbursable by an insurer, indicating the name of the insurer that made such payment or reimbursement or which is responsible for such reimbursement.

**ANSWER**:

17.    If, during the ten year period prior to the date of the incident alleged in the Complaint, you were under the care of physician, psychologist, psychiatrist, therapist, pastoral counselor other health care provider for any conditions which were in any way similar or related to those identified and listed in your answer to Interrogatory Number 2, please state the following:

(a)    the nature of said conditions;
(b)    the dates on which treatment was received; and
(c)    the name of the physician, psychologist, psychiatrist, therapist, pastoral counsel or health care provider.

**ANSWER**:

18.    If, during the ten year period prior to the date of the incident alleged in your Complaint, you were involved in any incident in which you received personal injuries similar or related to those identified and listed in your answer to Interrogatory Number 2, please answer the following with respect to each such earlier incident:

(a)    on what date and in what manner did you sustain such injuries?
(b)    did you make a claim against anyone as a result of said accident?
(c)    if so, provide the name and address of the person or persons against whom a claim was made;
(d)    if suit was brought state the name and location of the court, the return date of the suit, and the docket number;
(e)    state the nature of the injuries received in said accident;
(f)    state the name and address of each physician who treated you for said injuries;
(g)    state the dates on which you were so treated;
(h)    state the nature of the treatment received on each such date;

(i)     if you are presently or permanently disabled as a result of said injuries, please state the nature of such disability, the name and address of each physician who diagnosed said disability and the date of each such diagnosis.

**<u>ANSWER</u>**:

19.    If you were involved in any incident in which you received personal injuries since the date of the incident alleged in the Complaint, please answer the following:

(a)     on what date and in what manner did you sustain said injuries?

(b)     did you make a claim against anyone as a result of said accident?

(c)     if so, provide the name and address of the person or persons against whom a claim was made;

(d)     if suit was brought, state the name and location of the Court, the return date of the suit, and the docket number;

(e)     state the nature of the injuries received in said accident;

(f)     state the name and address of each physician who treated you for said injuries;

(g)     state the dates on which you were so treated;

(h)     state the nature of the treatment received on each such date;

(i)     if you are presently or permanently disabled as a result of said injuries, please state the nature of such disability, the name and address of each physician who diagnosed said disability and the date of each such diagnosis.

**<u>ANSWER</u>**:

8

20.     If you claim that as a result of the incident alleged in your Complaint you were prevented from following your usual occupation, or otherwise lost time from work, please provide the following information:

(a)     the name and address of your employer on the date alleged in the Complaint;

(b)     the nature of your occupation and a precise description of your job responsibilities with said employer on the date of incident alleged in the Complaint;

(c)     your average, weekly earnings, salary, or income received from said employment for the year preceding the date of the incident alleged in the Complaint;

(d)     the date following the date of the incident alleged in the Complaint on which you resumed the duties of said employment;

(e)     what loss of income do you claim as a result of the incident alleged in your Complaint and how is said loss computed?

(f)     the dates on which you were unable to perform the duties of your occupation and lost time from work as a result of injuries or conditions claimed to have been sustained as a result of the incident alleged in your Complaint.

**ANSWER**:

21.     Do you claim an impairment of earning capacity?

**ANSWER**:

22.     List any other expenses or loss and the amount thereof not already set forth and which you claim to have incurred as a result of the incident alleged in your Complaint.

**<u>ANSWER</u>**:

23.     Have you signed a covenant not to sue, a release or discharge of any claim you had, have or may have against any person, corporation, or other entity, as a result of the incident alleged in your Complaint?  If so, please state in whose favor it was given, the date thereof, and the consideration paid to you for giving it.

**<u>ANSWER</u>**:

24.     Have you or anyone on your behalf agreed or made an agreement with any person, corporation or other entity to limit in any way the liability of such person, corporation or other entity as a result of any claim you have or may have as a result of the incident alleged in your Complaint?  If so, please state in whose favor it was given, the date thereof, and the consideration paid to you for giving it.

**<u>ANSWER</u>**:

25.    State whether since the date of the incident alleged in your Complaint, you have made any claims under Workers' Compensation, and, if so, state the nature and dates of such claims.

**<u>ANSWER</u>**:

26.    Have you made any statements, as defined in the Connecticut Practice Book Rule 13-1, to any person regarding any of the events or happenings alleged in your Complaint?

**<u>ANSWER</u>**:

27.    State the names and addresses of all persons known to you who were present with you at the time of the incidents alleged in your Complaint or who observed or witnessed all or part of the incidents.

**<u>ANSWER</u>**:

28.    As to each individual named in answer to the preceding interrogatory, state whether to your knowledge, or to the knowledge of your attorney, such individual has given any statement or statements as defined in the Connecticut Practice Book concerning the subject matter of your Complaint or alleged injuries. If your answer to this Interrogatory is affirmative, state also:

(a)    the date on which statement or statements were taken;
(b)    the names and addresses of the person or persons who took such statement or statements;
(c)    the names and addresses of any persons present when such statement or statements were taken;
(d)    whether such statement or statements were written, made by recording device, or taken by court reporter or stenographer;
(e)    the name and address of each person having custody or a copy or copies of such statement or statements.

