UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*************************************
*
KRISTEN EJCHORSZT                    *
                                     *
                                     *
VS.                                  *
                                     *
                                     *              CASE NUMBER:
JAMES F. DAIGLE, JR.;                *              3: 02CV1350 (CRD)
LOUIS J. FUSARO, Chief of Police     *
MARK LOUNSBURY; POLICE               *
DEPARTMENT OF THE CITY OF            *
NORWICH, AND CITY OF NORWICH *                      December 29, 2004
                                     *
*************************************

## OBJECTION TO MOTIONS FOR BOND

The plaintiff, Kristen Ejchorszt, objects to the motions for bond, filed by all defendants for as set forth below:

1.  **The imposition of an aggregate bond in the amount of $1,000 is unwarranted, given the likelihood of success on the merits, the background and purpose of the suit, and the reasonable extent of the security to be posted from the perspective of each of the parties.**

The rule in this Circuit for determining an appropriate amount of security to be posted is well settled:  The court must

*ORAL ARGUMENT NOT REQUESTED.*   1

construct an equation, composed of at least three integers: (i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the . . . plaintiff's perspective. And just as factors, such as the absence of attachable property within the district or the conduct of

> the parities may bear on a defendant's legitimate need for the prophylaxsis of a bond, so too, a plaintiff's ability to post security for costs, must weigh in the balance when the third figure of the equation is tabulated. . . . . The district court, in the exercise of its sound discretion, must settle upon an assurance which is fair in the light not only of the case itself and of the exigencies faced by the defendant, buy also fair when illuminated by the actual financial situation of the plaintiff.

Aggarwal v. Ponce School of Medicine, 745 F.2d 723, 727-28 (2d Cir. 1984) (reversing dismissal of claim for failure to post bond required of nonresident plaintiff and ordering district court to vacate bond previously set). "The rule is a scalpel, to be used with surgical precision, as an aid to the even-handed administration of justice, not a bludgeon to be employed as an instrument of oppression." Id., 728.

> [T]he seeming compulsion found below for a bond . . . for even a de luxe form of trial is hardly to be justified as a local rule within the limited authorization of F.R. 83, providing only for rules of practice not inconsistent with the general rules. The over-all discretion of the district courts . . . should be adequate authority for such orders as to security as will facilitate, not hamper, the administration of justice.

Farmer v. Arabian American Oil Co., 285 F.2d 720, 722 (2d Cir. 1960)(reversing dismissal of action based on non-resident plaintiff's failure to post bond under Southern District of New York Local Rule and vacating bond for costs).

Under the foregoing principles, the imposition of a bond in this case is inappropriate. First, the plaintiff has asserted meritorious claims. The veracity of he facts alleged in the complaint is confirmed by the report of the investigation

conducted by the Norwich police into the conduct of defendant Daigle. (Investigation Report, attached as Ex. A)

Second, the failure to have a bond will not prejudice the defendants who are represented by insurance counsel, and effectively insured by the General Fund, due to the insolvency of Legion Insurance Company, which necessitated the lengthy stay entered in this case. "[T]he possible loss of reimbursement for costs, should the defendant eventually become so entitled, may annoy it, but cannot really prejudice it in its defense." Id. Although defendants with far greater resources than the plaintiff may "wish to try this case expensively, . . . it does not seem just that it should force the plaintiff without such resources to guarantee payment therefore in advance." Farmer, 285 F.2d 722.

Third, the requirement of a bond is unduly harsh in light of the plaintiff's financial circumstances. The court is required to consider her ability to post security for costs, particularly in light of the fact that surety companies require 100 percent collateral. See Aggarwal, 745 F.2d 728; Farmer, 285 F.2d 722. The plaintiff, who was 20 years old at the time of the events giving rise to her claims, is now 23, and works at a local Dairy Queen. She earns approximately $300 a week. See Exhibit B. She was attending college at the time of the incident, but was forced to drop out of school as a result of the emotional distress she suffered from defendant Daigle's abuse.[1] Exhibit C, pp. 5,15. Requiring plaintiff to post the 100 percent collateral required by

---

[1] Plaintiff plans to resume her college studies.

surety companies - a total of $1,000 - for a bond under these circumstances is highly inequitable. See Aggarwal, 745 F.2d 728; Farmer, 285 F.2d 722.

A federal court's discretion to require security for costs should not be exercised in a manner that interferes with the policy of the underlying federal statute, in this case §1983. 10 Wright & Miller, §2671. Requiring plaintiffs of limited means to post bonds would unduly chill meritorious suits for redress of civil rights violations. The federal court is not only for rich litigants. Aggarwal, supra; Farmer, supra. See also Boddie v. Connecticut, 401 U.S. 371, 380-81 (1971)(court cost requirement that forecloses party's opportunity to be heard offends due process).

Under the analysis required by the Second Circuit, defendants' motions for bond should be denied.

