UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.: 302CV1350 (CFD) |
| v. | : | |
| JAMES F. DAIGLE, JR., ET AL | : | FEBRUARY 28, 2005 |

### DEFENDANTS LOUIS J. FUSARO, MARK LOUNSBURY, POLICE DEPARTMENT OF THE CITY OF NORWICH and CITY OF NORWICH'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(a), the defendants, Louis J. Fusaro, Mark Lounsbury, Police Department of the City of Norwich and City of Norwich, hereby move for summary judgment as to the plaintiff's Complaint ("Complaint") dated July 15, 2002. Plaintiff's Complaint, brought pursuant to § 1983, alleges violations of her right to privacy and bodily integrity for the defendant James F. Daigle, Jr.'s semi-nude photography of her during her participation in an underage alcohol sting. As to these defendants, the plaintiff claims their negligence resulted in Daigle's violation of her constitutional rights. Plaintiff also alleges her equal protection rights were violated. Plaintiff also alleges several common law claims against these defendants, all based in negligence.

As is more fully set forth in the attached Memorandum of Law, Local Rule 56(a)1 Statement, supporting affidavits, and sworn deposition testimony, the plaintiff

ORAL ARGUMENT IS REQUESTED

cannot, as a matter of law, establish Monell liability against the Police Department and City, because all the claims sound in negligence.  As to Officer Lounsbury, plaintiff has not shown he had any personal involvement in the photographs, as only she and Daigle were present at the time.  Lounsbury is also entitled to qualified immunity because he had no notice of Daigle's actions, and therefore, could not have interceded on the plaintiff's behalf.

Plaintiff has not properly pled, let alone provided any proof that she was treated differently than similarly situated persons, that such differential treatment was based upon malice, or an intent to injure or that the defendants' actions were wholly arbitrary.  Accordingly, there exists no genuine issue of material fact, and the defendants are entitled summary judgment.

Furthermore, the Court should enter summary judgment on the negligent supervision claim and claim for indemnification on the basis of governmental immunity at common law and pursuant to C.G.S. § 52-557n.

WHEREFORE, the defendants, Louis J. Fusaro, Chief of Police; Mark Lounsbury, Police Department of the City of Norwich and City of Norwich, respectfully request that summary judgment enter in their favor.

        DEFENDANTS,
        CITY OF NORWICH, POLICE
        DEPARTMENT OF THE CITY OF
        NORWICH, LOUIS J. FUSARO and MARK
        LOUNSBURY


By_____
   Melinda A. Powell
   ct17049
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-766 (Fax)
   E-Mail:  mpowell@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 28th day of February, 2005.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303

                                                                                                                                      _____
                                                                                                                                       Melinda A. Powell