Westlaw.

Not Reported in A.2d
1995 WL 137143 (Conn.Super.)
(Cite as: 1995 WL 137143 (Conn.Super.))

Page 1

C
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut, Judicial District of Hartford/New Britain, at New Britain.
Jane DOE
v.
Joao Q. NUNES, et al.
No. CV 94-0463832S.

March 15, 1995.

*MEMORANDUM OF DECISION ON MOTION TO STRIKE*

HANDY, Judge.

I. *Factual and Procedural Background*

*1 On December 21, 1994, the plaintiff, Jane Doe, filed a revised complaint in fourteen counts, alleging injuries arising from an alleged sexual assault by one of the defendants, Joao Q. Nunes. The alleged incident occurred when the plaintiff met with Nunes, a police officer, at the Hartford Police Station to interview for the position of graphic artist.

In counts seven, nine, eleven and thirteen, the plaintiff alleged supervisory negligence against the defendants Jesse Campbell, Ronald Loranger, Bernard Sullivan and James Meehan, respectively, claiming that the defendants were negligent in hiring, supervising, and/or firing the co-defendant Nunes. Counts eight, ten, twelve and fourteen allege indemnification from the defendant City of Hartford.

On January 13, 1995, the defendants, Campbell, Loranger, Sullivan, Meehan and the City of Hartford moved to strike counts seven through fourteen, claiming governmental immunity due to the discretionary nature of the acts alleged. The plaintiff filed an objection and supporting memorandum, arguing that the officers' duties were ministerial.

II. *Discussion*

A motion to strike tests the legal sufficiency of a pleading. *Novametrix Medical Systems, Inc. v. BOC Group, Inc.,* 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. The facts are construed most favorably to the plaintiff, and all well pleaded facts are admitted. Id. However, a motion to strike does not admit legal conclusions or the truth or accuracy of opinions in the pleadings. *Mingachos v. CBS, Inc.,* 196 Conn. 91, 108, 491 A.2d 368 (1985).

The defendants claim that the acts of hiring, supervising and firing police officers are discretionary acts, entitling them to governmental immunity. The plaintiff claims that the acts are ministerial.

A. *Negligent Hiring, Supervising and Firing*

(Counts Seven, Nine, Eleven and Thirteen)

"The [common law] doctrines that determine the tort liability of municipal employees are well established." *Burns v. Board of Education,* 228 Conn. 640, 645, 638 A.2d 1 (1994). Although historically "[a] municipality itself was generally immune from liability for its tortious acts at common law.... [municipal] employees faced the same personal tort liability as private individuals." (Citations omitted; internal quotation marks omitted.) *Mulligan v. Rioux,* 229 Conn. 716, 727 (1994). "Over the years, however, [t]he doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees." Id.

The "public duty doctrine," as set forth in *Shore v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
1995 WL 137143 (Conn.Super.)  
**(Cite as: 1995 WL 137143 (Conn.Super.))**

Page 2

*Stonington,* 187 Conn. 147, 152, 444 A.2d 166 (1982), is the starting point of municipality liability analysis:

> [I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.

**\*2** *Gordon v. Bridgeport Housing Authority,* 208 Conn. 161, 165, 544 A.2d 1185 (1988).

"Once it is determined that the duty involved ... is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary." *Roman v. Stamford,* 16 Conn.App. 213, 220, 547 A.2d 97 (1988), aff'd, 211 Conn. 396, 559 A.2d 710 (1989). "Whether a public or private duty is established, there is no potential liability if the act complained of is a discretionary act that does not fit into any of the narrow exceptions outlined in *Shore.*" *Gordon v. Bridgeport Housing Authority,* supra, 208 Conn. 169. [FN1] "The finding of a public duty is often, but not always, dispositive of whether the act is a discretionary one." *Id.* "Thus, although the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." *Id.,* 170.

"[A] municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts." *Mulligan v. Rioux,* supra, 229 Conn. 727. The Supreme Court has "approved the practice of deciding the issue of governmental immunity as a matter of law." *Gordon v. Housing Authority,* supra, *208 Conn. 170.*

"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." *Gauvin v. New Haven,* supra, 187 Conn. 184. Ministerial "refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion."

(Internal quotation marks omitted.) *Evon v. Andrews,* 211 Conn. 501, 505, 559 A.2d 1151 (1989).

In *Stiebitz v. Mahoney,* 144 Conn. 443, 446, 134 A.2d 71 (1957), our Supreme Court addressed duties similar to those at issue in the present case, and found such duties to be discretionary. In *Stiebitz,* the defendant allegedly committed battery, indecent assault, attempted rape and armed robbery on the plaintiffs while the defendant was on duty as a police officer. Id., 445. As is this case, the plaintiffs filed suit against the police chief, who was in charge of the "control, discipline, appointment, suspension, removal and expulsion of the members of the police department." Id. The court noted that the duties of hiring and suspending individuals require "the use of a sound discretion." Id., 446. Because the chief's "discretion was utilized in the performance of the governmental duty of preserving the peace and enforcing the criminal laws of the state and the town, the discretion was extensive." Id.

*Stiebitz* makes clear that hiring, supervising and firing police officers is a discretionary duty. In her complaint and objection to the motion to strike, the plaintiff argues that the supervisors in the present case knew or had reason to know that Nunes was an unfit officer and that supervision thus became ministerial, but there are no facts to support those allegations, and the motion does not admit conclusions or opinions. Therefore, the defendants' motion to strike counts seven, nine, eleven and thirteen is granted. Counts Eight, Ten, Twelve and Fourteen

**\*3** General Statutes § 7-465 establishes municipal liability for certain acts of employees. See *Gonzalez v. Bridgeport,* 9 Conn.L.Rptr. 202, 204 (June 4, 1993, Fuller, J.). "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the *employee's* duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." *Wu v. Fairfield,* 204 Conn. 435, 438, 528 A.2d 364 (1979). The municipality's liability is derived from the liability of its employee. *Kaye v. Manchester,* 20 Conn.App. 439, 443-44, 568 A.2d 459 (1990). "Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
1995 WL 137143 (Conn.Super.)
**(Cite as: 1995 WL 137143 (Conn.Super.))**

Page 3

negligence on the part of the employee and the municipality's employment relationship with that individual." *Wu v. Fairfield,* supra, 204 Conn. 438.

Because the motion to strike has been granted as to counts seven, nine, eleven and thirteen, alleging the negligence of individual employees, the counts alleging derivative liability of the City of Hartford must be stricken as well. Therefore, the defendant's motion to strike counts eight, ten, twelve and fourteen is granted.

### III. CONCLUSION

For the foregoing reasons, the defendant' Motion to Strike counts seven through fourteen of the plaintiff's complaint is granted.

> FN1. The plaintiff has apparently conceded that none of the exceptions to immunity for negligently performed discretionary acts applies in the present case.

1995 WL 137143 (Conn.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.