Not Reported in A.2d
2003 WL 22481202 (Conn.Super.)
(Cite as: 2003 WL 22481202 (Conn.Super.))

Page 1

C
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of New Haven.
Cynthia A. **VIOLANO** et al.,
v.
Henry J. FERNANDEZ et al.
No. CV010452897.

Oct. 17, 2003.

Gallagher Law Firm, New Haven, for Cynthia A. Violano and Cinderella of New Haven LLC.

New Haven Corporation Counsel, New Haven, for Henry J. Fernandez and City of New Haven.

LICARI, J.

*1 In the fourth revised complaint dated May 10, 2002, consisting of six counts, the plaintiffs Cynthia Violano and Cinderella of New Haven, LLC d/b/a Seasons brought this action against the defendants, Henry J. Fernandez, director of Livable City Initiative, and the city of New Haven (City). The present case arises out of an eminent domain proceeding by the City in the taking of property known as 26-28 Townsend Avenue in New Haven in which the plaintiffs had a leasehold interest and purchase option agreement to buy the property for use as a restaurant. Counts one, two, and six are filed against Fernandez alleging negligent taking, negligent security, and intentional infliction of emotional distress, respectively. Counts three and five are against the City alleging an indemnification claim pursuant to General Statutes § 7-465 [FN1] and a civil rights violation for deprivation of property without due process of law in violation of 42 U.S.C. §§ 1983 and 1988, respectively. Count four is against the City and the Livable City Initiative for indemnification pursuant to General Statutes § 52-557n. [FN2]

FN1. Section 7-465 provides: "(a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, and on behalf of any member from such municipality of a local emergency planning district, appointed pursuant to section 22a-601, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty."

FN2. Section 52-557n provides: "(a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01350-CFD    Document 58-15    Filed 02/28/2005    Page 2 of 8

Not Reported in A.2d
2003 WL 22481202 (Conn.Super.)
(Cite as: 2003 WL 22481202 (Conn.Super.))

Page 2

by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

On May 22, 2002, the defendants filed a motion to strike counts one through six, accompanied by a memorandum in support. On November 5, 2002, the plaintiffs filed a memorandum in opposition. The defendants then filed a reply and supplemental reply to the plaintiffs' memorandum. The motion was heard on the short calendar on July 14, 2003.

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted ... A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Citations omitted; internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC v. Alves*, 262 Conn. 480, 498, 815 A.2d 1188 (2003). The motion is "properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) *Id.* "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) *Gazo v. Stamford*, 255 Conn. 245, 260, 765 A.2d 505 (2001). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) *Faulkner v. United Technologies Corp.*, 240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Bhinder v. Sun Co.*, 263 Conn. 358, 366, 819 A.2d 822 (2003).

Count One

The defendants move to strike count one on the grounds that Fernandez is not liable for the negligent taking of the property by eminent domain because: (1) this is a legislative function that was carried out by the Board of Aldermen for the City; (2) qualified immunity from suit is applicable to a governmental function involving the exercise of discretion; and (3) immunity from liability under § 52-557n(b)(5) applies to a judicial proceeding, such as eminent domain. The plaintiffs, in opposition, counter that the taking was the result of the negligence and carelessness of Fernandez because he permitted it to occur without providing just compensation, without stating a public purpose for it and a determination of what that purpose would be, and it was done in bad faith, all of which the plaintiffs maintain are questions of fact not subject to disposition on a motion to strike.

*2 The procedure for taking land by eminent domain is set forth in General Statutes Section 48-12. When a municipal corporation may take land is provided for in § 48-6(a): "Any municipal corporation having the right to purchase real property for its municipal purposes which has, in accordance with its charter or the general statutes, voted to purchase the same shall have power to take or acquire such real property, within the corporate limits of such municipal corporation ..." The power of a municipality to acquire or take land for a municipal purpose is set out in § 7-148(c)(3)(A). In addition, the charter for the City of New Haven grants the legislative body, Board of Aldermen, the power to take property by eminent domain, power to purchase property and provide for compensation to the owners of the property taken. New Haven charter, art. IX, §§ 48, 49(a) & (e). "A municipality can exercise the right of eminent domain only when it is conferred upon it by the legislature expressly or by necessary implication, since a municipal corporation has no more right than any other corporation to condemn property." 11 McQuillan, Municipal Corporations, (3d Ed. Rev.2000) § 32.12, p. 314.

