*EXHIBIT A*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
*********************************************
                                            *
KRISTEN EJCHORSZT                           *
                                            *
                                            *
VS.                                         *
                                            *
                                            *       CASE NUMBER:
JAMES F. DAIGLE, JR.;                       *       3: 02CV1350 (CRD)
LOUIS J. FUSARO, Chief of Police            *
MARK LOUNSBURY; POLICE                      *
DEPARTMENT OF THE CITY OF                   *
NORWICH, AND CITY OF NORWICH                *
                                            *
*********************************************
```

### PLAINTIFF'S INTERROGATORIES TO DEFENDANTS LOUIS FUSARO, MARK LOUNSBURY, CITY OF NORWICH, NORWICH POLICE DEPARTMENT

The plaintiff hereby requests, Pursuant to Rule 33 of the Federal Rules of Civil Procedure, that the defendants LOUIS FUSARO, MARK LOUNSBURY, CITY OF NORWICH, and NORWICH POLICE DEPARTMENT, answer, in writing, under oath, the following interrogatories within 30 days from the date hereof or such other time as the court may direct.

I.   **INSTRUCTIONS**

In responding to these interrogatories, you shall furnish all information available to you, including information in the possession of your investigators and all persons acting on your behalf, and not merely such information known of your own personal knowledge. If you cannot respond to these interrogatories in full after exercising due diligence to secure the information requested, you shall so

1

state and answer to the extent possible, specifying the nature of your inability to fully comply.

Questions regarding the interpretation of the interrogatories should be resolved in favor of the broadest possible construction.

The interrogatories which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the responses now given. Such supplementary responses are to be filed and served upon counsel within thirty (30) days after the receipt of such information or documents.

## II.    DEFINITIONS

As used herein, the following terms shall have the meanings indicated below:

1.    **Communication:** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries **or** otherwise).

2.    **Document:** The term "document" means any written, recorded, taped, graphic or other information whether produced, reproduced or stored on paper, cards, tapes, disks, belts, charts, films, computer storage devices or any other medium and includes, but is not limited to, information in the form of books, pamphlets, reports, studies, statements, speeches, notebooks, applications, agreements, appointment calendars, working papers, contracts, memoranda, notes, records, correspondence or diaries. "Document" means originals and all non-identical copies, whether the copy is non-identical because it is a draft,

because it has alterations, attachments, blanks, comments, notes, underlining, or any other difference from the original or final version of the document.  A document with handwritten or typewritten notes, editing, or other markings is not and shall not be deemed identical to one without such notes, marks, etc.

    3.    When referring to documents **"identify"** means to provide to the extent known, information about the (1) type of document; (2) its general subject matter; (3) the date of the document; and (4) author(s), addressee(s) and recipient(s).

    4.    **Parties**.  The terms "**plaintiff**" and "**defendant**" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party of the litigation.

    5.    **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

    6.    **All/Each**. The terms "all" and "each" shall both be construed as all and each.

    7.    **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

    8.    **Number**. The use of the singular form of any word includes the plural and vice versa.

9. **Identify** (with respect to Persons). When referring to a person, to "Identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment and job title. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. **Person**. The tem "person" is defined as any natural person, or any business, legal or governmental entity or association.

11. The use of a verb in any tense shall be construed as the use of a verb in all other tenses, wherever necessary to bring within the scope of the specification all responses which might otherwise be construed to be outside its scope.

12. "**You**" and "**your**" mean the person or party to whom the interrogatory is addressed and to the member(s), director(s), officer(s), employee(s), agent(s), representative(s) and attorney(s) of that person or party.

13. "**Police Department**" refers to the Norwich Police Department, unless the context clearly indicates otherwise.

**III. INTERROGATORIES:**

    1.   Identify all persons who furnished information in answering these interrogatories, stating as to each such person:

    (a) name;
    (b) home address;
    (c) business address;
    (d) home telephone number;
    (e) business/work telephone number; and
    (f) the interrogatories for which information he/she provided.

**ANSWER:**

    2.   Identify all persons known to you who have information relating to or concerning, whether in whole or in part, the allegations in the complaint, stating as to each such person:

    (a) name;
    (b) home address;
    (c) business address;
    (d) home telephone number;
    (e) business/work telephone number; and
    (f) each and every fact known to such person.

**ANSWER:**

3. Identify all persons participating in the sting operation on November 30, 2001, stating as to each:

(a) name;
(b) home address;
(c) business address;
(d) home telephone number;
(e) business/work telephone number; and
(f) badge number, if a police officer.

**ANSWER:**

4. Identify each and every person involved in planning the alcohol sting operation that was to take place on November 30, 2001, stating as to each such person:

(a) name;
(b) home address;
(c) business address;
(d) home telephone number;
(e) business/work telephone number; and
(f) badge number, if a police officer.

