FILED

2005 AUG 16  A 11: 23

DISTRICT COURT
HARTFORD, CT

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | CIVIL ACTION |
| | | NO. 3:02 CV1350 (CFD) |
| V. | : | |
| JAMES F. DAIGLE, JR., LOUIS J. FUSARO, MARK LOUNSBURY, POLICE DEPT. OF THE CITY OF NORWICH, AND THE CITY OF NORWICH | : | AUGUST 15, 2005 |

### OBJECTION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

The defendant, James F. Daigle, Jr., hereby objects to the plaintiff's motion to modify the scheduling order, dated August 1, 2005.

**I.   PROCEDURAL HISTORY**

A review of the Court docket in this matter will find that the action against the named defendants was commenced in Connecticut Superior Court on July 29, 2002. Based on allegations of civil rights violations under 42 U.S.C. § 1983, the defendants removed the action to federal court. Because of the liquidation of the defendants' insurance carrier, a stay was entered on September 11, 2002, which was subsequently extended through January 2004. A Rule 26(f) Report was filed on May 21, 2005 [Doc. 41] and the first Scheduling Order was issued by the Court on July 23, 2004 [Doc. 44] requiring discovery to be completed by January 31, 2005, and dispositive motions to be filed by February 28, 2005.

---

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN & SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

On or about July 23, 2004, the undersigned defendant served interrogatory and production requests on the plaintiff, which were responded to by the plaintiff on July 23, 2004. Subsequently, the plaintiff's deposition was taken by the undersigned counsel on Februay 7, 2005. By motion filed on December 14, 2004 [Doc. 52], all parties agreed to request a modification under the Rule 26 Planning Report, based upon the need to complete continued discovery and also based upon the plaintiff's failure to provide documents in a timely manner. As such, on or about December 23, 2004 [Doc. 53], the Court granted the Motion to Modify the Scheduling Order and required that discovery be completed by April 1, 2005 and dispositive motions be filed by March 1, 2005.

On or about February 28, 2005, the codefendants filed a Motion for Summary Judgment and Memorandum in support of same [Docs. 56, 57]. On or about March 3, 2005, the undersigned defendant requested an extension of time [Doc. 59] to assess whether he would be filing a Motion for Summary Judgment. Based upon the granting of this Motion, the undersigned defendant had until May 1, 2005 to file a Motion for Summary Judgment. The undersigned counsel did not file a Motion for Summary Judgment.

On or about March 23, 2005, plaintiff's counsel requested a continuance of sixty (60) days to obtain fact discovery from the defendants, with an attached affidavit by plaintiff's counsel [Doc. 64]. Subsequently, on or about March 30, 2005, codefense counsel filed an Objection to the Motion for Continuance [Doc. 65]. To this date, the

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Court has not ruled on these outstanding motions. Subsequently, the plaintiff has conducted limited to no discovery in the prosecution of this matter.

## II.  ARGUMENT

Although the plaintiff appears to be requesting a modification in the Scheduling Order, this motion is, in fact, a motion to reopen discovery and to provide additional time for conducting same, as the period to conduct discovery has already passed, and the plaintiff has undertaken no additional discovery whatsoever. The motion by the plaintiff does not meet the burden required by L. Civ. R. 16b:

> The schedule established by the Court for completing discovery, filing dispositive motions and filing a joint trial memorandum shall not be modified **except by further order of the Court on a showing of good cause. The good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for the reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan. The trial ready date will not be postponed at the request of a party except to prevent manifest injustice.** (emphasis added)

The Second Circuit has interpreted Federal Rule of Civil Procedure 16(b)[1] which also contains a good cause requirement for modifying a scheduling order, in the context of amending a Complaint. Parker v. Columbia Pictures Industries, 204 F.3d 326 (2d Cir. 1999). In this context, and despite Rule 15(a) which requires courts to grant leave to amend "freely . . . where justice so requires," the Court stated that:

---

[1] Federal Rule of Civil Procedure 16(b) states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."

