UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.: 302CV1350 (CFD) |
| v. | : | |
| JAMES F. DAIGLE, JR., ET AL | : | AUGUST 16, 2005 |

**OBJECTION TO PLAINTIFF'S MOTION FOR PERMISSION TO SERVE MORE THAN TWENTY-FIVE INTERROGATORIES**

The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, hereby object to the plaintiff's Motion for Permission to Serve More Than Twenty-Five Interrogatories dated August 1, 2005, for the reasons more fully set forth below.

**I.   PROCEDURAL HISTORY**

By way of history, the plaintiff filed this action by Complaint dated July 15, 2002. These defendants timely removed the case to this Court on August 6, 2002. (See Doc. #1.) Thereafter, several stays were entered due to the pending bankruptcy and liquidation of defendants' insurer, Legion Insurance Company. (See Doc. #11, 14, 20, several endorsement orders, and Doc. #25, 36-39.) The stay was in effect to January 28, 2004. (See Doc. #38.)

ORAL ARGUMENT IS NOT REQUESTED

Upon lifting of the stay, the parties filed their Rule 26(f) Report on May 21, 2004, pursuant to which discovery was to be completed by January 31, 2005. (See Doc. #41.) The Rule 26(f) Report was approved by the Court. (See Doc. #44.) Thereafter, the defendants filed a Motion for Modification of the Rule 26(f) Report to extend the following deadlines: (1) party and fact witness depositions to be completed by February 15, 2005; (2) depositions of the defendants' experts to be completed by April 1, 2005; and (3) dispositive motions to be filed by March 1, 2005. (See Doc. #52.) The defendants' motion was granted by the Court. (See Doc. #53.) Thereafter, on February 28, 2005, defendants, City of Norwich, Fusaro and Lounsbury timely filed their Motion for Summary Judgment. (See Doc. #56-58.) The plaintiff's opposition to said summary judgment motion was due on March 21, 2005.

From the time the stay was lifted on January 28, 2004 through February 15, 2005 when party and fact witness discovery was to be completed, the plaintiff made no attempts to procure written discovery and/or depositions of the defendants. On March 28, 2005, the defendants received the plaintiff's undated interrogatories and production requests served by the plaintiff. On April 6, 2005, the defendants objected to the plaintiff's discovery requests on the basis that they were untimely and sought more than the permitted number of requests. (See Objections to Plaintiff's Instructions, Definitions, Interrogatories and First Request for Production of Documents dated April 6, 2005, attached as **Exhibit A**.)

On the afternoon of August 1, 2005, the undersigned received a voice mail message from plaintiff's counsel indicating her intent to seek an extension of the Scheduling Order, along with a motion for permission to serve the defendants with more than twenty-five interrogatories.  On August 2, 2005, the undersigned faxed a letter to plaintiff's counsel advising that the defendants objected to any such motions.  (See Letter to Attorney Cox dated August, 2, 2005, attached as **Exhibit B**.)  On August 4, 2005, the undersigned received a copy of the plaintiff's motion, indicating that it had been filed on August 1, 2005.

In conjunction with the instant motion, the plaintiff simultaneously filed a Second Motion for Continuance to Conduct Discovery, and a Motion to Modify the Scheduling Order.  The defendants have filed objections to the same.

**II.    ARGUMENT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, a party may not serve more than twenty-five interrogatories, including all discrete subparts, without leave of Court or written stipulation of the parties.  Additionally, pursuant to the Scheduling Order governing the discovery deadlines in this matter, all discovery, with the exception of party and fact witness depositions and defense expert depositions, was to be completed by February 15, 2005.  (See Doc. #52.)

As indicated above, on March 28, 2005, the defendants received the plaintiff's undated interrogatories and production requests served by the plaintiff.  The plaintiff's

discovery requests were served more than one month beyond the discovery deadline. In addition, the discovery requests contained more than twenty-five interrogatories, including all discrete subparts.  The plaintiff did not seek leave of the Court to file the same, nor did the defendants provide a written stipulation agreeing to the same.  As a result, the defendants objected to the plaintiff's discovery requests on the basis that they were untimely and sought more than the permitted number of requests without prior approval of the Court.  (<u>See</u> **Exhibit A**.)

