UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.: 302CV1350 (CFD) |
| v. | : | |
| JAMES F. DAIGLE, JR., ET AL | : | AUGUST 16, 2005 |

**OBJECTION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER**

The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, hereby object to the plaintiff's Motion to Modify the Scheduling Order dated August 1, 2005, for the reasons more fully set forth below.

**I.   PROCEDURAL HISTORY**

By way of history, the plaintiff filed this action by Complaint dated July 15, 2002. These defendants timely removed the case to this Court on August 6, 2002. (See Doc. #1.) Thereafter, several stays were entered due to the pending bankruptcy and liquidation of defendants' insurer, Legion Insurance Company. (See Doc. #11, 14, 20, several endorsement orders, and Doc. #25, 36-39.) The stay was in effect to January 28, 2004. (See Doc. #38.)

Upon lifting of the stay, the parties filed their Rule 26(f) Report on May 21, 2004, pursuant to which discovery was to be completed by January 31, 2005. (See

ORAL ARGUMENT IS NOT REQUESTED

Doc. #41.)  The Rule 26(f) Report was approved by the Court.  (See Doc. #44.)  Thereafter, the defendants filed a Motion for Modification of the Rule 26(f) Report to extend the following deadlines:  (1) party and fact witness depositions to be completed by February 15, 2005; (2) depositions of the defendants' experts to be completed by April 1, 2005; and (3) dispositive motions to be filed by March 1, 2005.  (See Doc. #52.)  The defendants' motion was granted by the Court.  (See Doc. #53.)  Thereafter, on February 28, 2005, defendants, City of Norwich, Fusaro and Lounsbury timely filed their Motion for Summary Judgment.  (See Doc. #56-58.)  The plaintiff's opposition to said summary judgment motion was due on March 21, 2005.

     From the time the stay was lifted on January 28, 2004 through February 15, 2005 when party and fact witness discovery was to be completed, the plaintiff made no attempts to procure written discovery and/or depositions of the defendants.  On March 28, 2005, the defendants received the plaintiff's undated interrogatories and production requests served by the plaintiff.  On April 6, 2005, the defendants objected to the plaintiff's discovery requests on the basis that they were untimely and sought more than the permitted number of requests.

     By way of motion dated March 22, 2005, almost one month after the defendants filed their summary judgment motion and one day after the plaintiff's deadline to respond to the same, the plaintiff sought a Motion for Continuance to conduct discovery in order to respond to the defendants' Motion for Summary Judgment.  (See

Doc. #64.) The defendants objected to said motion on the basis that it was untimely and improperly before the Court. (See Doc. #65.) Said motions have not yet been ruled on.

On the afternoon of August 1, 2005, the undersigned received a voice mail message from plaintiff's counsel indicating her intent to seek an extension of the Scheduling Order, along with a motion for permission to serve the defendants with more than twenty-five interrogatories. On August 2, 2005, the undersigned faxed a letter to plaintiff's counsel advising that the defendants objected to any such motions. (See Letter to Attorney Cox dated August, 2, 2005, attached as **Exhibit A**.) On August 4, 2005, the undersigned received a copy of the plaintiff's motion, indicating that it had been filed on August 1, 2005.

**II.    ARGUMENT**

Pursuant to Rule 7(b) of the Local Rules, a party seeking an extension of time shall include a statement that they have inquired of opposing counsel as to an agreement or objection to the motion, or made diligent efforts to ascertain the position of opposing counsel.

As noted above, the undersigned received a voice mail message from plaintiff's counsel on the afternoon of August 1, 2005, indicating her intent to seek an extension of the now lapsed Scheduling Order, along with a motion for permission to serve the defendants with more than twenty-five interrogatories. A letter documenting the

defendants' objection to any such motion was faxed to the plaintiff on the very next day, namely August 2, 2005. Thereafter, on August 4, 2005, the defendants received the plaintiff's Motion to Modify the Scheduling Order, indicating that it had been filed on August 1, 2005, the same day as the plaintiff's voice mail message. The plaintiff wholly failed to make any diligent effort to ascertain the defendants' position as to her motion. Rather than affording even a single day for a response from the defendants, the plaintiff simply filed her motion indicating that such diligent efforts had been made.

In addition, the plaintiff's instant motion further misrepresents the defendants' position as to any extension of the Scheduling Order in this matter. Specifically, the plaintiff was on notice that the defendants expressly objected to any such modification or extension of the Scheduling Order based upon defense counsel's prior correspondence of March 24, 2005, as well as the defendants' objection to her prior Motion for Continuance to conduct discovery. (See Doc. #64, 65, and Exhibit A to Doc. #65.)

The plaintiff has presented no just cause for wholly failing to serve or seek any discovery from these defendants, or for failing to file a motion to extend the discovery deadline prior to it passing. Rather, the plaintiff made no attempt to secure any discovery until the Scheduling Order and deadline for filing her opposition to the summary judgment motion had lapsed. The Court should not condone the plaintiff's continued disregard for the Scheduling Order and rules of practice.

### III.  CONCLUSION

For the foregoing reasons, the defendants respectfully request that the plaintiff's Motion to Modify the Scheduling Order be denied.

                              DEFENDANTS,
                              CITY OF NORWICH, POLICE
DEPARTMENT OF THE CITY OF
NORWICH, LOUIS J. FUSARO and MARK
LOUNSBURY

By    /s/ Beatrice S. Jordan
   Beatrice S. Jordan
   ct22001
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-766 (Fax)
   E-Mail: bjordan@hl-law.com

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 16th day of August, 2005.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

       /s/ Beatrice S. Jordan
Beatrice S. Jordan

# HOWD & LUDORF, LLC
## ATTORNEYS AT LAW

BEATRICE S. JORDAN
Ext. 149
bjordan@hl-law.com

65 WETHERSFIELD AVENUE
HARTFORD, CONNECTICUT 06114-1190

(860) 249-1361
(860) 249-7665 (FAX)
www.hl-law.com

August 2, 2005

**Via Facsimile and U.S. Mail**

Barbara L. Cox, Esquire
The Gallagher Law Firm
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Re: Kristen Ejchorszt v. James F. Daigle, Jr., et al
    H&L File No.: 110-14250

Dear Attorney Cox:

I am writing in response to your voice mail of August 1, 2005 in which you indicated you intend to seek an extension of the Scheduling Order in this matter, along with a motion for permission from the Court to file more than 25 interrogatories as to my clients. This correspondence serves to advise you that I object to any extension of the Scheduling Order in this matter as discovery has been closed for some time, thus your motion is untimely. In addition, I object to your attempt to obtain the Court's permission now to serve my clients with more than 25 interrogatories in light of the close of discovery.

As you are aware, we previously objected to your prior motion for extension of time by way of objection dated March 29, 2005. Please note that I will file formal objections to any additional motions for extension of time and/or permission to serve interrogatories which you seek to file in this matter.

Thank you for your attention to this matter.

Very truly yours,

Beatrice S. Jordan

BSJ/llh
cc: Eric P. Daigle, Esquire

Exhibit A