UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.: 302CV1350 (CFD) |
| v. | : | |
| JAMES F. DAIGLE, JR., ET AL | : | AUGUST 16, 2005 |

**OBJECTION TO PLAINTIFF'S SECOND MOTION FOR CONTINUANCE TO CONDUCT DISCOVERY TO RESPOND TO MOTION FOR SUMMARY JUDGMENT**

The defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, hereby object to the plaintiff's Second Motion for Continuance to Respond to Motion for Summary Judgment dated August 1, 2005, for the reasons more fully set forth below.

**I.   PROCEDURAL HISTORY**

By way of history, the plaintiff filed this action by Complaint dated July 15, 2002. These defendants timely removed the case to this Court on August 6, 2002. (See Doc. #1.) Thereafter, several stays were entered due to the pending bankruptcy and liquidation of defendants' insurer, Legion Insurance Company. (See Doc. #11, 14, 20, several endorsement orders, and Doc. #25, 36-39.) The stay was in effect to January 28, 2004. (See Doc. #38.)

ORAL ARGUMENT IS NOT REQUESTED

Upon lifting of the stay, the parties filed their Rule 26(f) Report on May 21, 2004, pursuant to which discovery was to be completed by January 31, 2005.  (See Doc. #41.)  The Rule 26(f) Report was approved by the Court.  (See Doc. #44.)  Thereafter, the defendants filed a Motion for Modification of the Rule 26(f) Report to extend the following deadlines:  (1) party and fact witness depositions to be completed by February 15, 2005; (2) depositions of the defendants' experts to be completed by April 1, 2005; and (3) dispositive motions to be filed by March 1, 2005.  (See Doc. #52.)  The defendants' motion was granted by the Court.  (See Doc. #53.)  Thereafter, on February 28, 2005, defendants, City of Norwich, Fusaro and Lounsbury timely filed their Motion for Summary Judgment.  (See Doc. #56-58.)  The plaintiff's opposition to said summary judgment motion was due on March 21, 2005.

From the time the stay was lifted on January 28, 2004 through February 15, 2005 when party and fact witness discovery was to be completed, the plaintiff made no attempts to procure written discovery and/or depositions of the defendants.  On March 28, 2005, the defendants received undated interrogatories and production requests served by the plaintiff.  On April 6, 2005, the defendants objected to the plaintiff's discovery requests on the basis that they were untimely and sought more than the permitted number of requests.

By way of motion dated March 22, 2005, almost one month after the defendants filed their summary judgment motion and one day after the plaintiff's deadline to

respond to the same, the plaintiff sought a Motion for Continuance to conduct discovery in order to respond to the defendants' Motion for Summary Judgment. (See Doc. #64.) The defendants objected to said motion on the basis that it was untimely and improperly before the Court. (See Doc. #65.) Said motions have not yet been ruled on.

On the afternoon of August 1, 2005, the undersigned received a voice mail message from plaintiff's counsel indicating her intent to seek an extension of the Scheduling Order, along with a motion for permission to serve the defendants with more than twenty-five interrogatories. On August 2, 2005, the undersigned faxed a letter to plaintiff's counsel advising that the defendants objected to any such motions. (See Letter to Attorney Cox dated August, 2, 2005, attached as **Exhibit A**.) On August 4, 2005, the undersigned received a copy of the plaintiff's motion, indicating that it had been filed on August 1, 2005, and stating that additional time was needed to complete discovery in order to respond to the defendants' summary judgment motion, and further that the defendants have resisted in complying with the plaintiff's discovery requests.

II.    <u>ARGUMENT</u>

Pursuant to Rule 7(b) of the Local Rules, a party seeking an extension of time shall include a statement that they have inquired of opposing counsel as to an agreement or objection to the motion. The plaintiff has, once again, wholly failed to

comply with the same, and apparently seeks to renew her prior Motion for Continuance which was objected to by the defendants. (See Doc. #64, 65.)

As noted above, the undersigned received a voice mail message from plaintiff's counsel on the afternoon of August 1, 2005, indicating her intent to seek an extension of the now lapsed Scheduling Order, along with a motion for permission to serve the defendants with more than twenty-five interrogatories. The message made no reference of any intent to seek a continuance in order to conduct discovery to respond to the pending summary judgment motion. The plaintiff's instant motion makes no reference that the plaintiff attempted to ascertain any objection or consent of the defendants in this regard, or that the plaintiff made diligent efforts to obtain such information from the defendants in violation of Local Rule 7(b). Accordingly, the plaintiff's motion is improperly before this Court.

Moreover, as previously argued by the defendants in their objection to the plaintiff's May 22, 2005 Motion for Continuance, the Scheduling Order governing the completion of discovery in this matter has lapsed. The plaintiff has presented no just cause for wholly failing to serve or seek any discovery from these defendants, or for failing to file a motion to extend the discovery deadline prior to it passing. Rather, the plaintiff made no attempt to secure any discovery until the Scheduling Order and deadline for filing her opposition to the summary judgment motion had lapsed. The

Court should not condone the plaintiff's continued disregard for the Scheduling Order and rules of practice.

**III.    CONCLUSION**

For the foregoing reasons, the defendants respectfully request that the plaintiff's Motion for Continuance to conduct discovery be denied.

                    DEFENDANTS,
                    CITY OF NORWICH, POLICE
                    DEPARTMENT OF THE CITY OF
                    NORWICH, LOUIS J. FUSARO and MARK
                    LOUNSBURY

By    /s/ Beatrice S. Jordan
   Beatrice S. Jordan
   ct22001
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-766 (Fax)
   E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 16th day of August, 2005.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

                                                                       /s/ Beatrice S. Jordan
                                                   Beatrice S. Jordan

# HOWD & LUDORF, LLC
## ATTORNEYS AT LAW

BEATRICE S. JORDAN
Ext. 149
bjordan@hl-law.com

65 WETHERSFIELD AVENUE
HARTFORD, CONNECTICUT 06114-1190

(860) 249-1361
(860) 249-7665 (FAX)
www.hl-law.com

August 2, 2005

**Via Facsimile and U.S. Mail**

Barbara L. Cox, Esquire
The Gallagher Law Firm
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Re: Kristen Ejchorszt v. James F. Daigle, Jr., et al
H&L File No.: 110-14250

Dear Attorney Cox:

I am writing in response to your voice mail of August 1, 2005 in which you indicated you intend to seek an extension of the Scheduling Order in this matter, along with a motion for permission from the Court to file more than 25 interrogatories as to my clients. This correspondence serves to advise you that I object to any extension of the Scheduling Order in this matter as discovery has been closed for some time, thus your motion is untimely. In addition, I object to your attempt to obtain the Court's permission now to serve my clients with more than 25 interrogatories in light of the close of discovery.

As you are aware, we previously objected to your prior motion for extension of time by way of objection dated March 29, 2005. Please note that I will file formal objections to any additional motions for extension of time and/or permission to serve interrogatories which you seek to file in this matter.

Thank you for your attention to this matter.

Very truly yours,

Beatrice Jordan

Beatrice S. Jordan

BSJ/llh
cc: Eric P. Daigle, Esquire

Exhibit A