UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 NOV 29 A 9:40

| | |
|---|---|
| KRISTEN EJCHORSZT | |
| VS. | |
| JAMES F. DAIGLE, JR.; <br> LOUIS J. FUSARO, Chief of Police <br> MARK LOUNSBURY; POLICE <br> DEPARTMENT OF THE CITY OF <br> NORWICH; AND CITY OF NORWICH | CASE NUMBER: <br> 3: 02CV1350 (CRD) |

## OBJECTION TO MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW

The plaintiff, Kristen Ejchorszt, respectfully objects to the defendants' motion for protective order as set forth below.

**I.    INTRODUCTION**

This is an action arising out of the misconduct of a police officer, defendant James F. Daigle, Jr., a detective lieutenant with the defendant Norwich Police Department. Daigle recruited the plaintiff to assist the Norwich Police Department in an undercover, underage alcohol purchase "sting" operation. On the evening of the purported "sting" operation, Daigle required the plaintiff to pose for photographs in the nude from the waist up, under the pretext that such photographs were necessary police protocol in sting operations.

There are at least two other lawsuits pending in this district against these

1

same defendants, based on virtually the same conduct by Daigle. Those cases are Wilson v. Norwich, Docket no. 3:02-CV-01026 (CFD) and Earl v. Daigle, Docket no. 3:03-CV-01323 (SRU). All three related cases were initiated in state court and removed by the municipal defendants to this Court on the basis of federal question jurisdiction. The defendants in all three cases are represented by the same defense attorneys.

## II.    BASIS OF OBJECTION TO PROPOSED PROTECTIVE ORDER

**(a)    The protective order should be denied for lack of a showing of good cause.**

Rule 26(c) of the Federal Rules of Civil Procedure requires a showing of good cause for the entry of a protective order.

> Protective orders. Upon motion by a party or by the person for whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, *and for good cause shown*, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ....

F.R.Civ.P. 26(c) (emphasis added)

"Where the discovery is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)(internal punctuation omitted); accord Penthouse International, Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 391 (2d Cir. 1981); In re PE Corp. Securities Litigation, 221 F.R.D. 20, 26 (D. Conn. 2003). "To establish good cause under Rule 26(c), courts require a 'particular and specific demonstration

2

of fact, as distinguished from stereotyped and conclusory statements.'" PE Corp.

Securities Litigation, 221 F.R.D. 20, 26.

> Rule 26(c) places the burden of persuasion on the party seeking the protective order to overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the ... test.

H. Lewis Packaging, LLC v. Spectrum Plastics, Inc., No. Civ. 3:02 CV 2259 (PCD), 2003 WL 223051148 (D. Conn., August 10, 2003) at *3 (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

The defendants have made no showing of good cause, as required by Rule 26 (c). They have failed to demonstrate why a blanket protective order should issue in this case. They have failed to substantial their claims that the documents the plaintiff has demanded are "highly sensitive" or "confidential." They have, moreover, offered no basis for their contention about the history of civilian complaints about the Norwich Police Department, a public entity, should be subject to a protective order. Defendants have not made the requisite specified showing that there exists good cause for the entry of a protective order in this case. Consequently, the motion for protective order should be denied.

**(b)   There is insufficient cause for prohibiting disclosure of documents and information to counsel for plaintiffs in the Earl and Wilson cases.**

The defendants have offered no demonstration of good cause for limiting the use of information obtained from defendants in discovery to the instant case. The effect of Paragraphs 5(a) and (d) of the proposed protective order would be to

3

prohibit the undersigned counsel from sharing information with counsel for Earl and Wilson, plaintiffs with similar claims arising out of virtually the identical conduct against these same defendants. The defendants have not advanced any reason why plaintiffs in these related cases should not be able to share information obtained from these defendants in discovery. To the contrary, permitting similarly situated plaintiffs to share the fruits of discovery obtained from their common defendants promotes full and fair disclosure and advances the policies informing the federal rules of civil procedure.

A number of courts have rejected requests to limit the use of discovery to the litigation in which it was initially obtained on the ground that such limitation runs afoul of the admonition of F.R.Civ.P 1 that the rules "'be construed to secure the just, speedy, and inexpensive determination of every action.'" Cipollone v. Liggett Group, Inc., 113 F.R.D. 86, 90-91 (D. N.J. 1996, aff'd. 822 F.2d 335 (3d Cir. 1997), cert. denied, 484 U.S. 967 (1987)); Wilk v. American Medical Association, 635 F.2d 1295, 1299 (7th Cir. 1980).

