UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISTEN EJCHORSZT | :    NO.: 302CV1350 (CFD) |
| v. | : |
| JAMES F. DAIGLE, JR., ET AL | :    DECEMBER 2, 2005 |

**REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR PROTECTIVE ORDER**

Pursuant to Local Rule 7(d), the defendants, City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury, hereby reply to the plaintiff's *undated* Objection to the Defendants' Motion for Protective Order. In her undated Objection, the plaintiff argues that the Protective Order should be denied for the following reasons: (1) the defendants have not demonstrated good cause for the entry of the order; (2) the plaintiff should be permitted to exchange information produced with counsel in similar cases; (3) the defendants have not made a good faith attempt to ive the disputed issues, nor have they properly certified the same. The defendants will address each argument in turn.

**A.   GOOD CAUSE EXISTS FOR ENTRY OF THE PROTECTIVE ORDER**

As a preliminary matter, the defendants note that their Motion for Protective Order [Doc. #82] noted that the defendants did, in fact, attempt to enter into a

ORAL ARGUMENT IS REQUESTED

Stipulated Protective Order with the plaintiff, however, the parties were unable to agree as to the same. (See Defendant's Motion for Protective Order dated November 7, 2005, at ¶2.) A certification confirming the good faith efforts to resolve the disputed issues was inadvertently omitted from the defendants' Motion for Protective Order. To the extent that the plaintiff claims the defendants' motion is deficient as they failed to attach a certification as to the same, the undersigned hereby attaches a certification as to the good faith efforts to resolve the disputed issues as **Exhibit A**.

1.     **The Protective Order Is Narrowly Tailored**

The plaintiff claims that the defendants seek a "blanket protective order" which should be denied as good cause for entry of the order does not exist. Curiously, however, the defendants have not moved for a "blanket protective order" as claimed. In fact, the defendants note in their motion that, while they have filed objections to the plaintiff's discovery requests, they are producing the materials requested, without waiving their previous objections, in an effort to compromise and comply with the discovery requests. (See Motion for Protective Order [Doc. # 82], ¶¶3-4.) In fact, the defendants seek only to limit the disclosure of the materials to third-parties wholly unrelated to the litigation given the privacy issues involved, and sensitive nature of the materials, namely the taking of nude and/or semi-nude photos of individuals unrelated to the instant action.

2

Moreover, the defendants note that the instant Protective Order includes some of the plaintiff's very own suggested additions made during the parties' negotiations as to the parameters of the same. Specifically, the defendants included the plaintiff's initial suggested additions as to subparagraph 5(a) and 5(d) as is more fully set forth below in subsection B of this reply brief.

### 2. Good Cause Exists For Precluding The Disclosure Of Personal Identifying Information Of The Police Officers

The plaintiff further argues that the defendants should be precluded from redacting the social security numbers and personal addresses and phone numbers of the police officers contained within the materials produced. While the plaintiff makes no showing why such information is relevant or necessary, she simply argues that she is entitled to the same. As a preliminary matter, there exists a substantial privacy and safety interest associated with the disclosure of such information, both with regard to the officers themselves and with regard to their families. See e.g., Kallstrom v. City of Columbus, 136 F.3d 1055, 1062 (6th Cir. 1998) (release of police officers' personal information, i.e., names, addresses, family members' names, telephone numbers, social security numbers, banks, drivers' licenses with pictures, implicated the officers' liberty "interest in preserving their lives and the lives of their family members, as well as preserving their personal security and bodily integrity.")

3

Certainly, the social security number and personal address and phone number of the co-defendant and other police officers is irrelevant to the plaintiff's claims, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the plaintiff has the business address of the police officers, and may properly contact them through defense counsel who has entered an appearance for the Norwich Police Department, or counsel for the co-defendant.

