Exhibit D

**Beatrice S. Jordan**

---

**From:** Beatrice S. Jordan
**Sent:** Wednesday, November 02, 2005 4:46 PM
**To:** 'Barbara L. Cox'
**Subject:** RE: Ejchorszt v Daigle, et al



Revised Stipulated
   Protective ...

   Barbara,

Here is the attachment which was inadvertently omitted from my response.


-----Original Message-----
From: Beatrice S. Jordan
Sent: Wednesday, November 02, 2005 4:38 PM
To: 'Barbara L. Cox'
Subject: RE: Ejchorszt v Daigle, et al


Barbara:

Attached please find a revised proposed stipulated protective order for your review. Specifically, please note the following:

Re para. (a) = I have incorporated your suggested additions;

Re para. (b) = I have omitted this paragraph as this issue is probably best resolved by way of my discovery responses and objections. I have redacted the personal home addresses, telephone numbers and/or social security numbers of police department personnel appearing in the records being produced. The defendants will not disclose the same unless ordered to do so by the court as it presents a security and/or safety issue for the police officers and their families, and I refer you to our objections in that regard. As you are aware, I have entered an appearance for the City and the Police Department, which includes all police department personnel. Accordingly, any communications and/or deposition notices with regard to police department personnel should proceed through my office.

Re para. (c) = I have incorporated your suggestions with regard to the plaintiff's discovery materials. However, in response to your final request, the defendants cannot agree to a deletion of photographs of the plaintiff taken and attached to the police incident report regarding the sting operation as said photos are part of the official police incident report regarding the underage alcohol sting operation. The defendant has no other photos of the plaintiff on its computers, cameras, or within its files, beyond a photo of her driver's license and two fully clothed photographs attached to the above reference incident report.

Re para. (c) = I have revised this paragraph regarding sanctions for intentional violations and/or failure to comply with the order.

Kindly advise as to whether the revised order is acceptable.

Sincerely,

Beatrice S. Jordan
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
bjordan@hl-law.com
(860) 249-1361
(860) 249-7655 (System Fax)
(860) 522-9549 (1st Floor Fax)

1

The information contained in this message is confidential and privileged information from the law firm of Howd & Ludorf. This information is intended for the use of the person named and is to be read only by the person to whom it is addressed. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this message in error, please notify the sender immediately.

-----Original Message-----
From: Barbara L. Cox [mailto:bcox@gallagher-lawfirm.com]
Sent: Friday, October 14, 2005 1:11 PM
To: Beatrice S. Jordan
Subject: Re: Ejchorszt v Daigle, et al


Beatrice:
Please send me this document in Word so that I can propose changes.

Some comments: In general, I find defendants' concerns about their privacy (the ONLY concern that is expressed in this proposed protective order) to be highly ironic, considering defendants' utter disregard of plaintiff's privacy, particularly by allowing Daigle access to his desk and computer after Kristin Ejchorszt complained, so that he could potentially disseminate pictures of the plaintiff's breasts on the internet.

RE para. (a): we need to add independent contractors (such as contract paralegals) and experts;

Re para. (b) 1. "information privileged by statute" needs to be more specifically delineated. 2. We cannot agree that defendant can redact police force personnel telephone numbers and addresses; would hinder our ability to subpoena witnesses or conduct discovery/investigation.

RE para. (c) If there is to be mandatory destruction of documents produced in discovery, then it must apply to defendants, as well as plaintiff AND there must be some kind of demand for destruction, to avoid unintentional noncompliance. Further, there must be a requirement that your client has deleted any photos of the plaintiff on its computers, cameras, or in its files and so certified to us.

Re para (d) 1. "improper use" too vague. 2. any sanction must attach only to an intentional violation.


Barbara L. Cox, Esq.
The Gallagher Law Firm
1377 Ella T. Grasso Blvd.
P.O Box 1925
New Haven, CT 06509-1925
Telephone: 203-624-4165
Facsimile: 203-865-5598
email: bcox@gallagher-lawfirm.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) is from the Gallagher Law Firm and may contain confidential information, protected by the attorney-client and/or attorney work product privileges. The information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution of any information in this transmission, or the taking of any action in reliance on the contents of this transmission, is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of this transmission. Thank you.

----- Original Message -----

From: "Beatrice S. Jordan" <bjordan@hl-law.com>
To: <bcox@gallagher-lawfirm.com>
Sent: Friday, October 14, 2005 11:32 AM
Subject: Ejchorszt v Daigle, et al


Re: Kristen Ejchorszt v. James F. Daigle, Jr., et al
H&L File No.:  110-14250

Dear Barbara:

As we discussed, attached please find the proposed Stipulated Protective Order.  As I indicated, my concern is the dissemination of the materials to be disclosed in light of their highly sensitive nature, as well as the privacy issues and confidential nature of the materials involved.  Kindly advise as to whether you are agreeable to the order as soon as practicable.

 <<Stipulated Protective Order (bsj).pdf>>

Sincerely,

Beatrice S. Jordan
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
bjordan@hl-law.com
(860) 249-1361
(860) 249-7655 (System Fax)
(860) 522-9549 (1st Floor Fax)

The information contained in this message is confidential and privileged information from the law firm of Howd & Ludorf.  This information is intended for the use of the person named and is to be read only by the person to whom it is addressed.  If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited.  If you have received this message in error, please notify the sender immediately.

3

## Beatrice S. Jordan

| | |
|---|---|
| **From:** | Barbara L. Cox [bcox@gallagher-lawfirm.com] |
| **Sent:** | Thursday, November 03, 2005 3:13 PM |
| **To:** | Beatrice S. Jordan |
| **Subject:** | Read: Ejchorszt v Daigle, et al |



ATT159695.txt

This is a receipt for the mail you sent to "Barbara L. Cox" <bcox@gallagher-lawfirm.com> at 11/2/2005 4:46 PM

This receipt verifies that the message has been displayed on the recipient's computer at 11/3/2005 3:12 PM

1