UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.:  302CV1350 (CFD) |
| | : | |
| v. | : | |
| | : | |
| JAMES F. DAIGLE, JR., ET AL | : | JANUARY 13, 2006 |

### <u>DEFENDANTS LOUIS J. FUSARO, MARK LOUNSBURY,</u><br><u>POLICE DEPARTMENT OF THE CITY OF NORWICH and CITY OF NORWICH'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule

56(a), the defendants, Louis J. Fusaro, Mark Lounsbury, Police Department of the City

of Norwich and City of Norwich, hereby move for summary judgment as to the

plaintiff's Complaint ("Complaint") dated July 15, 2002.  Plaintiff's Complaint, brought

pursuant to § 1983, alleges violations of her right to privacy and bodily integrity for the

defendant James F. Daigle, Jr.'s  semi-nude photography of her during her

participation in an underage alcohol sting.  As to these defendants, the plaintiff claims

their negligence resulted in Daigle's violation of her constitutional rights.  Plaintiff also

alleges her equal protection rights were violated.  Plaintiff also alleges several

common law claims against these defendants, all based in negligence.

As is more fully set forth in the attached Memorandum of Law, Local Rule

56(a)1 Statement, supporting affidavits, and sworn deposition testimony,  the plaintiff

ORAL ARGUMENT IS REQUESTED

cannot, as a matter of law, establish Monell liability against the Police Department and City, because all the claims sound in negligence.  As to Officer Lounsbury, plaintiff has not shown he had any personal involvement in the photographs, as only she and Daigle were present at the time.  Lounsbury is also entitled to qualified immunity because he had no notice of Daigle's actions, and therefore, could not have interceded on the plaintiff's behalf.

Plaintiff has not properly pled, let alone provided any proof that she was treated differently than similarly situated persons, that such differential treatment was based upon malice, or an intent to injure or that the defendants' actions were wholly arbitrary. Accordingly, there exists no genuine issue of material fact, and the defendants are entitled summary judgment.

Furthermore, the Court should enter summary judgment on the negligent supervision claim and claim for indemnification on the basis of governmental immunity at common law and pursuant to C.G.S. § 52-557n.

WHEREFORE, the defendants, Louis J. Fusaro, Chief of Police; Mark Lounsbury, Police Department of the City of Norwich and City of Norwich, respectfully request that summary judgment enter in their favor.

DEFENDANTS,
CITY OF NORWICH, POLICE
DEPARTMENT OF THE CITY OF
NORWICH, LOUIS J. FUSARO and MARK
LOUNSBURY


By_____/s/_Beatrice S. Jordan____
   Beatrice S. Jordan
   ct22001
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-766 (Fax)
   E-Mail:  bjordan@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 13th day of January, 2006.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

_____ /s/  Beatrice S. Jordan_ __
Beatrice S. Jordan