UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.: 302CV1350 (CFD) |
| | : | |
| v. | : | |
| | : | |
| JAMES F. DAIGLE, JR., ET AL | : | JANUARY 13, 2006 |

## DEFENDANTS LOCAL RULE 56(a)1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The defendants, Louis J. Fusaro, Mark Lounsbury, Police Department of the City of Norwich and the City of Norwich hereby submit their Statement of Material Facts not in Dispute, in support of their Motion for Summary Judgment.

1. The plaintiff first reported this incident to Chief Louis Fusaro and Deputy Chief Warren Mocek on December 3, 2001.  **Exhibit A**, Affidavit of Warren Mocek; **Exhibit B**, Statement of Kristen Ejchorszt dated December 3, 2001.

2. At that time, plaintiff only complained that photographs had been taken of her.  Id.

3. Later, on December 21, 2003, the plaintiff complained that Officer Daigle and Lounsbury had been drinking beer during the operation.  **Exhibit C**, Statement of Kristen Ejchorszt dated December 21, 2001.

4. Officer Lounsbury drank one beer.  Id.

5. Upon plaintiff's complaint, Chief Fusaro immediately directed Deputy Chief Warren Mocek to investigate the matter.  **Exhibit A**, ¶ 6; **Exhibit D**, Affidavit of Louis J. Fusaro, ¶ 5.

6. Following Mocek's six month investigation, Daigle was terminated from the Norwich Police Department.  Id.

7. Officer Lounsbury did accompany Daigle and the plaintiff on the sting operation.  **Exhibit E**, Affidavit of Mark Lounsbury; **Exhibit F**, Statement of Mark Lounsbury dated December 11, 2001.

8. Lounsbury checked two disks for the digital camera, which were blank.  Id. He was putting a third disk in when Daigle said he needed to take her picture again. Id.  The third disk was also blank.  Id.  Lounsbury then handed Daigle the camera.  Id.

9. He did not see Daigle take any pictures, but Daigle later gave him a disk with photos and one of her ID on it.  Id.  (These photos are attached as **Exhibit G**).

10. The plaintiff testified that when she arrived for the operation it was determined she would be wired.  She thought the pager wire was not used because it was not operating.  **Exhibit H**, Deposition of Kristen Ejchorszt, p. 45-46.

11. Daigle decided to use the body microphone.  Id.  Identification photographs were also taken.  Id.

12. Daigle then took the plaintiff into a conference room at the end of the hallway of the police department.  Id, p. 47-49.

13. Only Daigle and she were presen when Daigle told the plaintiff to remove her shirt and he removed her bra to put the wire on. Id, at 47-49, 54. Daigle left a couple of times during this. Id.

14. The plaintiff never saw any pictures; has no knowledge that Daigle kept any photographs or showed nude photographs of her to others; did not discuss the photographs with anyone; and Daigle made a comment that the camera was not working. Id., at p. 59-60, 62, 113, 128.

15. Plaintiff does not know if Lounsbury was around initially or around when Daigle said he was going to take her picture in the conference room. Id., at p. 120-122.

16. Lounsbury never saw any nude or semi-nude pictures of the plaintiff. **Exhibit E** and **Exhibit F**.

17. The plaintiff never told Lounsbury about the pictures. **Exhibit H**, p. 128. The plaintiff cannot say that Lounsbury did see any pictures of her, or that any pictures were actually taken. Id., at pp. 126-127. She can only say was looking at the camera. Id.

18. Plaintiff has no evidence Lounsbury knew about the pictures. Id., at p. 131-133.

19. Chief Fusaro did not know Daigle had taken nude photographs of female operatives. Id., at 143-145. No supervisory officer had such notice. Id., p. 145-146.

20. There is no evidence the plaintiff was treated differently from other complainants. **Exhibit H**, p. 152-154. The investigation began immediately upon her complaint. **Exhibit A** and **D.**

21. Pursuant to Police Department policy, same sex prisoners should be transported by officers of the same sex. **Exhibit I**. Searches should also be conducted by an officer of the same sex. Id.

>DEFENDANTS,
>CITY OF NORWICH, POLICE
>DEPARTMENT OF THE CITY OF
>NORWICH, LOUIS J. FUSARO and MARK
>LOUNSBURY
>
>
>By____/s/ Beatrice S. Jordan____
>  Beatrice S. Jordan
>  ct22001
>  Howd & Ludorf, LLC
>  65 Wethersfield Avenue
>  Hartford, CT  06114
>  (860) 249-1361
>  (860) 249-766 (Fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 13th day of January, 2006.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

                                                  _____/s/ Beatrice S. Jordan_____
                                                  Beatrice S. Jordan