Westlaw.

Slip Copy

Slip Copy, 2006 WL 1438649 (D.Conn.)
**(Cite as: Slip Copy)**

Page 1

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Connecticut.
Keith KNIGHT, Plaintiff,
v.
HARTFORD POLICE DEPARTMENT, City of
Hartford, Joseph Croughwell, Deborah Barrows and
Bruce Marquis, Defendants.
**No. 3:04CV969 (PCD).**

May 22, 2006.

Francis A. Miniter, Miniter & Associates, Hartford,
CT, for Plaintiff.
Helen Apostolidis, Corporation Counsel's Office,
Hartford, CT, for Defendants.

*RULING ON MOTION FOR SUMMARY
JUDGMENT & MOTION TO STRIKE*
DORSEY, J.
**\*1** Plaintiff Keith Knight initiated this action
seeking redress for alleged racial discrimination and
retaliation in violation of 42 U.S.C. § 1983 and of
Plaintiff's right to equal protection pursuant to the
Fourteenth Amendment to the Constitution of the
United States. Defendants now move, pursuant to
Rule 56 of the Federal Rules of Civil Procedure, for
summary judgment on all three counts of Plaintiff's
Amended Complaint on the basis that there are no
material facts in dispute and that they are entitled to
judgment as a matter of law. For the reasons stated
herein, Defendants' Motion for Summary Judgment
[Doc. No. 36] will be granted. Defendants also
move to strike portions of Plaintiff's Opposition to
Defendants' Motion for Summary Judgment. For the
reasons that follow, Defendants' Motion to Strike
[Doc. No. 53] will be granted in part and denied in
part.

I. MOTION TO STRIKE

Defendants move to strike certain portions of
Plaintiff's Opposition to Defendants' Motion for
Summary Judgment [Doc. No. 43], arguing that (1)
some exhibits to Plaintiff's Affidavit are
inadmissible hearsay and as such, may not be used
to oppose Defendants' Motion for Summary
Judgment; (2) portions of Plaintiff's Affidavit are
not based on personal knowledge, but on
information and belief or on conjecture and
conclusory allegations; and (3) many of Plaintiff's
responses to the factual assertions set forth in
Defendants' Rule 26(a)(1) Statement are not
supported by specific cites to admissible evidence
or deposition testimony or are unresponsive.
Plaintiff did not file an Opposition to Defendants'
Motion to Strike.

Rule 56(e) of the Federal Rules of Civil Procedure
provides that "[w]hen a motion for summary
judgment is made ... an adverse party may not rest
upon the mere allegations or denials of the adverse
party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must
set forth specific facts showing that there is a
genuine issue for trial." Moreover, the Second
Circuit has repeatedly recognized that "under Rule
56(e), only admissible evidence may be used to
resist a motion for summary judgment." *Rohman v.
New York City Transit Auth.,* 215 F.3d 208, 218 n.
6 (2d Cir.2000); *accord Kader v. Paper Software,
Inc.,* 111 F.3d 337, 342-43 (2d Cir.1997); *Raskin v.
Wyatt Co.,* 125 F.3d 55, 66 (2d Cir.1997).

A. Exhibits A and C to Plaintiff's Affidavit

Although the party opposing a summary judgment
motion need not "produce evidence in a form that
would be admissible at trial in order to avoid
summary judgment," *Celotex Corp.,* ᵇ 477 U.S. at
324-24, the moving party can "challenge
documentary evidence that has not been properly
authenticated" by filing a motion to strike. *Keene v.
Hartford Hosp., et al.,* 208 F.Supp.2d 238, 242

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2006 WL 1438649 (D.Conn.)
**(Cite as: Slip Copy)**

(D.Conn.2002) (citing *Dedyo v. Baker Eng'g N.Y., Inc.,* 1998 U.S. Dist. LEXIS 132, 1998 WL 9376, at *4 (S.D.N.Y. Jan.13, 1998)). Exhibit A to Plaintiff's Affidavit consists of a series of charts purporting to provide the minority breakdown in the Hartford Police Department. The charts, however, are not authenticated in any way, nor is the source of the information stated therein or its author identified. Defendants argue that the charts should be stricken from the record as inadmissible hearsay. Plaintiff states in his Affidavit, however, that he "ha[s] maintained records" on which the charts in Exhibit A are based. *See* Pl's Aff. ¶ 8. Although the records on which the charts are based would need to be offered as evidence at trial, the charts will be allowed as part of the record on summary judgment.

**\*2** Similarly, Exhibit C to Plaintiff's Affidavit contains an excerpt from a report by Carroll Buracker & Associates, Inc. Defendants argue that the excerpt not only constitutes inadmissible hearsay, but contains multiple levels of hearsay and should be stricken from the record. The report, on its face, indicates that it was prepared for the Hartford Police Department and based on data provided by the City of Hartford and the Hartford Police Department. *See* Pl's Aff., Exh. C (stating " Data derived from City and Police Department personnel records"). Although the report may not be admissible at trial without a proper foundation, it is appropriate for consideration on summary judgment and will not be stricken from the record.

### B. Plaintiff's Affidavit

It is well-established that courts may strike testimony which is not made on the basis of personal knowledge from consideration on summary judgment. *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 643 (2d Cir.1988); *Keene,* 208 F.Supp.2d at 242-44 (striking portions of affidavit in opposition to summary judgment where affiant failed to establish personal knowledge). Defendants argue that the portions of Plaintiff's Affidavit not made on the basis of personal knowledge should be stricken from the record. Specifically, Defendants challenge paragraphs 5, 6, 8, 14 through 19 and 26 through 37 of Plaintiff's Affidavit. *See* Defs' Mem.

Supp. Mot. Strike at 4-16.