**ANSWER**:

29.    Please identify, by stating the name and address, any person, other than an expert who will not testify at trial, who took or prepared any and all of the following photographs in your possession or control or in the possession and control of your attorney, and state the dates on which such photographs were prepared:

(a)    photographs depicting the incident scene;
(b)    photographs depicting any condition or injury alleged to have been caused by the incident alleged in your Complaint;
(c)    state the number of photographs taken;
(d)    state the date on which each of the photographs were taken.

**ANSWER**:

30.     State the names and addresses of all experts whom you intend to call as an expert witness at trial.

**ANSWER**:

31.     For each witness identified in answer to the preceding interrogatory, state:

    (a)    the subject matter on which each expert witness is expected to testify;

    (b)    the substance of the facts and opinions to which each expert witness is expected to testify;

    (c)    a summary of the grounds for each opinion of each expert witness expected to testify.

**ANSWER**:

32.     State all evidence upon which you base your contention that the defendant, Louis Fusaro, failed to supervise his employees as alleged in your Complaint.

**ANSWER**:

13

33.    State all evidence upon which you base your contention that the defendant, Mark Lounsbury, knew or should have known that the defendant, Daigle, was taking partially nude photographs of you with a police department camera as alleged in your Complaint.

**ANSWER**:

34.    State all evidence upon which you base your contention that the defendants acted jointly and in concert with each other as alleged in your Complaint.

**ANSWER**:

35.    State all evidence upon which you base your contention that the defendants, Louis Fusaro, Mark Lounsbury, City of Norwich Police Department, and City of Norwich, subjected you to unreasonable and excessive abuse as alleged in your Complaint.

**ANSWER**:

36.    State all evidence upon which you base your contention that the defendants, Louis Fusaro, Mark Lounsbury, City of Norwich Police Department, and City of Norwich, violated your right to privacy and to be free from unreasonable intrusion as alleged in your Complaint.

14

**ANSWER**:




37.    State all evidence upon which you base your contention that the defendants, Louis Fusaro, Mark Lounsbury, City of Norwich Police Department, and City of Norwich, violated your right to equal protection of the laws pursuant to the 4th and 14th Amendments as alleged in your Complaint.

**ANSWER**:




38.    State all evidence upon which you base your contention that the defendant, Daigle, was acting in the performance of his duties and within the scope of his employment at the time of the incidents alleged in your Complaint.

**ANSWER**:

## REQUESTS FOR PRODUCTION

1.      All hospital records relating to treatment received as a result of the alleged incident, and to injuries, diseases or defects to which reference is made in the answers to Interrogatories 17, 18 and 19, or written authorization to inspect and make copies of said hospital records.

**ANSWER**:


2.      All reports of all doctors and all other care providers relating to treatment allegedly received by the Plaintiff(s) as a result of the alleged incident, and to the injuries, diseases or defects to which reference is made in the answers to Interrogatories 17, 18 and 19 (exclusive of any records prepared or maintained by a licensed psychiatrist or psychologist) or written authorization to inspect and make copies of said reports.

**ANSWER**:


3.      Copies of, or sufficient written authorization to inspect and make copies of, the wage and employment records of all employers of the Plaintiff(s) for three (3) years prior to the date of the incident and for all years subsequent to the date of the incident to and including the date hereof.

**ANSWER**:


4.      Copies of, or sufficient written authorization to inspect and make copies of all school records, including disciplinary records, grade records/transcripts, developmental program records/reports, individual activity records/reports, incident reports, attendance reports, individual course information and/or documentation, psychological testing, and medical records.

16

**ANSWER**:

    5.     If a claim of impaired earning capacity or lost wages is being alleged, provide copies of, or written authorization to obtain copies of, that part of all income tax returns relating to lost income filed by the Plaintiff(s) for a period of three (3) years prior to the date of the incident and for all years subsequent to the date of the incident to and including the date hereof.

**ANSWER**:

    6.     All property damage bills that are claimed to have been incurred as a result of the incident.

**ANSWER**:

    7.     All medical bills that are claimed to have been incurred as a result of this incident.

**ANSWER**:

    8.     All bills for each item of expense that is claimed to have been incurred in the answer to Interrogatory Number 15, and not already provided for in response to #5 and #6 above.

**ANSWER**:

    9.     All documents identified or referred to in the answers to Interrogatory Number 23.

17

**ANSWER**:


     10.    A copy of any photographs identified in answers to Interrogatory #29.

**ANSWER**:


     11.    A copy of any non-privileged statements, as defined in Practice Book Rule 13-1, of any party in this lawsuit concerning this action or its subject matter.

**ANSWER**:


                        DEFENDANTS,
                        LOUIS J. FUSARO, Chief of Police;
                        MARK LOUNSBURY; POLICE
                        DEPARTMENT OF THE CITY OF
                        NORWICH and CITY OF NORWICH


                        By____/s/ Beatrice S. Jordan____
                          Beatrice S. Jordan
                          ct22001
                          Howd & Ludorf
                          65 Wethersfield Avenue
                          Hartford, CT  06114
                          (860) 249-1361
                          (860) 249-766 (Fax)
                          E-Mail:  bjordan@hl-law.com

18

**<u>CERTIFICATION</u>**

  This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 27th day of July, 2004.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

         _____/s/  Beatrice S. Jordan_ __
         Beatrice S. Jordan

19