### 2. Defendants have not demonstrated a need for a bond.

The defendants have alleged no facts in their motions demonstrating the need for a bond. Conclusory allegations in support of a motion for costs do not merit sustaining the motion in absence of any factual assertions clearly showing the necessity for security for costs. Graves v. City of Bolivar, Missouri, 154 F.Supp. 625, 626 (D.C. Mo. 1957); Zeth v. Pennsylvania Railroad Company, 7 F.R.D. 612, 614-15 (D.C. Pa. 1947). Defendants have provided no facts justifying the imposition of a bond in this case.

The circumstances other courts have found to justify a bond as security for costs are not present in the instant case. The practice of requiring a bond for costs

originated against non-resident plaintiffs. See, e.g., Karns v. W.L. Imlay Rapid Cyanide Process Co., 181 F.2d 751, 752 (E.D. Pa. 1910)(rule applicable to non-resident plaintiffs); Aggarwal, 745 F.2d 724 (Local District of Puerto Rico Rule applied to plaintiff's domiciled outside of the district); Farmer, 285 F.2d 722 (Local Rule of Southern and Eastern Districts of New York requiring bond of non-resident plaintiff); Hawes v. Club Esquestra El Comandante, 535 F.2d 140, 144-45 (1st Cir. 1976)(rule applied to non-domiciliary plaintiffs).  The traditional reason for requiring a non-resident plaintiff to post bond as security for costs – the absence of financial assets in the state available for attachment or garnishment – is not present in the instant case. Security for costs should not be required under a local rule when a plaintiff is a resident and amenable to execution on a judgment for costs. See Gainey v. Brotherhood of Ry. & S.S. Clerks, Freighthandlers, Express & Station Employees, 34 F.R.D. 8, 12-13 (D.C. Pa. 1963).  The plaintiff is a resident of the state and has financial assets that could be garnished in the event that the defendants become entitled to recover their costs.

**3.    The defendants' delay in applying for a bond requires denial of their motion.**

The defendants cannot seriously claim that they would be prejudiced by the lack of a bond when they waited almost two and a half years after the suit was removed to this Court and more than ten months after the stay was lifted to seek a

bond. This action was commenced in the Connecticut Superior Court[2] on July 29, 2002, and made returnable September 10, 2002. The twelve-count complaint alleged eleven causes of action based on state law and one claim pursuant to 42 U.S.C. §1983. On or about August 6, 2002 the defendants removed this action was to this Court on the basis of plaintiff's §1983 claim, the only federal claim asserted in the complaint. On September 11, 2002, the Court granted defendants' motion for stay, which extended through January 31, 2004, based on their insurer's insolvency. The defendants' delay in moving for a bond strongly indicates that they do not need security and is by itself grounds for denying their motion for bond. Marder v. Food Fair Stores, Inc., 157 F.Supp. 553, 554 (E.D. Pa. 1957)(Defendants' eighteen month delay in seeking security for costs operated as waiver of rule authorizing security for costs); Karns, 181 F.2d 752; see also Farmer, 285 F.2d 722.

    **4.**    **The court should exercise its discretion under Local Rule 83.3(b) to waive or modify the bond.**

Local Rule 83.3(b) permits the court to waive or modify a requested bond. The plaintiff should not be required to post any bond. However, in the event the Court decides to require some bond, it should be limited to the aggregate $250 recognizance required of the plaintiff when she commenced her suit in state court. See 10 C. Wright & Miller, Federal Practice and Procedure 3d §2671 (federal courts have discretion to look to forum state's practice). The plaintiff did not choose to bring

---

[2] In compliance with Connecticut General Statutes §52-185 and Conn. Practice Book §8-4, plaintiff provided the recognizance of a third party for costs in the sum of $250.00. See Civil Summons, dated July 15, 2002, attached as Exhibit D.

suit in a federal forum. Her case was removed by the defendants. The defendants' belated request for a bond is clearly a trial tactic, designed to place financial pressure on a plaintiff who has already been victimized by defendants' unscrupulous conduct. The court should waive the bond altogether, or, in the alternative, modify the security to a $250 recognizance.

**Conclusion.**

The motion for bond should be denied. Defendants have averred no facts justifying the imposition of a bond in this case. Defendants will not be harmed by the absence of a bond and plaintiff will be unduly burdened by having to post a bond. In the event the court determines that some bond is required, it is respectfully suggested that the terms of the bond be the same as the $250 recognizance required when plaintiff commenced her state court action.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
Kristen Ejchorszt

BY: _____
BARBARA L. COX
Fed. Bar No. Ct08523
The Gallagher Law Firm
1377 Boulevard, P.O. Box 1925
New Haven, CT 06509
Tel: (203) 624-4165; Fax: (203)865-5598
Her Attorneys.

### CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Objection was mailed on this date to the following counsel of record:

Beatrice S. Jordon, Esq.
Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Eric P. Daigle, Esq.
James M. Sconzo, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303

_____
BARBARA L. COX