On December 13, 1999, at a meeting of the Board of Directors of the Livable City Initiative and at the recommendation of Fernandez, a vote was taken to acquire the premises at 26-28 Townsend Avenue by eminent domain. Subsequently, on January 3, 2000, the Board of Aldermen approved the taking for the alleged future expansion of the firehouse. On April 4, 2000, the City filed a certificate of taking for the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2003 WL 22481202 (Conn.Super.)
(Cite as: 2003 WL 22481202 (Conn.Super.))

Page 3

property and then on April 12 recorded it in the land records.

The court finds that the plaintiffs have not alleged a sufficient cause of action in negligent taking against Fernandez. Taking all well-pleaded facts and those facts necessarily implied from the allegations in the complaint as admitted, the plaintiffs have set out allegations in count one that Fernandez was the party responsible for the taking by eminent domain of the premises at 26-28 Townsend Avenue when, in fact, it was the Board of Aldermen. Accordingly, the court finds, as a matter of law, count one must be stricken and, therefore, the court need not address the issue of whether Fernandez is entitled to immunity.

### Count Two

The defendants move to strike count two, negligent security of the premises, on the grounds that: (1) the facts alleged therein are mere legal conclusions unsupported by any facts that either Fernandez or the City had possession and control of the premises at 26-28 Townsend Avenue at the time the plaintiffs suffered a loss; (2) Fernandez, as an individual employee of the City, had no possession and control of the premises after they were taken by eminent domain; (3) Fernandez is entitled to qualified immunity; and (4) the loss of the personal property on the premises by a third party is an intervening, superseding cause. The plaintiffs counter by arguing that whether the defendants possessed, controlled and maintained the property at issue is a question of fact that is not appropriately decided on a motion to strike [FN3] and whether the defendants' failure to adequately secure the premises after they took title, possession and control of it was the proximate cause of their harm, and not the intervening criminal acts of a third party. Specifically, the plaintiffs allege that the City filed a certificate of taking for the property and recorded it on the land records on April 12, 2000; that this taking was due to the negligence and carelessness of Fernandez; that the premises were robbed and virtually all of the plaintiffs' items, renovations, and fixtures on the property were stolen or destroyed; and as of April 12, 2000, the premises and furnishings thereon were controlled, possessed, managed or maintained by Fernandez who breached his duty to use reasonable care to secure the premises under his care, custody and control.

> FN3. The plaintiffs have not alleged in any paragraphs of count two that the City possessed, maintained or controlled the property following its taking. This count for negligent supervision appears to be directed at Fernandez as the party alleged to be in possession and control of the property. During the oral argument, moreover, the plaintiffs did not make any claims that this count was directed at the City.

*3 "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Maffucci v. Royal Park Ltd Partnership*, 243 Conn. 552, 566, 707 A.2d 15 (1998). "Recovery of damages in negligence requires proof by a fair preponderance of the evidence that the actor owed a duty of care to the victim, which was breached by the actor's failure to meet the standard of care arising therefrom and that the breach was the proximate cause of actual harm suffered by the victim." *Coburn v. Lenox Homes, Inc.*, 186 Conn. 370, 372, 441 A.2d 620 (1982).

Construing the facts in the complaint most favorably to the plaintiffs, the court finds, on the allegations set out in the second count, that the plaintiffs fail to state a cause of action of negligent security against Fernandez. The court finds further that Fernandez owed no duty of care, as a matter of law, to the plaintiffs, because he was neither in control or possession nor did the taking of the property and, therefore, has no liability for the failure to use reasonable care to secure the premises. [FN4]

> FN4. Since the concept of a legal duty owed is dispositive of count two, the court will not address the question of qualified immunity for Fernandez or the argument of an intervening cause.