**ANSWER:**

      5.    Identify each and every person whose duty it was to supervise the underage alcohol sting operations conducted by the Norwich Police, stating as to each:

    (a) name;
    (b) home address;
    (c) business address;
    (d) home telephone number;
    (e) business/work telephone number;
    (f) badge number, if a police officer:
    (g) job title or position; and
    (h) duties with respect to the sting operation(s).

**ANSWER:**

      6.    Identify each and every person involved in planning the underage alcohol sting operation conducted by the Norwich Police on November 30, 2001, stating as to each such person:

    (a) name;
    (b) home address;
    (c) business address;
    (d) home telephone number;
    (e) business/work telephone number;
    (f) badge number, if a police officer:
    (g) job title or position; and
    (h) duties with respect to the sting operation(s).

**ANSWER:**

      7.    Identify each and every person participating in the underage alcohol sting operations conducted by the Norwich Police on November 30, 2001, stating as to each such person:

    (a) name;
    (b) home address;
    (c) business address;
    (d) home telephone number;
    (e) business/work telephone number;
    (f) badge number, if a police officer:
    (g) job title or position; and
    (h) duties with respect to the sting operation(s).

**ANSWER:**

      8.    Identify each and every document relating to or concerning, whether in whole or in part, the protocols or practices to be followed by police in the conduct of underage alcohol sting operations, including but not limited to operations utilizing civilians.

**ANSWER:**

      9.    State each and every step taken to secure the contents of Janes Daigle's desk and computer hard drive, and any police department camera, commencing at the time of Kristen Ejchorszt's complaint about the purported sting operation to Chief Fusaro, stating the date of each such step.

**ANSWER:**

      10.    State the date or dates when the contents of James Daigle's desk and/or his computer hard drive were searched subsequent receipt of the plaintiff's complaint about his conduct to Chief Fusaro.

**ANSWER:**




11. State whether photographs of nude or partially clothed women were found on the Police department premises subsequent to November 30, 2001.

**ANSWER:**



12. State whether photographs of nude or partially clothed women were found on the Norwich Police Department premises at any time during the five years preceding November 30, 2001, stating the date or time frame any such photographs were found and the location of any such photograph.

**ANSWER:**



13. State all efforts to locate photographs of nude or partially clothed women on the premises of the Norwich police department subsequent receipt of the plaintiff's complaint about his conduct to Chief Fusaro, giving the date of each suck effort.

**ANSWER:**

      14.    Identify all persons interviewed as part of the investigation of James Daigle, stating as to each such person:

    (a) name;
    (b) home address;
    (c) business address;
    (d) home telephone number;
    (e) business/work telephone number; and
    (f) badge number, if a police officer.

**ANSWER:**


      15.    Identify all persons with knowledge of sexually suggestive photographs of woman, or photographs or partially clothed or nude women shown by James Daigle to employees of the Norwich Police Department, stating as to each such person:

    (a) name;
    (b) home address;
    (c) business address;
    (d) home telephone number;
    (e) business/work telephone number; and
    (f) badge number, if a police officer.

**ANSWER:**


      16.    Identify all employees of the Norwich Police Department who witnessed James Daigle show sexually suggestive photographs of woman, or photographs or partially clothed or nude women to any person, stating as to each such person:

    (a) name;
    (b) home address;
    (c) business address;
    (d) home telephone number;
    (e) business/work telephone number; and
    (f) badge number, if a police officer.

**ANSWER:**

                RESPECTFULLY SUBMITTED,

                THE PLAINTIFF,
                Kristen Ejchorszt

BY:               _____
                BARBARA L. COX
                Fed. Bar No. Ct08523
                The Gallagher Law Firm
                1377 Boulevard, P.O. Box 1925
                New Haven, CT 06509
                Tel:  (203) 624-4165; Fax:  (203)865-5598
                Her Attorneys.

***DEFENDANTS' CERTIFICATION***

      This is to certify that I/we
defendants in this action, have read the foregoing answers to interrogatories and state that they are true and accurate to the best of my/our knowledge and belief this _____ day of _____, 2005.

                                                                                     _____

      On the _____ day of _____, 2005, before me, personally appeared _____, who affirmed under oath the truth of the foregoing interrogatories and acknowledged his/her execution of the above document.

                                                                             _____
                                                                             Commissioner of the Superior Court
                                                                             Notary Public

### ***CERTIFICATION OF SERVICE***

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on this date to the following counsel of record:

Melinda A. Powell, Esq.
Beatrice S. Jordon, Esq.
Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Eric P. Daigle, Esq.
James M. Sconzo, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303

                                          _____
                                          BARBARA L. COX