– 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree . . . that a finding of "good cause" depends on the diligence of the moving party.

Parker, 204 F.3d at 340. This is because if the Court considered Rule 15(a) without regard to Rule 16(a)'s good faith requirement, it "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." (internal citations omitted) Id.

Moreover, "[d]isregard of the scheduling order would undermine the Court's ability to control its docket, disrupt the agreed upon course of the litigation, and reward the indolent and cavalier. Rule 16 was drafted to prevent this situation, and its standards may not be short-circuited by an appeal to those of Rule 15" (internal citations omitted). Id. See also Commerce Funding Corp. v. Comprehensive Habilitation Svs., Inc., 2005 WL 1765715 (S.D.N.Y., Jul. 25, 2005) (factors to be considered in deciding whether good cause to amend exits focus mainly on the diligence of the movant and include "the reasons for the delay, the interests of justice to be served by the amendment, considerations of judicial economy and any prejudice to the nonmovant."); Miller v. Phillips Bryant Park, LLC, 2005 WL 1812977 (S.D.N.Y., Aug. 1, 2005) (plaintiff is precluded from calling an expert witness at trial because she failed to disclose the expert prior to the close of discovery set by the scheduling order. The court stated that "allowing plaintiff to call this witness would require evisceration of

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the court's scheduling order," which it refused to do just to "suit plaintiff's unorthodox style of litigating.").

As in the cases cited above, the plaintiff has not been diligent in prosecuting this matter. She has had ample time to conduct discovery, yet has failed to do so prior to the expiration of the period of time allowed for discovery by the Scheduling Order. It is clear from the record that the operative discovery deadline in this matter is April 1, 2005. While plaintiff's counsel filed a subsequent motion for continuance of sixty (60) days, that motion was opposed and never ruled upon by the Court. Even if the motion was granted, however, the scheduling order deadline would have only been extended to late May 2005 as a result. The pending motion, filed on August 4, 2005, references plaintiff's counsel's inability to comply with the Scheduling Order due to the demands of other litigation matters, in particular, a civil action tried from May through June 2005. Notwithstanding this, the plaintiff has failed to explain why no discovery has been undertaken by the plaintiff during the 18 month period of time since the Rule 26(f) Report was filed. While the undersigned defendant recognizes that the action was stayed until January of 2004, plaintiff's counsel has had since that time to conduct discovery in this matter. The time to conduct discovery has clearly passed in this matter. As such, the plaintiff has not timely filed the motion to extend time for discovery past May of 2005, even assuming the opposed motion filed in March of 2005 was granted.

-- 5 --

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

As this Court is aware, the Scheduling Order is set for the particular management of the case, to ensure a timely resolution/litigation of the matter. This case was initially filed in July of 2002. The Court should, with reasonable extensions allowed, set forth a strict standard and expect that plaintiff's counsel adhere to the Scheduling Order. The undersigned defendant contends that the plaintiff has not shown good cause as to why she was unable to complete necessary discovery in the past 18 months, nor why she failed to timely file any Motion for Enlargement of Time to extend the discovery prior to the expiration of the discovery period.

**WHEREFORE**, for the foregoing reasons, the undersigned defendant objects to the plaintiff's Motion for the Modification of the Scheduling Order, so that this matter can proceed to trial in accordance with the schedule previously agreed to by all counsel of record.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANT,
JAMES F. DAIGLE, JR.

By _____
Eric P. Daigle of
HALLORAN & SAGE LLP
Fed. Bar #ct23486
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Daigle@halloran-sage.com

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 15th day of August, 2005, I hereby mailed a copy of the foregoing to:

Attorney Barbara L. Cox
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Attorney Beatrice Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Michael J. Cartier, Esquire
Mariani & Reck, LLC
83 Broad Street
New London, CT 06320

Charles K. Norris Esquire
Gordon Chinigo Leone
Maruzo & Basilica
141 Broadway
Norwich, CT 06360

Eric P. Daigle

721460_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105