      The plaintiff made absolute no attempt to secure or serve the defendants with any written discovery from the time the stay of these proceedings lifted on January 28, 2004, to the deadline for completion of party and fact witness discovery on February 15, 2005.  In fact, the plaintiff made absolutely no attempt to secure any discovery until after the defendants had filed their summary judgment motion.  The plaintiff should not now be permitted to file the instant discovery requests almost six months beyond the lapse of the discovery deadline.

### III.   CONCLUSION

For the foregoing reasons, the defendants respectfully request that the plaintiff's Motion for Permission to Serve More Than Twenty-Five Interrogatories be denied.

>                    DEFENDANTS,
>                    CITY OF NORWICH, POLICE
>                    DEPARTMENT OF THE CITY OF
>                    NORWICH, LOUIS J. FUSARO and MARK
>                    LOUNSBURY
>
>
>                    By____/s/_Beatrice S. Jordan_____
>                       Beatrice S. Jordan
>                       ct22001
>                       Howd & Ludorf, LLC
>                       65 Wethersfield Avenue
>                       Hartford, CT  06114
>                       (860) 249-1361
>                       (860) 249-766 (Fax)
>                       E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 16th day of August, 2005.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

                                                            _____/s/ Beatrice S. Jordan_____
                                                            Beatrice S. Jordan

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISTEN EJCHORSZT : | NO.: 302CV1350 (CFD) |
| : | |
| v. : | |
| : | |
| JAMES F. DAIGLE, JR., ET AL : | APRIL 6, 2005 |

**OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS, DEFINITIONS, INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 33 and 34, the defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, hereby object to plaintiff's Instructions and Definitions as well as the Interrogatories and First Request for Production as follows:

**GENERAL OBJECTION A**:  These discovery requests were filed after the defendants filed their summary judgment motion and after the fact discovery deadline passed.

Exhibit A

**GENERAL OBJECTION B**: Plaintiff has served more than 25 interrogatories including subparts without seeking the Court's permission. The defendants reserve the right to object to individual requests until plaintiff's motion to conduct discovery is ruled upon.

DEFENDANTS,
CITY OF NORWICH, POLICE DEPARTMENT OF THE CITY OF NORWICH, LOUIS J. FUSARO and MARK LOUNSBURY

By /s/ Melinda A. Powell
Melinda A. Powell
ct17049
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-766 (Fax)
E-Mail: mpowell@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 6th day of April, 2005.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

Melinda A. Powell

# HOWD & LUDORF, LLC

ATTORNEYS AT LAW

BEATRICE S. JORDAN
Ext. 149
bjordan@hl-law.com

65 WETHERSFIELD AVENUE
HARTFORD, CONNECTICUT 06114-1190

(860) 249-1361
(860) 249-7665 (FAX)
www.hl-law.com

August 2, 2005

**Via Facsimile and U.S. Mail**

Barbara L. Cox, Esquire
The Gallagher Law Firm
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Re:   Kristen Ejchorszt v. James F. Daigle, Jr., et al
      H&L File No.: 110-14250

Dear Attorney Cox:

    I am writing in response to your voice mail of August 1, 2005 in which you indicated you intend to seek an extension of the Scheduling Order in this matter, along with a motion for permission from the Court to file more than 25 interrogatories as to my clients. This correspondence serves to advise you that I object to any extension of the Scheduling Order in this matter as discovery has been closed for some time, thus your motion is untimely. In addition, I object to your attempt to obtain the Court's permission now to serve my clients with more than 25 interrogatories in light of the close of discovery.

    As you are aware, we previously objected to your prior motion for extension of time by way of objection dated March 29, 2005. Please note that I will file formal objections to any additional motions for extension of time and/or permission to serve interrogatories which you seek to file in this matter.

    Thank you for your attention to this matter.

Very truly yours,

*Beatrice Jordan*

Beatrice S. Jordan

BSJ/llh
cc:   Eric P. Daigle, Esquire

Exhibit B