Where the discovery sought is relevant to the claims in the case, "the mere fact that it may be used in other litigation does not mandate a protective order." Dove, 963 F.2d 19 (citing Cipollone v. Liggett Group, supra with approval).

> "So long as the initial litigation has not itself been instituted in bad faith for the purpose of obtaining documents for other actions, and so long as the interests of those represented in the initial litigation are being fully and ethically prosecuted, the Federal Rules do not foreclose the collaborative use of discovery."

Cipollone, 113 F.R.D. 91.

4

The defendants have not established any good cause for prohibiting the plaintiff in this action from sharing the fruits of discovery with plaintiffs advancing similar claims against these defendants. The Court should deny the protections sought in paragraph 5(a) and 5(d) for the reasons that there is no good cause for imposing those limitations on discovery, and such limitations are inconsistent with the policies underlying F.R.Civ.P. 1.

### (c) The defendants have not established good cause for their proposed redaction of social security numbers, personal addresses and phone numbers of police force personnel.

The defendants have not advanced any reason for withholding the social security number, address and phone numbers of police for personnel. First, defendants' desire to withhold the addresses of police force members, runs counter to the local rules of this district, which require identification of persons to provide a natural person's address. D. Conn. Local Rule 26(c)(3)("when referring to a person, to 'identify' means to provide, to the extent known, the person's full name, *present or last known address*, and when referring to a natural person, additionally, the present or last known place of employment")(emphasis added).

Second, the defendants have made no showing of good cause for eliminating the addresses of police force personnel. Defense counsel has taken the position that plaintiff's counsel may not communicate with any member of the Norwich police force. However, there is no prohibition against plaintiff's counsel contacting lower echelon members of the police department who are not members of the department's control group or who could bind the department or municipality on any

issue raised in the complaint.

Rule 4.2 of the Rules of Professional Responsibility permits *ex parte* communications with current employees who do not have "significant managerial responsibility in the matter in question." Porter v. Arco Metals Co., 642 F. Supp. 1116, 1118 (D. Mont. 1986) (emphasis added). With respect to employment discrimination claims, the relevant inquiry to define the class of managerial employees protected by Rule 4.2 is whether the particular employee makes "fundamental employment decisions, such as hiring, scheduling work shifts, and recommending terminations." Orlowski v. Dominick's Finer Foods, Inc., 937 F. Supp. 723, 728 (N.D. Ill. 1996).

Even the term "manager" in an employee's job title does not automatically place the employee within Rule 4.2. In Orlowski, the court held that assistant managers were not "managerial employees" within the meaning of Rule 4.2 and could be interviewed by the opposing party's counsel. Id. at 728-729.

The municipal defendants are similar to a corporation in determining which employees are considered the "control group," within the meaning of Rule 4.2. In determining which corporate employees may be considered parties under Rule 4.2, a number of courts have adopted the "managing-speaking" agent test, formulated in Wright v. Group Health Hospital, 103 Wash. 2d 192, 200, 691 P. 2d 564, 569 (1984):

> [T]he best interpretation of "party" in litigation involving corporations is only those employees who have the legal authority to "bind" the corporation in a legal evidentiary sense, i.e., those employees who have "speaking authority" for the corporation.

6

Accord <u>Miano v. AC&R Advertising, Inc.</u>, 148 F.R.D. 68, 76-77 (S.D.N.Y. 1993) ("party" includes only "high level managerial" employees, such as Vice-Chairman and Chief Financial Officer, President, Chairman and CEO, Vice-President and Comptroller.) <u>Chancellor v. Boeing Co.</u>, 678 F. Supp. 250, 252-53 (D. Kan. 1988)(adopting <u>Wright</u> "managing-speaking" agent test); <u>Porter v. Arco Metals Co.</u>, 642 F. Supp. 1116, 1118 (D. Mont. 1986)(adopting "managing-speaking" agent test); Frey v. Department of Health and Human Services, 106 F.R.D. 32, 35 (E.D N.Y. 1985); (Rule 4.2 "applies to those employees...who are the 'alter egos' of the entity, that is, those individuals who can bind it to a decision or settle controversies on its behalf."); <u>Niesig v. Team I</u>, 76 N.Y. 2d 363, 374, 558 N.E. 2d 1030, 1035, 559 N.Y.S. 2d 493, 498 (1990) ("party" includes "corporate employees whose acts or omissions in the matter under inquiry are binding on the corporation (in effect, the corporation's 'alter egos') or imputed to the corporation for purposes of its liability, or employees implementing the advice of counsel."). "As the <u>Wright</u> court explained,