### 3. Disclosure Of The Materials Produced To Counsel For Plaintiffs In Other Actions Is Not Permitted Based Upon Previously Entered Into Stipulated Protective Orders

The plaintiff also argues that she should be permitted to exchange information with the counsel for plaintiffs in similar pending cases. First, the defendants note that this matter has not been consolidated with the other actions presently pending. While the plaintiff claims that the actions involve the same defendants, each of the cases involves different dates of occurrences, as well as different facts. Moreover, counsel for the plaintiffs in each of the cases are afforded the opportunity to obtain discovery as to their respective actions, and have done so.

The defendants further note that counsel for one of the other plaintiffs has already entered into an identical Protective Order to the instant pending Protective Order proposed by the defendants. Thus, the plaintiff's argument is moot in this regard.

**B.   THE DEFENDANT HAS MADE GOOD FAITH EFFORTS TO RESOLVE THE DISPUTED ISSUES WHICH ARE THE SUBJECT OF THE INSTANT PROTECTIVE ORDER**

The plaintiff's claim that the defendants made no such good faith efforts to resolve the disputed issues is wholly disingenuous given the attempts to agree upon a Stipulated Protective Order.

On October 14, 2005, defense counsel contacted Attorney Barbara Cox, counsel for the plaintiff, with regard to the possibility of a Stipulated Protective Order. During said conversation, defense counsel represented that the defendants were responding to essentially all of the plaintiff's discovery requests, however, they were concerned with the possible public dissemination of the materials to be produced due to the sensitive nature of the information contained therein. To that end, the undersigned forwarded a draft of the proposed Stipulated Protective Order for Attorney Cox's review. (See Electronic Mail to Attorney Cox dated October 14, 2005, attached as **Exhibit B**.)

In response, Attorney Cox forwarded several suggested additions and changes to the draft Stipulated Protective Order. (See Electronic Mail from Attorney Cox dated October 14, 2005, attached as **Exhibit C**.) The undersigned reviewed the requested additions and changes, and incorporated ***all but one*** of Attorney Cox's suggested changes. (See Electronic Mail dated November 2, 2005, attached as **Exhibit D**.) With regard to the suggested change not incorporated, the defendants could not agree to a

reciprocal destruction of official police reports as requested by the plaintiff. (See id.) In addition, the undersigned deleted one of the proposed stipulations with regard to the personally identifying information of the police officers from the draft Protective Order in its entirety. (See id.)

On November 3, 2005, the undersigned spoke with Attorney Cox with regard to the requested revisions to the Stipulated Protective Order, and inquired as to whether the draft Protective Order was now acceptable to the plaintiff. At that time, Attorney Cox raised additional changes the plaintiff wished to incorporate as to disclosure of the materials to third-parties unrelated to the action, and at least one of whom the defendants had previously entered into a Stipulated Protective Order with. After extensive discussions, the parties were unable to agree as to the additional proposed additions by the plaintiff. Consequently, the undersigned advised Attorney Cox that the defendants would file the instant Protective Order so as to facilitate compliance with the plaintiffs' discovery requests as soon as practicable.

As the foregoing demonstrates, the defendants certainly made good faith efforts to resolve the disputed issues contained in the Protective Order. The plaintiff's representation that the defendants "failed to negotiate in good faith on seeking to limit the disclosure" of the materials to be produced is disingenuous. Likewise, the plaintiff's representation as to the defendants' alleged "take it or leave it" proposal is wholly without merit in light of the fact that nearly all of the plaintiff's suggested

additions and changes were incorporated.

For the foregoing reasons, the defendants respectfully request that an order of protection enter in accordance with their Motion for Protective Order [Doc. # 82], dated November 7, 2005.

>                DEFENDANTS,
>                CITY OF NORWICH, POLICE
>                DEPARTMENT OF THE CITY OF
>                NORWICH, LOUIS J. FUSARO and MARK
>                LOUNSBURY
>
>
>                By _____
>                Beatrice S. Jordan
>                ct22001
>                Howd & Ludorf, LLC
>                65 Wethersfield Avenue
>                Hartford, CT  06114
>                (860) 249-1361
>                (860) 249-766 (Fax)
>                E-Mail:  bjordan@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 2nd day of December, 2005.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Christine P. Plourde, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103-4303

*/s/ Beatrice S. Jordan*
Beatrice S. Jordan