Defendants challenge paragraphs 5, 6, 8, 14, 15, 16, 18, 19, 27, 28, 29, 30, 31 and 32 on the basis that they are simply "a general recitation of the allegations of the Amended Complaint, and not a recitation of specific, admissible facts designed to prove those allegations." *See* Defs' Mem. Supp. Mot. Strike at 5-16. Moreover, Defendants challenge paragraphs 14, 16, 17, 18, 19 and 26 on the basis that they are "not based on [Plaintiff's] own personal knowledge," and/or based on " information and belief," and/or "comment on others' state of mind or knowledge." *Id.* Finally, in paragraphs 33 through 37 of Plaintiff's Affidavit, he discusses the 1976 and 1985 Captain's lists, the 1975 and 1982 Sergeant's lists, the 1987 and 1994 Assistant Chief's lists, the 1981 Major's list and the 1976 Lieutenant's list, purporting to explain why said lists were not extended. Defendants challenge these paragraphs of Plaintiff's Affidavit on the basis that they are "not based on [Plaintiff's] own personal knowledge" and that Plaintiff "cannot speak to some unidentified person's state of mind and his or her reason(s) for not extending a promotional list." *Id.* at 14-16. With respect to the 1976 Captain's list and the 1976 Lieutenant's list, Defendants also argue that the statements regarding those lists are "not based on [Plaintiff's] own personal knowledge, as he was not even employed by the Hartford Police Department in 1976." *Id.* at 15.

Defendants properly challenge those statements based "on information and belief." As it is clear that such statements are not based on Plaintiff's personal knowledge, the sentence in paragraph 14 and the phrases in paragraphs 16, 17 and 19 based on information and belief are hereby stricken from the record.[FN1]

> FN1. The relevant sentence in paragraph 14 reads: "On information and belief, this letter and the information it contained in it was within the knowledge of Defendants Croughwell and Acting Chief Debbie Barrows." The relevant portion of paragraph 16 reads: "... on information and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                        Page 3

Slip Copy, 2006 WL 1438649 (D.Conn.)
**(Cite as: Slip Copy)**

belief, tried to prevent the information in the letter from becoming known." The relevant portion of paragraph 17 reads: "... on information and belief, minority officer's [sic] score less well on this test than do white officers." Finally, the relevant portion of paragraph 19 reads: "... on information and belief, the biases inherent in the prior written examinations and oral examinations were not corrected for such examination."

**\*3** Defendants also challenge those portions of the affidavit that they contend contradicts Plaintiff's deposition testimony, namely a portion of paragraph 14 and the entire paragraph 32. *See* Defs' Mem. Supp. Mot. Strike at 7, 13-14. It is well-established in the Second Circuit that "a party may not create material issues of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Raskin,* 125 F.3d at 63 (citing *Hayes v. New York City Dep't of Corrections,* 84 F.3d 614, 619 (2d Cir.1996)). The challenged portion of paragraph 14 was already stricken from the record on the ground that it was based on information and belief and accordingly, need not be examined on this basis. Paragraph 32 of Plaintiff's Affidavit reads:

In furtherance of this conspiracy, Defendants Croughwell, Barrows and Marquis knowingly acted in common purpose, i.e., to keep in place methods of examination known to be racially biased and to prevent the information contained in the October 27, 1999 letter from becoming known. Defendants in fact did keep the January 6, 2000 letter from becoming known until the moving papers were filed. The unwillingness to publish the letter, to invalidate the [1999] examination and reexamine the participants with a neutrally biased examination document, and the unwillingness to public the problem all evidence the intent to allow biased examination results to affect promotions in the Department.

Pl's Aff. ¶ 32. Defendants challenge this assertion on the basis that Plaintiff is simply making assumptions despite testifying at his deposition that he has no evidence that any of these three

defendants ever saw the letter in question. *See* Defs' Mem. Supp. Mot. Strike at 14 (citing Pl's Depo. at 31-33). Plaintiff, at his deposition, admitted that he did not "know for a fact" whether Susan Comstock shared the letter in question with anyone or whether anyone ever shared the letter with Chief Croughwell, acting Chief Barrows or Chief Marquis. *See* Pl's Depo. at 31-33. Plaintiff does testify that he "spoke to Chief Marquis about [the letter]," however, he admits that he "did not share the letter with him." *Id.* at 32. Moreover, Plaintiff asserts in paragraph 16 of his Affidavit that these Defendants, "on information and belief, tried to prevent the information in the letter from becoming known." Accordingly, this Court will strike from the record the portion of paragraph 32 of Plaintiff's Affidavit that reads: "to prevent the information contained in the October 27, 1999 letter from becoming known." The remainder of that paragraph will stand.

As to the remainder of Plaintiff's Affidavit, although the information asserted therein may be subject to serious question, Plaintiff asserts, in paragraph 2 of the Affidavit, that he has "personal knowledge of the facts set forth herein, except to the extent that statements may be explicitly declared to be made on the basis of information and belief." Pl's Aff. ¶ 2. The Second Circuit has clearly established that " credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *McClellan v. Smith,* 439 F.3d 137, 144 (2d Cir.2006) (quoting *Fischl v. Armitage,* 128 F.3d 50, 55 (2d Cir.1997)). Since Plaintiff represents that he possesses personal knowledge of the facts set forth in his affidavit, those assertions not explicitly based on information and belief will be credited as evidence for purposes of summary judgment and will not be stricken from this record. [FN2]

FN2. Although the facts set forth in Plaintiff's Affidavit will be credited for purposes of this motion for summary judgment, many of the assertions could be objected to at trial on the basis of foundation.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 1438649 (D.Conn.)
(Cite as: Slip Copy)

Page 4

C. Plaintiff's Responses to Defendants' Rule 56(a)(1)
Statement

*4 Local Rule 56(a)(3) requires the party opposing
a motion for summary judgment to follow each
denial in their Rule 56(a)(2) Statement "by a
specific citation to (1) the affidavit of a witness
competent to testify as to the facts at trial and/or (2)
evidence that would be admissible at trial." D.
Conn. Loc. Civ. R. 56(a)(3). When a party fails to
appropriately deny material facts set forth in the
movant's Rule 56(a)(1) statement, those facts are
deemed admitted. *See SEC v. Global Telecom
Servs. L.L.C.*, 325 F.Supp.2d 94, 109
(D.Conn.2004) ("Fed.R.Civ.P. 56 does not impose
an obligation on a district court to perform an
independent review of the record to find proof of a
factual dispute."); *Root v. Liston*, 363 F.Supp.2d
190, 191 n. 1 (D.Conn.2005); *Martin v. Town of
Westport*, 329 F.Supp.2d 318, 323 n. 1
(D.Conn.2004).