The motion to strike count two is granted.

### Count Three

The defendants move to strike count three against the City for indemnification pursuant to General Statutes § 7-465 for the alleged negligence of its employee, Fernandez. The defendants claim under

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01350-CFD   Document 58-15   Filed 02/28/2005   Page 4 of 8

Not Reported in A.2d
2003 WL 22481202 (Conn.Super.)
(Cite as: 2003 WL 22481202 (Conn.Super.))

Page 4

the statute the City's liability is derivative, and if Fernandez is not negligent in counts one and two of the complaint, then the City is not obligated for indemnification. The plaintiffs counter that reading " § 7-465 in conjunction with § 52-557n requires municipalities to indemnify employees for negligent conduct." The plaintiffs maintain that even if the negligence count against Fernandez is stricken, they still have a claim for indemnification under § 52-557n because of the interpretation of that statute in *Spears v. Garcia,* 263 Conn. 22, 818 A.2d 37 (2003), which allows a direct action against a municipality for the negligence of any of its employees. [FN5]

> FN5. The court notes that the plaintiffs have alleged in count three that only § 7-465, and not § 52-557n, allows them to bring an action against the city for indemnification. The additional argument by the plaintiffs in their memorandum in opposition as to § 52-557n does not comport with the procedure set forth in the Practice Book §§ 10-1 and 10-3. The plaintiffs have alleged in count four, and it has been addressed by the court in the discussion thereunder, as to whether § 52-557n provides them with a cause of action for indemnification against the city.

"Section 7-465, although entitled [a]ssumption of liability for damage caused by employees, imposes no liability upon a municipality for breach of any statutory duty of its own ... The obligation imposed by this statute is indemnification for the legal liability arising out of certain tortious conduct of the municipal employee ... The municipality's liability is derivative." (Citations omitted; internal quotation marks omitted.) *Ahern v. New Haven,* 190 Conn. 77, 82, 459 A.2d 118 (1983). "A plaintiff bringing suit under ... § 7-465 first must allege in a separate count and prove the *employee's* duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the [municipality's] liability by indemnification ... Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Wu v. Fairfield,* 204 Conn. 435, 438, 528 A.2d 364 (1987). "While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance." (Internal quotation marks omitted.) *Fraser v. Henninger,* 173 Conn. 52, 56, 376 A.2d 406 (1977). "A claim under § 7-465 should contain [therefore], two counts, one against the agent, and the second against the municipality in indemnification." (Citation omitted.) *Caruso v. Milford,* 75 Conn.App. 95, 100 n. 5, 815 A.2d 167, cert. denied, 263 Conn. 907, 819 A.2d 838 (2003).

*4 In count two, the plaintiffs alleged a cause of action in negligence against Fernandez, which has been stricken. Without a valid claim in negligence against a municipal employee, no derivative liability can be imposed on the municipality in an action for indemnification under § 7-465. *Wu v. Fairfield, supra.* The court finds, therefore, that the motion to strike the third count is granted.

Count Four

The defendants move to strike count four, brought pursuant to § 52-557n, against the City and the Livable City Initiative, on the ground that the allegations with respect to the taking of 26-28 Townsend Avenue by eminent domain describe a governmental function involving the exercise of discretion or supervision for which the City and the Livable City Initiative are provided with governmental immunity. [FN6] In their memorandum of law, the defendants argue that (1) common-law governmental immunity remains a viable immunity under § 52-557n for discretionary acts notwithstanding this statute's language in subsection (a)(1)(A) and the recent case, *Spears v. Garcia, supra,* that abrogated governmental immunity for negligence by municipalities under certain circumstances; (2) the express language in § 52-557n subsection (a)(2)(B), which exempts liability for "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law" supports the premise that governmental immunity exists for discretionary, not ministerial, acts performed by the municipality; and (3) the City is immune from liability under § 52-557n(b)(5), because an eminent domain proceeding

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01350-CFD     Document 58-15     Filed 02/28/2005     Page 5 of 8

Not Reported in A.2d
2003 WL 22481202 (Conn.Super.)
(Cite as: 2003 WL 22481202 (Conn.Super.))