> It is not the purpose of the rule to protect a corporate party from the revelation of prejudicial facts.....Rather, the rule's function is to preclude the interviewing of those corporate employees who have the authority to bind the corporation."

<u>Wright</u>, 103 Wash. 2d at 200-201, 691 P. 2d at 569.

The municipal defendants have presented no evidence and no argument that every member of the Norwich Police Department has the authority to bind or speak for the department or the municipality on the issues raised in this case. Those defendants have not met their burden of demonstrating that each member of the

7

police force is an employee covered by Rule 4.2's prohibition of ex parte communication, so as to justify a protective order designed to block counsel from direct communication or service of subpoenas on Norwich police officers.

Defendants have made no specific showing of good cause to exclude the home addresses of non-managerial police force members from discovery. Their motion to exclude home addresses from disclosure should be denied.

The defendants have not met their burden of demonstrating good cause for their proposed redaction of the social security numbers, personal addresses and telephone numbers of police force personnel. Their request for a protective order on this ground should be denied.

### (d) The defendants have not established good cause for their one-sided document destruction order.

The defendants have not established good cause for a court order mandating the plaintiff to destroy all documents received in discovery. Defendants have made no specific showing that there is good cause to destroy documents received from the defendants at the conclusion of the case.

While plaintiff might agree to a *reciprocal* obligation to destroy documents, at some reasonable time after the conclusion of all of the related case involving the conduct of James Daigle, there is no good cause for imposing the destruction burden solely on the plaintiff.

In addition, the proposed destruction provision (¶5(c)) is unfair and vague as to the notice the plaintiff must give. There is no time provision for the notice and no

requirement that the defendants take any step to demand compliance, so as to avoid any inadvertent oversight by the plaintiff.

### (e) The defendants' motion for protective order should be denied for failure to certify a good faith attempt to resolve the dispute without court involvement.

Defense counsel has failed in the obligation, imposed by F.R.Civ.P. 26(c), "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." F.R.Civ.P. 26(c). No such certification has been provided to this Court. Rather, the motion merely states that the parties "attempted to enter into a stipulated protective order" (drafted by defendants) "but were unable to reach an agreement as to the parameters of the same." This statement, which is not a "certification" within the meaning of Rule 26(c), does not satisfy the requirement that the moving party certify its good faith efforts to the Court. In fact, defendants failed to negotiate in good faith on seeking to limit the disclosure and use of truly confidential information to the cases now pending before the courts in this district. The defendants' "take it or leave it" proposal for a protective order does not constitute good faith.

The proposed protective order should be denied for failure to certify good faith attempts to resolve the matter without the involvement of the court. Compare In re PE Corp. Securities Litigation, 221 F.R.D. 26 (good faith certification provided).

## III.  CONCLUSION

The defendants have failed to sustain their burden of demonstrating good cause for limiting the discovery received from the defense for use in this case.  Such a prohibition runs counter to the policies in forming the Federal Rules of Civil Procedure.  Defendants have also failed to show good cause for withholding the social security numbers, home addresses and phone numbers of non-managerial police force personnel.  No good cause has been shown to require destruction of documents received in discovery.  Finally, defendants have not certified a good faith effort to resolve the parameters of a protective order in this case.

For all of the foregoing reasons, plaintiff's objection should be sustained and the motion for protective order be denied.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
Kristen Ejchorszt

BY: _____
BARBARA L. COX
Fed. Bar No. Ct08523
The Gallagher Law Firm
1377 Boulevard, P.O. Box 1925
New Haven, CT 06509
Tel:  (203) 624-4165; Fax:  (203)865-5598
Her Attorneys.

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this date to the following counsel of record:

Melinda A. Powell, Esq.
Beatrice S. Jordon, Esq.
Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Eric P. Daigle, Esq.
Christine P. Plourde, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303

_____
BARBARA L. COX