Defendants, in their Motion to Strike, take issue
with several of Plaintiff's responses to the material
facts set forth in its Rule 56(a)(1) Statement and
assert that because such responses are inadequate,
the material facts to which they respond should be
deemed admitted. *See* Defs' Mot. Strike at 1-3.
Defendants first take issue with Plaintiff's "denial"
of the material facts set forth in paragraph number
3, in which Plaintiff "admits that the current Rule
may be read as follows, but asserts that in practice
the Police Chief exercised the discretion to extend
lists or not or to promote in the absence of a
vacancy." *See* Pls' Rule 56(a)(2) Statement ¶ 3.
Plaintiff cites to his affidavit and to the affidavit of
Daryl Roberts in support of his contention,
however, Defendants argue that Plaintiff relies only
on "conclusory allegations and/or inadmissible
evidence." Defs' Mot. Strike at 1. Because Plaintiff
appropriately cites to two affidavits, however, his
statement is permitted and will not be stricken.

Plaintiff's responses to statement numbers 9, 10, 11,
13, 14, 38, 42, 43 and 44 do not adequately deny
the material facts set forth therein. Specifically,
Plaintiff states in these paragraphs only that he "has
no knowledge" pertaining to or "disagrees with" the
statement at issue. *Id.* ¶¶ 9-11, 13, 14, 38, 42-44.

Moreover, these "denials" are not accompanied by
either a specific citation to the affidavit of a witness
who would be competent to testify as to the facts at
trial and/or evidence that would be admissible at
trial as required by Local Rule 56(a)(2)-(3).
Accordingly, because plaintiff has not denied these
assertions of fact and has offered no evidence to
dispute their accuracy, the material facts asserted in
paragraphs 9, 10, 11, 13, 14, 38, 42, 43 and 44 of
Defendants' Rule 56(a)(1) Statement will be
accepted as undisputed. *See* Local Rule 56(a)(1) ("
All material facts set forth in said statement will be
deemed admitted unless controverted by the
statement required to be filed and served by the
opposing party in accordance with Local Rule
56(a)(2)."); *see also Walton v. Connecticut*, No.
3:03cv2262 (JBA), 2006 U.S. Dist. LEXIS 9874, at
*6 n. 3 (D.Conn. Mar. 2, 2006) (deeming admitted
material facts set forth by the defendant when
plaintiff offered no evidence to counter defendant's
facts but merely claimed insufficient knowledge to
respond). Plaintiff's statement in response to
paragraph 10 that "Panelists were consistently white
by race" and his full response to paragraph 14 are
both supported by a citation to his affidavit and will
not be stricken from the record. *See* Pl's Rule
56(a)(2) Statement ¶¶ 10, 14. His responses to
paragraphs 9, 11, 13, 38, 42, 43 and 44 are as not
supported and will be stricken from the record. *See
id.* ¶¶ 9, 11, 13, 38, 42-44.

*5 Defendants also argue that Plaintiff's responses
to the material facts set forth in paragraphs 61 and
62 should be stricken for the same reasons. Plaintiff
responds to these statements slightly differently.
Although it is clear that he "has no knowledge"
pertaining to some of the facts asserted in the
statement, his disagreement with Defendants'
contention that the 2003 written examination was
different from those administered in 1999 and 1995
is based on his own observation. Because Plaintiff
appropriately cites to his own affidavit to support
his statement, his response on that basis is allowed
and that statement in both paragraphs is not
admitted.[FN3] The remainder of the material facts
set forth in paragraphs 61 and 62 of Defendants'
Rule 56(a)(1) Statement are deemed admitted on
the ground that Plaintiff has offered no evidence in
opposition. *See Walton*, 2006 U.S. Dist. LEXIS

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 5

Slip Copy, 2006 WL 1438649 (D.Conn.)
**(Cite as: Slip Copy)**

9874 at *6 n. 3.

> FN3. Specifically, the statement in paragraph 61 that "[t]he written examination was thus different from the one administered in the 1999 promotional process and different from the one administered in the 1995 police sergeant promotional process" and the statement in paragraph 62 that "[t]he oral examination was thus different from the one administered in the 1999 promotional process and different from the one administered in the 1995 police sergeant promotional process" are both not admitted. Pl's Rule 56(a)(2) Statement ¶¶ 61, 62.

Defendants argue that Plaintiff's responses to the factual assertions in paragraphs 18, 19, 27, 31 and 32 are not responsive to the facts asserted therein. Defendants are correct. Plaintiff's responses to those paragraphs are not responsive to the factual assertions set forth therein. As such, the factual assertions in paragraphs 18, 19, 27, 31 and 32 shall be deemed admitted. Because Plaintiff's responses are supported by evidence, however, they will not be stricken from the record.