Page 5

is a judicial proceeding. [FN7]

> FN6. Generally, "governmental immunity must be raised as a special defense in the defendant's pleadings ... Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded [under Practice Book § 10-50]." (Citation omitted; internal quotation marks omitted.) *Westport Taxi Service, Inc. v. Westport Transit District,* 235 Conn. 1, 24, 664 A.2d 719 (1995). "Thus, a motion to strike ordinarily is an improper method for raising a claim of governmental immunity ... however ... where it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant is not required to plead governmental immunity as a special defense and may attack the legal sufficiency of the complaint through a motion to strike." *Doe v. Board Of Education,* 76 Conn.App. 296, 299 n. 6, 819 A.2d 289 (2003). The court finds that in the present case, it may consider the defendants' claim of governmental immunity on a motion to strike, because it is apparent from the face of the complaint that a taking by eminent domain is a governmental function.

> FN7. Section 52-557n(b) provides in relevant part: "Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: ... (5) the initiation of a judicial or administrative proceeding, provided that such action is not determined to have been commenced or prosecuted without probable cause or with a malicious intent to vex or trouble ..."

The plaintiffs claim in opposition that count four is legally sufficient based on the holding in *Spears v. Garcia, supra,* which by abrogating governmental immunity of a municipality, allows the plaintiffs to bring a direct action against the City for the negligence of its employees. The plaintiffs further maintain that whether the eminent domain proceeding was initiated without probable cause is a question of fact unable to be resolved in a motion to strike.

"[I]t is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function ... This court has previously stated that [a] municipality itself was generally immune from liability for its tortious acts at common law ... We have also recognized, however, that governmental immunity may be abrogated by statute. Thus, the general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." (Citations omitted; internal quotation marks omitted.) *Williams v. New Haven,* 243 Conn. 763, 766-67, 707 A.2d 1251 (1998). The court in *Spears* addressed the issue of governmental immunity and "whether § 52-557n permits a plaintiff to bring a direct cause of action in negligence against a municipality." *Spears v. Garcia, supra,* at 263 Conn. 28. "Th[e] language [of § 52-557n] clearly and expressly abrogates the traditional common-law doctrine in this state that municipalities are immune from suit for torts committed by their employees and agents ... The presence of the savings clause, 'except as otherwise provided by law,' pertains only to state and federal statutes, not to the common law ... Therefore, the legislature has manifested its intention to abrogate governmental immunity under the statute." (Citations omitted; internal quotation marks omitted.) *Id.,* at 29.

*5 "The [common-law] doctrines that determine the tort liability of municipal employees are well established. Although historically [a] municipality itself was generally immune from liability for its tortious acts at common law, ... [municipal] employees faced the same personal tort liability as private individuals ... [T]he doctrine of [qualified] immunity provides some exceptions to the general rule of tort liability for municipal employees ... Generally, a municipal employee is liable for the misperformance of ministerial acts, but has qualified immunity in the performance of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01350-CFD    Document 58-15    Filed 02/28/2005    Page 6 of 8

Not Reported in A.2d
2003 WL 22481202 (Conn.Super.)
(Cite as: 2003 WL 22481202 (Conn.Super.))

Page 6

governmental acts ... Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature ... In contrast, [m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment ..." (Citations omitted; internal quotation marks omitted.) *Id.*, at 36.

"A municipal employee's immunity for the performance of discretionary governmental acts is, however, qualified by three recognized exceptions: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm ... second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws ... and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence ... Thus, [t]he presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." (Citations omitted; internal quotation marks omitted.) *Id.*

"In light of these principles, we reject the defendants' claim that permitting a direct cause of action against the municipality under § 52-557n, which does not require that an employee be named as the tortfeasor, would essentially destroy the defense of qualified immunity ... When a municipal employee is sued, he or she may assert qualified immunity as a common-law defense ... This defense is intended to protect the employee, not the municipality that otherwise is cloaked with its own immunity express statutory abrogation. While a benefit accrues to the municipality when the employee successfully establishes qualified immunity, by permitting the municipality to avoid liability for indemnification, the defense is intended to benefit the employee in the exercise of his or her governmental duties." *Id.*, at 37.