Defendants also move to strike Plaintiff's statements following his admission of paragraphs 20 and 23 on the ground that the statements seek to modify Plaintiff's prior deposition testimony. *See* Defs' Mem. Supp. Mot. Strike at 18 (citing Pl's Depo. at 44, 10-15). As stated above, "a party may not create material issues of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Raskin,* 125 F.3d at 63. Similarly, a party may not create material issues of fact by submitting a response to factual assertions in a Rule 56(a)(1) Statement that contradicts prior deposition testimony. In response to Defendants' assertion that "Joseph Croughwell had nothing to do with Keith Knight's score on the 1995 police sergeant promotional examination," Plaintiff writes that he "admits that he has no evidence that Mr. Croughwell was personally involved in the grading

of the examination." *See* Pl's Rule 56(a)(2) Statement ¶ 20. In Plaintiff's deposition, however, he testified that he is "not saying that" in response to the question whether he is "claiming in this lawsuit that Chief Croughwell had anything to do with [his] scores on the 1995 promotional examination." *See* Pl's Depo. at 44, attached to Defs' Rule 56(a)(1) Statement at Exh. A. In light of Plaintiff's deposition testimony, this Court will strike his response to Defendants' factual assertion in paragraph 20 and deem Defendants' factual assertion admitted.

In response to Defendants' assertion that Plaintiff " does not have any evidence of racial bias in the 1995 police sergeant written examination, nor does he claim there was something wrong with the actual test itself," Plaintiff writes that he "disagrees since the 1995 and 1999 promotional exams were very similar in form and content and the 1999 written examination was found by Defendants' agent to have an adverse affect [sic] on minorities." *See* Pl's Rule 56(a)(2) Statement ¶ 23 (citing Pl's Aff. ¶¶ 15, 19; Comstock Aff. at Exh. 2). Although Plaintiff testified in his deposition that he has no written evidence that there was racial prejudice in the 1995 written examination, *see* Pl's Depo. at 10, the Court does not find the deposition testimony cited by Defendants to be directly contradictory to Plaintiff's response in paragraph 23. As such, the response will not be stricken.

**\*6** Defendants also move to strike Plaintiff's response to the material facts set forth in paragraph 41 on the ground that Plaintiff's response "cites no evidence at all." Contrary to Defendants' contention, however, Plaintiff's response quotes and cites to the October 27, 1999 letter from Bruce Davey and Associates to Susan Comstock, attached as Exhibit 2 to the Affidavit of Susan Comstock. As such, Plaintiff's response to paragraph 41 will stand.

Defendants move to strike Plaintiff's responses to paragraphs 76, 77 and 78 of Defendants' Rule 56(a)(1) Statement on the grounds that the responses are "neither an admission nor a denial" and are "not responsive to the facts asserted by the defendants." Defs' Mem. Supp. Mot. Strike at 19. Defendants are correct that Plaintiff's responses

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 6

Slip Copy, 2006 WL 1438649 (D.Conn.)
**(Cite as: Slip Copy)**

thereto are not admissions nor denials and are not responsive to the facts asserted and as such, the factual assertions set forth in paragraphs 76, 77 and 78 are deemed admitted. The last sentence of Plaintiff's response to paragraph 76 is properly supported by a citation to two affidavits and will not be stricken. The rest of the response, however, is not properly supported and will be stricken. Plaintiff's responses to paragraphs 77 and 78 also are not properly supported and will be stricken.

Defendants also move to strike Plaintiff's statements-generally saying that "[t]he list was not extended because all vacancies were filled" -following his admission of paragraphs 85, 86, 91, 93, 94, 95, 98 and 104 on the ground that such statements are not "supported by either a specific citation to the affidavit of a witness competent to testify as to the facts at trial and/or evidence that would be admissible at trial." Defs' Rule 56(a)(2) Statement at 20-21. Plaintiff, however, properly cites to his affidavit. As this Court already determined that those portions of Plaintiff's Affidavit would stand, Plaintiff's statements in response to Defendants' factual assertions also will not be stricken.

Finally, Defendants challenge Plaintiff's statement in response to paragraph 97-i.e., that "[t]he [1998] list was extended twice for another 6 months each time until vacancies opened up due to retirements. This list should have expired but Acting Chief Deborah Barrows extended the list upon request" -on the ground that the statement is inconsistent with the affidavit testimony to which it cites. *See* Pl's Rule 56(a)(2) Statement ¶ 97 (citing Buyak Aff. ¶ 3). Defendants' are correct that paragraph 3 of the Buyak Affidavit [FN4] does not support Plaintiff's assertion and as such, the Court will strike the two sentences challenged from the record.

> FN4. Paragraph 3 of the Buyak Affidavit reads: "I personally know of a situation where a list for the rank of captain was extended for two times. This occurred in or about 2001. The Captain's List was extended for two six month periods after already being certified for the two previous

years. Previously, most requests for promotional lists were granted for a period of one year, not two six month periods. I was promoted to the rank of Captain from that list."

For the reasons set forth above, the material facts set forth in paragraphs 9, 10, 11, 13, 14, 18, 19, 27, 31, 32, 38, 42, 43, 44, 76, 77 and 78 and a portion of paragraphs 61 and 62 of Defendants' Rule 56(a)(1) Statement will be admitted, however, the Court notes its continued adherence to the Second Circuit's admonition that "it is incumbent upon a court in a discrimination case to examine 'the entire record to determine whether the plaintiff could satisfy his ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." ' *Lizardo v. Denny's, Inc.,* 270 F.3d 94, 101 (2d Cir.2001) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)) (citation omitted); *see Zimmermann v. Assocs. First Capital Corp.,* 251 F.3d 376, 382 (2d Cir.2001) (noting that in evaluating the merits of a Title VII case, the task is "to examine the entire record and, in accordance with *Reeves,* make the case-specific assessment as to whether a finding of discrimination may reasonably be made"); *but see Meira v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985) (holding that " [t]he salutary purposes of summary judgment-avoiding protracted, expensive and harassing jury trials-apply no less to discrimination cases than to commercial or other areas of litigation).