*Spears v. Garcia, supra,* stands for the proposition that § 52-557n abrogates the traditional common-law doctrine that municipalities are immune from suit for torts committed by their employees and agents except for the liability of acts or omissions of any employee or agent that involves the exercise of judgment or discretion excluding the above-enumerated three exceptions. [FN8] The court finds that pursuant to § 52-557n(a)(1) and the holding of *Spears,* a direct cause of action is permitted against the City. Because the present case involves a condemnation proceeding, this court must determine whether the City is not liable under subsection (b) of § 52-557n.

> FN8. The court notes that no appellate cases have relied yet on *Spears* for its holding. Two superior court cases have cited to its holding without discussion: *Santos v. Hillerich & Bradsby Co.,* Superior Court, complex litigation docket at New London, Docket No. X04 CV02 01266805 (July 14, 2003, Quinn, J.), and *Martinez v. Rivera,* Superior Court, judicial district of Hartford, Docket No. CV 02 0817261, 34 Conn. L. Rptr. 622 (May 21, 2003, Stengel, J.). Three superior court cases have discussed the reasoning of *Spears* and applied it: *Ritter v. Town of Westport,* judicial district of Stamford-Norwalk at Stamford, Docket No. CV 00 0178892 (June 12, 2003, Lewis, J.T.R.); *Johnson v.. City of New Haven,* judicial district of New Haven at Meriden, Docket No. CV 02 0282191 (May 28, 2003, Wiese, J.); *Sadowski v. Fairfield Board of Education,* judicial district of Fairfield at Bridgeport, Docket No. CV 02 393632 (May 6, 2003, Thim, J.); *Savinelli v. East Haven Board of Education,* Superior Court, judicial district of New Haven, Docket No. CV 02 0468383 (April 28, 2003, Arnold, J.).

*6 In analyzing the text of § 52-557n, the court has stated: "[Section] 52-557n, entitled 'Liability of political subdivision and its employees, officers and agents,' contains two subsections. Subsection (a) sets forth general principles of municipal liability and immunity, while subsection (b) sets forth [ten] specific situations in which both municipalities and their officers are immune from tort liability." (Internal quotation marks omitted.) *Elliott v. Waterbury,* 245 Conn. 385, 394-95, 715 A.2d 27 (1998). This statement is consistent with the conclusions reached in *Spears.* Notwithstanding its holding that § 52-557n(a)(1) "clearly and expressly abrogates the traditional common-law doctrine in this state that municipalities are immune from suit

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01350-CFD   Document 58-15   Filed 02/28/2005   Page 7 of 8

Not Reported in A.2d
2003 WL 22481202 (Conn.Super.)
(Cite as: 2003 WL 22481202 (Conn.Super.))

Page 7

for torts committed by their employees and agents," the court noted, "subsection (b) of § 52-557n, which references subsection (a), sets forth many exceptions under which an injured party may not pursue a direct action in negligence against a municipality." *Spears v. Garcia, supra,* 263 Conn. at 29, 33.

The court finds that in the present case under subsection (b)(5) of § 52- 557n, the City has immunity from liability for the initiation of an administrative or judicial proceeding such as eminent domain [FN9] unless it was commenced without probable cause or with malicious intent, which the plaintiffs have not alleged sufficiently. [FN10] The motion to strike count four is granted.

> FN9. The taking of property by eminent domain is an administrative proceeding for which the City enjoys immunity under § 52-557n(b)(5). See *Commissioner of Transportation v. Connemara Ct., L.L.C.,* 46 Conn.Sup. 623, 763 A.2d 696, 27 Conn. L. Rtpr.479 (2000).