## II. BACKGROUND [FN5]

> FN5. The statement of facts that follows is derived primarily from Plaintiffs' Complaint and the parties' Local Rule 56 statements and is supplemented, where necessary, by the parties' briefs. To the extent necessary, the facts will be addressed in more detail in the discussion that follows.

**\*7** Plaintiff Keith Knight, a black male, is a resident

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 1438649 (D.Conn.)
**(Cite as: Slip Copy)**

of the Town of Bloomfield and the State of Connecticut and has been continuously employed by the Hartford Police Department since 1982. Am. Compl. ¶ 3. Individual Defendants Joseph Croughwell, Deborah Barrows and Bruce Marquis are all former Chiefs of Police for the Hartford Police Department who allegedly were responsible for overseeing and/or had knowledge of and/or took part in the actions of which Plaintiff complains.[FN6] *Id.* ¶ 4.

> FN6. Joseph Croughwell was appointed police chief on January 3, 1994 and served in that capacity until he was incapacitated by a work-related injury on or about June 8, 1999, at which time he went on leave and subsequently retired. Pl's Rule 56(a)(2) Statement ¶ 79. Deborah Barrows served as acting police chief from June 8, 1999 until July 17, 2000, at which point Robert Rudewicz was appointed acting police chief. *Id.* ¶ 80. Bruce Marquis was appointed police chief on December 4, 2000 and served in that capacity until December 31, 2003. *Id.* ¶ 81.

Plaintiff graduated from the State of Connecticut Police Academy in May of 1982 and thereafter joined the Hartford Police Department as a police officer, where he has remained employed for the past twenty-three years. *Id.* ¶ 5; Pl's Mem. Opp. Mot. Summ. J. at 2. Plaintiff contends that he " repeatedly and continuously sought promotion to the ranks of Sergeant and Lieutenant," continuing " without abatement" since he joined the department. Am. Compl. ¶ 5. Plaintiff also asserts that he has an "unblemished record" and "has received numerous awards and commendations for conduct in the course of his duties as a Hartford Police Officer." *Id.* ¶ 27; *see also* Pl's Aff. ¶ 24. Moreover, Plaintiff asserts that throughout his career with the Hartford Police Department, he has " advocated for equal treatment of minority police officers as well as white officers by the Hartford Police Department and for said Department to honor its obligations under *Cintron v. Vaughn.*" Am. Compl. ¶ 29; Pl's Aff. ¶ 26 (listing examples of Plaintiff's "various actions in defiance of

discrimination"). Plaintiff contends that "this advocacy has been viewed as threatening to those in power, including Defendants Croughwell, Barrows and Marquis and instigated them to seek to keep [him] from being promoted." Am. Compl. ¶ 29.

The Hartford Police Department's promotion practices were previously challenged in *Cintron v. Vaughn,* Docket No. 13,578 (D. Conn. June 21, 1973), a 1969 federal class action discrimination suit brought on behalf of minority residents of Hartford against several city officials, including the chief of police and the city manager. The *Cintron* plaintiffs sought relief for alleged constitutional improprieties in the operation of the Hartford Police Department and the case was eventually resolved by a consent decree approved by the Connecticut District Court in 1973. *See Cintron v. Vaughn,* No. 3:69-cv-13578, 2000 WL 620427, at *1 (D.Conn. Mar.15, 2000). Plaintiff contends that the consent decree mandated the appointment and promotion of minority employees in the Hartford Police Department. Am. Compl. ¶ 13. As noted in the Ruling on Defendants' Motion to Dismiss, however, Plaintiff has indicated that he is not pursuing a claim that the consent decree was violated. *See* Rul. Mot. Dismiss at 7.

Certain facts are admitted. Promotions within City of Hartford departments are made, in accordance with the City of Hartford Personnel Rules and Regulations, on the basis of merit and fitness, as ascertained by competitive examination. Pl's Rule 56(a)(2) Statement ¶ 1. After the candidates for promotion have completed an examination, an eligibility list containing the names of candidates who have successfully completed the exam, in order of their final earned rating, is established. *Id.* ¶ 2. That "promotional eligibility list" generally remains in effect for two years from the date on which it is established. *Id.* Rule VII of the City of Hartford Personnel Rules and Regulations provides that the Personnel Director may, with the approval of the Personnel Board, extend a promotional eligibility list for up to one year. *Id.* ¶ 3. Plaintiff contends, however, that, in practice, the Police Chief exercised the discretion to extend or not to extend eligibility lists or to promote or not to promote in the absence of a vacancy. *Id.* When promotional

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 1438649 (D.Conn.)
(Cite as: Slip Copy)

Page 8

vacancies do occur within a City of Hartford department, the Director of Personnel certifies to the department head names of eligible employees from the eligibility list, always certifying, if available, two more names than the number of existing vacancies. *Id.* ¶ 4. The department head is then authorized to make appointments from the list certified by the Director of Personnel. *Id.*

**\*8** Promotional examinations for the rank of police sergeant were announced in October of 1994, April of 1999 and November of 2003. *Id.* ¶¶ 5, 33, 59. All three examinations consisted of a written part, weighted forty-nine percent of the final score, and an oral part, weighted fifty-one percent of the final score. *Id.* ¶¶ 6, 34, 60.

The written portion of the 1995 examination was rented from the International Personnel Management Association ("IPMA") and was supported by a content validity study and psychometric analysis. *Id.* ¶ 7. The 1999 promotional examination was developed, administered and validated by Bruce Davey and Associates, a professional testing firm. *Id.* ¶ 35. Consultants, aided by staff from the Personnel Department, compiled the questions for the 2003 exam. *Id.* ¶ 61. Neither IPMA nor Bruce Davey and Associates was involved in any way with the 2003 written examination. *Id.* Plaintiff contends, however, that the form and content of the 2003 written examination, as observed by him during testing, appeared to be similar to that of the 1995 and 1999 examinations. *Id.* The written questions for the 1995 and 1999 examinations were based on a reading list which was provided to the candidates prior to the examination, with adequate study time. *Id.* ¶¶ 7, 35. For all three examinations, candidates participated in and were scored anonymously on the written examination. *Id.* ¶¶ 39, 63.