> FN10. The court notes that the plaintiffs allege that the eminent domain proceeding was initiated without probable cause and with the malicious intent to vex or trouble them is a question of fact that cannot be decided on a motion to strike. In support of that allegation, the plaintiffs rely on paragraph eleven of the complaint that states: "Said taking was not for a public purpose, and was made in bad faith." "A motion to strike ... does not admit *legal conclusions or the truth or accuracy of opinions* stated in pleadings." (Emphasis in original: internal quotation marks omitted.) *Faulkner v. United Technologies Corp.,* 240 Conn. 576, 588, 693 A.2d 293 (1997). The court will not address this argument by the plaintiffs inasmuch as they fail to allege facts in support of their legal conclusions.

### Count Five

The defendants move to strike count five for failure to state a cause of action under 42 U.S.C. § 1983 on the grounds that: (1) the plaintiffs do not state any official policy responsible for the alleged deprivation of their constitutional rights; (2) Fernandez is not the official responsible for the establishment of a policy; (3) a claim for respondeat superior cannot be maintained under § 1983; and (4) the taking of real property by eminent domain is a legislative function for which the defendants are entitled to legislative immunity. [FN11] The plaintiffs counter that whether a municipality is responsible for the alleged negligent acts of the local government under § 1983, depends on if the acts represent an official policy of the municipality, which are questions of fact that cannot be decided on a motion to strike. The plaintiffs contend also that additional "discovery is necessary to determine whether the actions of one or more of the municipal employees involved were part and parcel of the official policy" of the City.

> FN11. Section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or emission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

"To state a cause of action under 1983, a plaintiff must allege that a deprivation of federal rights has occurred under color of any statute, ordinance, regulation, custom or usage ... [T]he touchstone of [a] 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution ... [M]unicipal liability under 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by city policymakers ... In addition, 1983 also authorizes suit "for constitutional deprivations visited pursuant to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-01350-CFD    Document 58-15    Filed 02/28/2005    Page 8 of 8

Not Reported in A.2d
2003 WL 22481202 (Conn.Super.)
(Cite as: 2003 WL 22481202 (Conn.Super.))

Page 8

governmental custom even though such a custom has not received formal approval through the body's official decision making channels ... Therefore, [our courts have] properly held that to state a valid cause of action under 1983, the plaintiff's complaint must allege a policy or custom that resulted in a deprivation of a constitutional right." (Citations omitted; internal quotation marks omitted.) *Tedesco v. Stamford,* 215 Conn. 450, 456-57, 576 A.2d 1273 (1990). "A municipality may not be sued under § 1983 for an injury afflicted solely by its employees or agents. It is well settled that a municipality may not be held liable under § 1983 solely on a respondeat superior basis." *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

*7 The plaintiffs do not allege that any official policy or custom was responsible for their claimed constitutional violations: The court finds, therefore, that the plaintiffs have failed to state a cause of action for the alleged deprivation of any constitutional rights pursuant to § 1983 and, also, cannot prevail under § 1988. [FN12] The request by the plaintiffs for additional discovery is irrelevant to a motion to strike, which is based on the sufficiency of factual allegations on the face of the complaint. The motion to strike the fifth count is granted.

> FN12. Section 1988 provides in pertinent part, "in any action or proceeding to enforce a provision of [section] ... 1983 the court, in its discretion, may allow the prevailing party ... a reasonable attorneys fee as part of the costs." 42 U.S.C. § 1988.

### Count Six
The defendants move to strike count six, a claim for intentional infliction of emotional distress, on the ground that the plaintiffs have not alleged any extreme and outrageous conduct by Fernandez, and that the claim relies on allegations of negligence. The plaintiffs counter by arguing that whether the actions of one or more employees of the City can support a claim for intentional infliction of emotional distress are questions of fact and require further discovery.

At the short calendar hearing on the motion, the plaintiffs conceded that they failed to allege in their complaint any "intentional, outrageous, or extreme" conduct by the defendants. On that basis, the court finds that the plaintiffs have failed to state a claim for intentional infliction of emotional distress and grants the motion to strike count six.

### CONCLUSION
For the foregoing reasons, the court hereby grants the motion to strike counts one through six.

Licari, J.

2003 WL 22481202 (Conn.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.