The oral part of the 1995 examination was prepared by staff from the City of Hartford Personnel Department with assistance from the oral panelists, none of whom were affiliated in any way with the City of Hartford. *Id.* ¶ 8. The City of Hartford Personnel Department staff trained the oral panelists, having them participate in mock panels

and rate mock candidates. *Id.* ¶ 11. The Personnel Department staff did not instruct panelists for the 1995 or 1999 oral examinations on how to rate particular candidates or groups of candidates. *Id.* ¶ 10, 38. The panels for the oral portion of the 1995 [FN7] and 1999 [FN8] sergeant examinations were made up of police officers from around the State of Connecticut, none of whom were employed by or affiliated with the City of Hartford. *Id.* ¶¶ 12, 37. After the panelists for the 1995 examination took part in a mock panel, they were grouped into three groups based on their rating styles: generous, strict and average. *Id.* ¶ 13. A panelist from each of the three groups was assigned to each oral panel in order to ensure balance in rating. *Id.* Moreover, the Personnel Department made an effort to diversify the panels on racial and ethnic grounds so that no panel would be all-white or all-black. *Id.* Defendants assert that to the extent possible, each candidate appeared before an oral panel which was representative of his or her racial/ethnic group and balanced in rating style. *Id.*

> FN7. The panelists for the 1995 sergeant examination were: Lieutenant Paul Samuels of the Connecticut State Police; Sergeant Carlos Gil of the Central Connecticut State University Police Department; Lieutenant Richard Arsenault of the Shelton Police Department; Lieutenant Darren Ouellette of the New Britain Police Department; Lieutenant Nelson Kearney of the Bridgeport Police Department; Lieutenant Clifford Spinner of the Willimantic Police Department; Lieutenant Lester McKoy of the Stamford Police Department; Sergeant Aida Remele of the Bridgeport Police Department; Lieutenant Samuel Beamon of the Waterbury Police Department; Lieutenant James Merrithew of the North Haven Police Department; Lieutenant Gregory Sneed of the Middletown Police Department; and Lieutenant Anjo Timmerman of the Enfield Police Department.

> FN8. The oral examiners were: Sergeant

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 9

Slip Copy, 2006 WL 1438649 (D.Conn.)
**(Cite as: Slip Copy)**

Willie Miller of the Wethersfield Police Department, a black male; Lieutenant Robert Craw, Jr. of the Bridgeport Police Department, a white male; Sergeant Karen Polhemu of the State Police, Troop E, a white female; Lieutenant Benjamin Chamble of the State Police, Troop A, a black male; Sergeant Liam Pesce of the Waterbury Police Department, a white male; Captain Edward Cass of the New Britain Police Department, a white male; Lieutenant Steven Fields of the State Police, Troop F, a black male; Captain Douglas J. Moran of the Waterbury Police Department, a white male; and Sergeant Edwin Villanueva of the Manchester Police Department, a hispanic male. Pl's Rule 56(a)(2) Statement ¶ 37.

For the 1995 examination, Plaintiff received a written score of 78.000 and an oral score of 84.1667, for a combined score of 81.145, which placed him fifty-fourth on the promotion eligibility list. *Id.* ¶ 17. Although it is admitted that Plaintiff's exam papers from the 1995 exam do not reflect any changes or erasures to the scores given by the oral panelists and that the final scores Plaintiff received were those given by the oral panelists, Plaintiff contends that the panelists scored his responses to the oral examination on pieces of scrap paper prior to giving Plaintiff a final grade and that he later observed that the scrap papers contained scores that were crossed out. *See id.* ¶ 18; Knight Aff. ¶ 17. It is admitted, however, that aside from Plaintiff's assertion that he "saw scraps of paper from the panelists with numbers crossed out," he has no evidence that the scores he received from the oral panelists on the 1995 exam were not an honest assessment of his performance on that exam. Pl's Rule 56(a)(2) Statement ¶ 19.

**\*9** Pursuant to certification lists provided to the Hartford Police Department on May 31, 1995, September 12, 1995, July 18, 1996 and August 1, 1996, the eligibles ranked one through twenty-eight and thirty-two through thirty-seven were promoted to the rank of captain. *Id.* ¶¶ 24-25. A certification list was again provided to the Hartford Police Department on May 8, 1997, this one

containing the names of eligibles ranked through forty-six. Defendants maintain that there were nine vacancies to be filled and that the eligibles ranked thirty-five and thirty-eight through forty-five were promoted. *Id.* ¶ 27. Plaintiff contends that the list provided should have contained the names of eligibles ranked thirty-eight through fifty-four because there were eighteen, rather than nine, vacancies.[FN9] *Id.* (citing Knight Aff. ¶¶ 10, 12). Moreover, Plaintiff contends that the eligible ranking twenty-nine retired on September 20, 1996, thus creating another vacancy. *Id.* The eligibles ranking forty-six, forty-seven, fifty through fifty-three and fifty-five were white; those ranking forty-eight and forty-nine were Hispanic; and the eligible ranking fifty-four (Plaintiff) was black. *Id.* ¶¶ 28-30.

    FN9. The Weekly Status Reports dated May 5 and May 19, 1997-attached as Exhibit A to the Kenton Affidavit-indicate that eighteen vacancies existed for the position of Sergeant. *See* Pl's Mem. Supp. Mot. Summ. J. at 7.

For the 1999 examination, Plaintiff received a score of 73.9583 on the oral examination and 73.1579 on the written examination, for a combined score of 73.5661, placing him fifty-ninth on the eligibility list. Pl's Rule 56(a)(2) Statement ¶ 49. Plaintiff has no evidence suggesting that these scores were not an honest assessment of his performance on the examination and has no evidence of any erasures or changes on the answer sheet of his 1999 written examination. *Id.* ¶¶ 50-51. On January 4, 2000, the Director of Personnel established an eligibility list which was set to expire on January 4, 2002, but was extended for an additional year by the Personnel Board, thus expiring on January 4, 2003. *Id.* ¶ 46. Certification lists were provided to the Hartford Police Department on January 4, 2000, January 29, 2001, July 10, 2002 and December 6, 2002, pursuant to which the eligibles ranked one through twenty-five, twenty-eight, thirty and thirty-one were promoted to the rank of captain.[FN10] *Id.* ¶¶ 57-58.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 1438649 (D.Conn.)
(Cite as: Slip Copy)

FN10. The eligible ranked twenty-seven retired on March 21, 2001. Pl's Rule 56(a)(2) Statement ¶ 57.

Following the 1999 written examination, Bruce Davey, of Bruce Davey and Associates, reported to Susan Comstock that the test results showed an adverse impact on black and Hispanic candidates, but concluded that "the results are defensible based on the test's validity." *Id.* ¶ 41 (citing Comstock Aff. ¶ 12; Oct. 27, 1999 letter from Bruce Davey and Associates). In or about December 1999, Susan Comstock became aware that Attorney Sydney Schulman, on behalf of the plaintiffs in *Cintron v. Vaughan,* Docket No. 13,578 (D. Conn. June 21, 1973), had questioned the validity of the written police sergeant promotional examination. *Id.* ¶ 42. Ms. Comstock provided a copy of Mr. Davey's November 1, 1999 communication to the Office of Corporation Counsel, which forwarded said communication to Attorney Schulman on or about December 29, 1999. *Id.* Ms. Comstock also directed Mr. Davey to respond to Attorney Schulman's questions and concerns. *Id.* ¶ 43. In a letter dated January 6, 2000, Mr. Davey responded, in great detail, to Attorney Schulman's questions and concerns and reaffirmed the validity of the 1999 written examination. *Id.* ¶ 44; Exh. 3 to Comstock Aff.

**\*10** Plaintiff also contends that in 2000, while Defendants Croughwell and Marquis were serving as Police Chiefs, Carroll Buracker and Associates conducted a Comprehensive Management Study of the Hartford Police Department. *See* Am. Compl. ¶ 19; Pl's Aff. at Exh. C. Plaintiff maintains that the Summary Recommendations from that study report " problems" with the oral examinations of officers for promotion and make recommendations for improvement. Am. Compl. ¶ 19; *see also* Pl's Aff. at Exh. C. Plaintiff contends that said recommendations have not been implemented. Am. Compl. ¶ 19.

Plaintiff took the 2003 police sergeant examination and received a score of 79.1667 on the oral examination and 77.0000 on the written examination, for a combined score of 78.1050, placing him fifty-fifth on the eligibility list. *Id.* ¶

69. Plaintiff has no evidence suggesting that these scores were not an honest assessment of his performance on the examination. *Id.* ¶ 72. An eligibility list for the position of Police Sergeant was established by the Director of Personnel on February 27, 2004 and scheduled to expire on February 27, 2006. *Id.* ¶ 65. Although Godfred Ansah, a Personnel Administrator for the City of Hartford, asserts that the 2003 examination was different from the ones administered in 1999 and 1995, *see* Ansah Aff. ¶¶ 6-7, Plaintiff asserts that Defendant Marquis "made no attempt to provide a neutral exam, other than the termination of the services of Davey and Associates and the use of an untested examination...." Pl's Mem. Supp. Mot. Summ. J. at 12.

Plaintiff maintains that he has been doing the work ordinarily assigned to a police captain since 2000 and that white officers working above their grade for six months or more have typically been compensated for and promoted to the grade in which they are actually working. Plaintiff contends that this same "policy" has not been applied to him. *Id.* at 12-13 (citing Pl's Aff. ¶ 24). In his Affidavit, Daryl Roberts, the Deputy Chief of Police for the Hartford Police Department, asserts that he " know[s] of instances in which a person has served in a position, in which a person having a higher rank usually serves, for a year or more and then been promoted to the level of that position, and this has been done without examination. Keith Knight has now served for a number of years in a position usually occupied by an officer of rank of Lieutenant or higher." Roberts Aff. ¶ 6.

### III. SUMMARY JUDGMENT

#### A. Standard of Review

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). No genuine issue of material fact exists and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 1438649 (D.Conn.)
**(Cite as: Slip Copy)**

summary judgment is therefore appropriate when " the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 69, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A material fact is one which "might affect the outcome of the suit under the governing law" and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Importantly, however, "[c]onclusory allegations will not suffice to create a genuine issue. " *Delaware & H.R. Co. v. Conrail,* 902 F.2d 174, 178 (2d Cir.1990).

*11 The moving party bears the burden of establishing that summary judgment is appropriate, *Anderson,* 477 U.S. at 255, however, when moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant can satisfy its burden of establishing that there is no genuine issue of material fact in dispute by pointing to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must ' designate specific facts showing that there is a genuine issue for trial." ' *Parker v. Sony Pictures Entm't, Inc.,* 260 F.3d 100, 111 (2d Cir.2001) (quoting *Celotex,* 477 U.S. at 324); *see also Gallo v. Prudential Residential Servs. Ltd. P'ship,* 22 F.3d 1219, 1223-24 (2d Cir.1994) ("The moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case."). The non-moving party, in order to defeat summary judgment, must then come forward with "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, the Court draws "all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits,

exhibits, and depositions in the light most favorable to the party opposing the motion." *Rodriguez v. City of N.Y.,* 72 F.3d 1051, 1060 (2d Cir.1995) (citations omitted). However, a party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading ." Fed.R.Civ.P. 56(e).

Determinations of the weight to accord evidence or assessments of the credibility of witnesses are improper on a motion for summary judgment as such are within the sole province of the jury. *Hayes v. N.Y. City Dep't of Corr.,* 84 F.3d 614, 619 (2d Cir.1996). "If reasonable minds could differ as to the import of the evidence ... and if ... there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 59 (2d Cir.1997) (internal citations omitted); *see also Matsushita,* 475 U.S. at 586 ("some metaphysical doubt as to the material facts" is insufficient for summary judgment); *Sologub v. City of New York,* 202 F.3d 175, 178 (2d Cir.2000) ("When reasonable persons applying the proper legal standards could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury.").

**B. Discussion**

*12 Plaintiff's claims against Defendants appear in a six-count Amended Complaint. Three of the six counts remain after this Court dismissed Counts Two, Four and Six in the November 1, 2004 Ruling on Defendants' Motion to Dismiss. *See* Nov. 1, 2004 Ruling [Doc. No. 15]. Plaintiff claims, pursuant to 42 U.S.C. § 1983, that Defendants violated his Fourteenth Amendment rights by retaliating against him by deliberately placing him low on the promotion lists ("Count One") and by using racially biased examinations and terminating the promotion lists in a racially-motivated way (" Count Three"). Am. Compl. ¶¶ 31, 34-35. Moreover, Plaintiff claims, pursuant to 42 U.S.C. § 1983, that Defendants violated the Equal Protection Clause of the Fourteenth Amendment by using and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 12

Slip Copy, 2006 WL 1438649 (D.Conn.)
**(Cite as: Slip Copy)**

relying on examinations known to be racially biased ("Count Five"). *Id.* ¶¶ 39-40.

### 1. *Statute of Limitations*

Defendants argue that Plaintiff's Amended Complaint, to the extent it is predicated on events occurring prior to June 15, 2001, is time-barred. *See* Defs' Mem. Supp. Mot. Summ. J. at 4-6. As found in this Court's Ruling on the Motion to Dismiss, the applicable limitation period is three years from the date of the act or omission complained of. *See* Conn. Gen.Stat. § 52-577; [FN11] *see also Lounsberry v. Jeffries,* 25 F.3d 131, 133-34 (2d Cir.1994). In *Lounsberry,* the Second Circuit held that because "Congress did not enact a statute of limitations governing actions brought under § 1983, the courts must borrow a state statute of limitations." 25 F.3d at 133. The Court, looking to Connecticut law, went on to find that "[u]nless there is such an explicit statutory provision, every tort claim governed by a Connecticut statute of limitations is subject to § 52-577's three-year period." *Id.* at 134; *see also Orticelli v. Powers,* 197 Conn. 9, 16, 495 A.2d 1023 (1985) (affirming that "the three year statute of limitations contained in General Statutes § 52-577[is] the operative statute of limitations in a § 1983 action").

> FN11. Connecticut General Statute § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

The events of which Plaintiff complains range from the 1995 examination (implicated by though not specified in Count Three of the Amended Complaint) through the 2003 examination. The original complaint was filed on June 15, 2004, fixing the limitations period as commencing on June 15, 2001. In the Ruling on Defendants' Motion to Dismiss, this Court denied Defendants' Motion to Dismiss on the ground that the claims were time-barred, finding that Plaintiff had alleged a continuing course of discriminatory conduct rather than discrete acts. *See* Rul. Mot. Dismiss at 4-5.

The Court noted that although discrete acts occurring prior to June 15, 2001 would be barred by the statute of limitations, under the continuing violation theory, individual acts done in furtherance of a continuing, overarching discriminatory policy or mechanism are not. *Id.* at 5, 495 A.2d 1023 (citing *Lambert v. Genessee Hosp.,* 10 F.3d 46, 53 (2d Cir.1993); *Patterson v. County of Oneida,* 375 F.3d 206, 220 (2d Cir.2004)). For purposes of the Motion to Dismiss, the Court credited Plaintiff's allegations as true and afforded him the benefit of all inferences reasonably drawn in his favor. *See* Rul. Mot. Dismiss at 5. For purposes of the Motion for Summary Judgment, however, Plaintiff is required to produce evidence showing that his case falls within the continuing violation exception, i.e., that any acts complained of that occurred prior to June 15, 2001 were done in furtherance of the alleged policy or practice of racial discrimination and/or retaliation. *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 907 (2d Cir.1997) ("Although the mere allegation of the existence of [a discriminatory] policy would be sufficient to withstand a challenge for failure to state a claim, something more is required to avoid summary judgment on the issue."); *see also Weeks v. New York State,* 273 F.3d 76, 82-83 (2d Cir.2001) (holding that "the continuing violation exception applies only where there are 'specific' or 'identifiable' discriminatory customs or practices, or specific and related acts that are tantamount to such customs or policies"). If Plaintiff is unable to produce such evidence, the allegations in the Amended Complaint, insofar as they are predicated on events occurring prior to June 15, 2001, will be dismissed as untimely.

**\*13** Plaintiff first complains about the 1995 police sergeant eligibility list, alleging that Defendants Croughwell, the Hartford Police Department and the City of Hartford "closed down" the 1995 police sergeant eligibility list in 1997, when "the next three persons in line for appointment were minority officers," including Plaintiff. Am. Compl. ¶ 14. The next event of which Plaintiff complains is the 1999 police sergeant examination, alleged to be racially biased. Am. Compl. ¶ 15. Defendants argue that because these "events are not only more than two years apart in time with nothing

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.