Westlaw.

858 A.2d 899

Page 1

49 Conn.Supp. 15, 858 A.2d 899
(Cite as: 49 Conn.Supp. 15, 858 A.2d 899)

C

Superior Court of Connecticut,Judicial District of Danbury.
Mary Jane SKROBACZ
v.
Peter E. SWEENEY et al.
No. CV-01-0344015S.

Oct. 1, 2003.

**Background:** Woman who had been involved in a romantic relationship with a managerial employee of town brought negligence, negligent infliction of emotional distress, and indemnification action against town, town's first selectwoman, and town police after employee filed stolen car report with town police. Town, first selectwoman, and police moved for summary judgment.

**Holdings:** The Superior Court, Judicial District of Danbury, White, J., held that:

(1) town employee was not acting within the scope of employment when he committed the allegedly tortious acts;

(2) the identifiable person/imminent harm exception to government immunity was not applicable to claim of negligence and negligent infliction of emotional distress which woman brought against first selectwoman;

(3) the identifiable person/imminent harm exception to government immunity was not applicable to claims woman brought against town police officers; and

(4) officers had probable cause to detain woman following employee's stolen car report, and thus were immune from woman's § 1983 claim.

Summary judgment granted for town and town police.

West Headnotes

**[1] Judgment 228 ☞251(1)**

228 Judgment
   228VI On Trial of Issues
     228VI(C) Conformity to Process, Pleadings, Proofs, and Verdict or Findings
       228k247 Conformity to Pleadings and Proofs
         228k251 Issues Raised by Pleadings
           228k251(1) k. In General. Most Cited Cases
The right of a plaintiff to recover is limited to the allegations made in the complaint.

**[2] Municipal Corporations 268 ☞220(1)**

268 Municipal Corporations
   268V Officers, Agents, and Employees
     268V(C) Agents and Employees
       268k220 Compensation
         268k220(1) k. In General. Most Cited Cases
Although entitled "assumption of liability for damage caused by employees," indemnification statute imposes no liability upon a municipality for breach of any statutory duty of its own; rather, obligation imposed by statute is indemnification for the legal liability arising out of certain tortious conduct of a municipal employee, and a municipality's liability is derivative. C.G.S.A. § 7-465.

**[3] Municipal Corporations 268 ☞220(1)**

268 Municipal Corporations
   268V Officers, Agents, and Employees
     268V(C) Agents and Employees
       268k220 Compensation
         268k220(1) k. In General. Most Cited

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

858 A.2d 899                                                                                                     Page 2

49 Conn.Supp. 15, 858 A.2d 899
**(Cite as: 49 Conn.Supp. 15, 858 A.2d 899)**

Cases
A plaintiff bringing suit under indemnification statute applicable to municipalities first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof; only then may the plaintiff go on to allege and prove the municipality's liability by indemnification, and thus any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual. C.G.S.A. § 7-465.

**[4] Municipal Corporations 268 ⇔220(1)**

268 Municipal Corporations
    268V Officers, Agents, and Employees
        268V(C) Agents and Employees
            268k220 Compensation
                268k220(1) k. In General. Most Cited Cases
While indemnification statute provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance. C.G.S.A. § 7-465.

**[5] Municipal Corporations 268 ⇔220(1)**

268 Municipal Corporations
    268V Officers, Agents, and Employees
        268V(C) Agents and Employees
            268k220 Compensation
                268k220(1) k. In General. Most Cited Cases
A claim under municipal indemnification statute should contain two counts, one against the agent, and the second against the municipality in indemnification. C.G.S.A. § 7-465.

**[6] Towns 381 ⇔45**

381 Towns
    381III Property, Contracts, and Liabilities
        381k45 k. Torts. Most Cited Cases
A town is liable for the tortious acts of its employee only if the employee was acting in the performance of his duties and within the scope of his employment. C.G.S.A. § 7-465.

**[7] Labor and Employment 231H ⇔3045**

231H Labor and Employment
    231HXVIII Rights and Liabilities as to Third Parties
        231HXVIII(B) Acts of Employee
            231HXVIII(B)1 In General
                231Hk3044 Scope of Employment
                    231Hk3045 k. In General. Most Cited Cases
For purposes of a master's liability for a servant's tortious conduct, the servant acts within the "scope of employment" while engaged in the service of the master, and "scope of employment" is not synonymous with the phrase "during the period covered by his employment."

**[8] Labor and Employment 231H ⇔3047**

231H Labor and Employment
    231HXVIII Rights and Liabilities as to Third Parties
        231HXVIII(B) Acts of Employee
            231HXVIII(B)1 In General
                231Hk3044 Scope of Employment
                    231Hk3047 k. Departures in General. Most Cited Cases
While a servant may be acting within the scope of his employment when his conduct is negligent, disobedient and unfaithful that does not end the inquiry into whether the master is vicariously liable for the servant's tortious conduct; rather, the vital inquiry is whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was engaged in an abandonment of the master's business.

**[9] Labor and Employment 231H ⇔3046(1)**

231H Labor and Employment
    231HXVIII Rights and Liabilities as to Third Parties
        231HXVIII(B) Acts of Employee
            231HXVIII(B)1 In General
                231Hk3044 Scope of Employment
                    231Hk3046 Furtherance of Employer's Business

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

858 A.2d 899                                                                                          Page 3
49 Conn.Supp. 15, 858 A.2d 899
**(Cite as: 49 Conn.Supp. 15, 858 A.2d 899)**

231Hk3046(1) k. In General. Most Cited Cases
Unless the employee was actuated at least in part by a purpose to serve a principal, the principal is not vicariously liable for the employee's tortious conduct.

**[10] Towns 381 ⇐45**

381 Towns
    381III Property, Contracts, and Liabilities
        381k45 k. Torts. Most Cited Cases
Managerial employee of town was not acting within the "scope of employment" when he allegedly committed tortious acts of having woman he was dating purchase antique car for him, retain possession of car even though she provided money to buy it, and file stolen car report with town police when woman obtained possession of car, and thus town was not liable for indemnification, though town provided laptop computer and cellular phone that allowed him to contact woman, as employee's responsibilities did not include any of the activities related to his relationship with woman. C.G.S.A. § 7-465.

**[11] Municipal Corporations 268 ⇐723**

268 Municipal Corporations
    268XII Torts
        268XII(A) Exercise of Governmental and Corporate Powers in General
            268k723 k. Nature and Grounds of Liability. Most Cited Cases
In deciding whether an action is barred by the doctrine of governmental immunity, the court looks to see whether there is a public or private duty alleged by the plaintiff.

**[12] Municipal Corporations 268 ⇐723**

268 Municipal Corporations
    268XII Torts
        268XII(A) Exercise of Governmental and Corporate Powers in General
            268k723 k. Nature and Grounds of Liability. Most Cited Cases

**Officers and Public Employees 283 ⇐116**

283 Officers and Public Employees
    283III Rights, Powers, Duties, and Liabilities
        283k115 Liabilities for Negligence or Misconduct
            283k116 k. In General. Most Cited Cases
If the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution; on the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.

**[13] Officers and Public Employees 283 ⇐114**

283 Officers and Public Employees
    283III Rights, Powers, Duties, and Liabilities
        283k114 k. Liabilities for Official Acts. Most Cited Cases
If a public duty exists, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applies.

**[14] Municipal Corporations 268 ⇐727**

268 Municipal Corporations
    268XII Torts
        268XII(A) Exercise of Governmental and Corporate Powers in General
            268k727 k. Duties Absolutely Imposed. Most Cited Cases

**Municipal Corporations 268 ⇐728**

268 Municipal Corporations
    268XII Torts
        268XII(A) Exercise of Governmental and Corporate Powers in General
            268k728 k. Discretionary Powers and Duties. Most Cited Cases
Although the public duty doctrine provides the starting point of the analysis of whether an action against a public official is barred by governmental immunity, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

858 A.2d 899                                                                                                           Page 4
49 Conn.Supp. 15, 858 A.2d 899
**(Cite as: 49 Conn.Supp. 15, 858 A.2d 899)**

**[15] Municipal Corporations 268 ⟲744**

268 Municipal Corporations
    268XII Torts
        268XII(B) Acts or Omissions of Officers or Agents
            268k744 k. Liability of Officers or Agents. Most Cited Cases
A municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act.

**[16] Municipal Corporations 268 ⟲727**

268 Municipal Corporations
    268XII Torts
        268XII(A) Exercise of Governmental and Corporate Powers in General
            268k727 k. Duties Absolutely Imposed. Most Cited Cases

**Municipal Corporations 268 ⟲728**

268 Municipal Corporations
    268XII Torts
        268XII(A) Exercise of Governmental and Corporate Powers in General
            268k728 k. Discretionary Powers and Duties. Most Cited Cases
For purposes of the doctrine of governmental immunity, governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature; on the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.

**[17] Municipal Corporations 268 ⟲728**

268 Municipal Corporations
    268XII Torts
        268XII(A) Exercise of Governmental and Corporate Powers in General
            268k728 k. Discretionary Powers and Duties. Most Cited Cases
The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: (1) where the circumstances make it apparent to the employee that his or her failure to act would be likely to subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and (3) where the alleged acts involve malice, wantonness, or intent to injure, rather than negligence.

**[18] Officers and Public Employees 283 ⟲114**

283 Officers and Public Employees
    283III Rights, Powers, Duties, and Liabilities
        283k114 k. Liabilities for Official Acts. Most Cited Cases
The identifiable/imminent harm exception to governmental immunity for government employees applies not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims.

**[19] Officers and Public Employees 283 ⟲114**

283 Officers and Public Employees
    283III Rights, Powers, Duties, and Liabilities
        283k114 k. Liabilities for Official Acts. Most Cited Cases
In order to invoke the identifiable/imminent harm exception to governmental immunity for government employees a plaintiff must demonstrate that she was not only within a narrowly defined class of foreseeable victims, but also subject to imminent harm.

**[20] Officers and Public Employees 283 ⟲114**

283 Officers and Public Employees
    283III Rights, Powers, Duties, and Liabilities
        283k114 k. Liabilities for Official Acts. Most Cited Cases
An individual may be "identifiable" for purposes of the identifiable/imminent harm exception to qualified governmental immunity if the harm occurs within a limited temporal and geographical zone, involving a temporary condition.

**[21] Officers and Public Employees 283 ⟲114**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

858 A.2d 899                                                                                                 Page 5
49 Conn.Supp. 15, 858 A.2d 899
**(Cite as: 49 Conn.Supp. 15, 858 A.2d 899)**

283 Officers and Public Employees
    283III Rights, Powers, Duties, and Liabilities
        283k114 k. Liabilities for Official Acts. Most Cited Cases
In order to be an identifiable or foreseeable victim and invoke the identifiable/imminent harm exception to government immunity, there must be some basis upon which the defendant could have distinguished the plaintiff from other members of the general public.

**[22] Towns 381 &#9755;45**

381 Towns
    381III Property, Contracts, and Liabilities
        381k45 k. Torts. Most Cited Cases
The identifiable person/imminent harm exception was not applicable to claim of negligence and negligent infliction of emotional distress which woman who dated managerial employee of town brought against first selectwoman of town, and thus such claims were barred by the doctrine of governmental immunity, where woman had purchased antique car for employee without having a written agreement regarding the purchase arrangement, employee contacted town's selectwoman once on town-owned cellular phone while employee and woman were on a date, and employee filed stolen car report with town police when woman obtained possession of car.

**[23] Municipal Corporations 268 &#9755;747(3)**

268 Municipal Corporations
    268XII Torts
        268XII(B) Acts or Omissions of Officers or Agents
            268k747 Particular Officers and Official Acts
                268k747(3) k. Police and Fire. Most Cited Cases
The operation of a police department is a governmental function, and acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality.

**[24] Towns 381 &#9755;45**

381 Towns
    381III Property, Contracts, and Liabilities
        381k45 k. Torts. Most Cited Cases
The investigation of stolen car report filed by town managerial employee conducted by town police officers in which woman was questioned was in the exercise of officer's duties and a discretionary, not a ministerial act, to which the defense of governmental immunity attached absent an exception, for purposes of determining whether negligent and negligent infliction of emotional distress claims brought by woman, who had dated town managerial employee and financed purchase of employee's antique car, were barred by the doctrine of government immunity.

**[25] Towns 381 &#9755;45**

381 Towns
    381III Property, Contracts, and Liabilities
        381k45 k. Torts. Most Cited Cases
The identifiable person/imminent harm exception was not applicable to claim of negligence and negligent infliction of emotional distress which woman who dated managerial employee of town brought against town police officers who investigated stolen car report filed by town managerial employee, and thus such claims were barred by the doctrine of governmental immunity, where car was titled and registered with employee, woman had purchased antique car for employee without having a written agreement regarding the purchase arrangement, and officers never deprived woman of any property by telling her that they would not arrest her if she returned car to employee.

**[26] Civil Rights 78 &#9755;1304**

78 Civil Rights
    78III Federal Remedies in General
        78k1304 k. Nature and Elements of Civil Actions. Most Cited Cases
To state a cause of action under § 1983, a plaintiff must allege that a deprivation of federal rights has occurred under color of any statute, ordinance, regulation, custom or usage. 42 U.S.C.A. § 1983.

**[27] Civil Rights 78 &#9755;1376(6)**

78 Civil Rights

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

858 A.2d 899                                                                                                                                Page 6
49 Conn.Supp. 15, 858 A.2d 899
**(Cite as: 49 Conn.Supp. 15, 858 A.2d 899)**

    78III Federal Remedies in General
        78k1372 Privilege or Immunity; Good Faith and Probable Cause
            78k1376 Government Agencies and Officers
                78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
Police officers are entitled to qualified immunity from civil actions arising from § 1983 claims for discretionary actions. 42 U.S.C.A. § 1983.

**[28] Civil Rights 78 €⇒1376(2)**

78 Civil Rights
    78III Federal Remedies in General
        78k1372 Privilege or Immunity; Good Faith and Probable Cause
            78k1376 Government Agencies and Officers
                78k1376(2) k. Good Faith and Reasonableness; Knowledge and Clarity of Law; Motive and Intent, in General. Most Cited Cases
Defense of qualified immunity shields government officials from civil liability under § 1983 if the official's conduct did not violate constitutional rights that were clearly established at the pertinent time or if it was objectively reasonable for the official to believe that the conduct did not violate such rights. 42 U.S.C.A. § 1983.

**[29] Civil Rights 78 €⇒1376(6)**

78 Civil Rights
    78III Federal Remedies in General
        78k1372 Privilege or Immunity; Good Faith and Probable Cause
            78k1376 Government Agencies and Officers
                78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
As a general rule, police officers are entitled to qualified immunity from a cause of action under § 1983 if: (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights. 42 U.S.C.A. § 1983.

**[30] Civil Rights 78 €⇒1376(6)**

78 Civil Rights
    78III Federal Remedies in General
        78k1372 Privilege or Immunity; Good Faith and Probable Cause
            78k1376 Government Agencies and Officers
                78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
Plaintiffs may not unwrap a public officer's cloak of immunity from suit under § 1983 simply by alleging even meritorious factual disputes relating to probable cause, when those controversies are nevertheless not material to the ultimate resolution of the immunity issue. 42 U.S.C.A. § 1983.

**[31] Civil Rights 78 €⇒1376(6)**

78 Civil Rights
    78III Federal Remedies in General
        78k1372 Privilege or Immunity; Good Faith and Probable Cause
            78k1376 Government Agencies and Officers
                78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
The qualified immunity defense of a police officer from § 1983 claims is intended to strike a fair balance between the need to provide a realistic avenue for vindication of constitutional guarantees, and the need to protect public officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority.

**[32] Civil Rights 78 €⇒1376(6)**

78 Civil Rights
    78III Federal Remedies in General
        78k1372 Privilege or Immunity; Good Faith and Probable Cause
            78k1376 Government Agencies and Officers
                78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
In determining whether a police officer's actions were objectively reasonable and thus whether the officer was entitled to qualified immunity from a § 1983 claim, a court should ask whether the agent acted reasonably under settled law in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

858 A.2d 899

Page 7

49 Conn.Supp. 15, 858 A.2d 899
**(Cite as: 49 Conn.Supp. 15, 858 A.2d 899)**

circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be construed after the fact. 42 U.S.C.A. § 1983.

[33] Civil Rights 78 ⇌1376(6)

78 Civil Rights
   78III Federal Remedies in General
      78k1372 Privilege or Immunity; Good Faith and Probable Cause
         78k1376 Government Agencies and Officers
            78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
A police officer has acted in an objectively unreasonable manner, and thus is not entitled to qualified immunity from a § 1983 claim, when no officer of reasonable competence could have made the same choice in similar circumstances. 42 U.S.C.A. § 1983.

[34] Arrest 35 ⇌63.5(5)

35 Arrest
   35II On Criminal Charges
      35k63.5 Investigatory Stop or Stop-And-Frisk
         35k63.5(3) Grounds for Stop or Investigation
            35k63.5(5) k. Particular Cases. Most Cited Cases

Civil Rights 78 ⇌1376(6)

78 Civil Rights
   78III Federal Remedies in General
      78k1372 Privilege or Immunity; Good Faith and Probable Cause
         78k1376 Government Agencies and Officers
            78k1376(6) k. Sheriffs, Police, and Other Peace Officers. Most Cited Cases
Town police officers had probable cause to detain woman who had been dating town managerial employee for taking car without employee's permission following employee's stolen car report, and thus were entitled to immunity from woman's § 1983 claim, where employee was the legal owner of record of the car, woman was never arrested, and woman was detained only as long as she was questioned as part of the investigation. 42 U.S.C.A. § 1983; C.G.S.A. § 53a-119b.

**\*\*903** Mitchell M. Berger, Waterbury, for the plaintiff.
Loughlin, Fitzgerald, Kamp, Henrici, Molloy, Rizzo & Reed, for the named defendant.
Maher & Murtha, Bridgeport, for the defendant Judy Novachek et al.WHITE, J.

I

FACTS

The plaintiff, Mary Jane Skrobacz, has filed a seventeen count complaint against the named defendant, Peter E. Sweeney, and defendants Judy Novachek, first selectwoman for the town of Bethel (town), the town and Matthew DiRago and David Bruckenthal, town police officers. Counts one through nine allege causes of action against Sweeney,[FN1] a managerial employee of the town, and are not the subject of the motion for summary judgment currently before the court. Count ten seeks indemnification from the town pursuant to General Statutes § 7-465 for Sweeney's negligence. Counts eleven and twelve assert claims in negligence and negligent infliction of emotional distress, respectively, against Novachek. Count thirteen asserts a claim against the town for indemnification pursuant **\*17** to § 7-465 for Novachek's negligence. Counts fourteen and fifteen **\*\*904** assert claims in negligence and negligent infliction of emotional distress, respectively, against officers DiRago and Bruckenthal. Count sixteen asserts a claim for indemnification from the town pursuant to § 7-465 for the negligence of DiRago and Bruckenthal. Count seventeen asserts violations of 42 U.S.C. §§ 1983 and 1988 against DiRago, Bruckenthal and Sweeney.

    FN1. Counts one through nine allege the following causes of action: count one, breach of contract; count two, unjust enrichment; count three, resulting trust;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

858 A.2d 899

Page 8

49 Conn.Supp. 15, 858 A.2d 899
**(Cite as: 49 Conn.Supp. 15, 858 A.2d 899)**

count four, constructive trust; count five, material misrepresentation; counts six and seven, actions sounding in debt; count eight, negligence; and, count nine, negligent infliction of emotional distress.

Paragraphs one through forty, which are set out at the beginning of the plaintiff's complaint and are incorporated by reference in all seventeen counts, allege the following facts. A relationship between the plaintiff and Sweeney began following Sweeney's contact with the plaintiff over the Internet on June 2, 2001. Shortly thereafter, they met in person and began seeing each other on a regular basis. During the course of their relationship, they discovered they both liked classic, antique cars and car shows. Because Sweeney was having some financial difficulties, the plaintiff agreed to and did lend him $2000.

On June 30, 2001, the plaintiff and Sweeney attended a car show, at which time they agreed to purchase a 1956 Chevrolet B-210 for $15,500. The plaintiff paid for the vehicle and placed title and registration in Sweeney's name, but with the understanding that he was to garage the vehicle and she would retain beneficial ownership with unrestricted access to it.

The plaintiff also provided Sweeney with money for car parts in the amount of $600. Toward the latter part of July, the plaintiff believed that he was losing interest in their relationship. She became worried about the condition of the car, because she knew that Sweeney was not housing it in a garage, and that he might not convey title and possession to her. On August 17, 2001, she drove to his cottage and, using her key to the car, drove the vehicle to her home. Sweeney filed a stolen *18 car report and provided the town's police department with the plaintiff's phone number. The police contacted the plaintiff and informed her that Sweeney wanted his car returned. Irrespective of her protestations that the car was really hers, the police requested that she come to police headquarters. She brought proof of payment for the car but, nonetheless, agreed to sign a statement that she would return the vehicle to Sweeney and did so.

On July 18, 2002, Novachek, the town, DiRago and Bruckenthal (hereinafter referred to collectively as the defendants) filed an answer and asserted a special defense to counts eleven, fourteen, fifteen and seventeen. The special defense alleges that "[p]ursuant to the doctrine of qualified governmental immunity and of governmental immunity as set forth in [General Statutes] § 52-557n," the defendants are immune from liability.

On February 13, 2003, the defendants filed a motion for summary judgment on counts ten through seventeen. The defendants assert that they are entitled to summary judgment as a matter of law on count ten "as it is indisputable from the plaintiff's allegations and the facts of the case that at no time was Peter Sweeney acting within the scope of his employment and therefore the plaintiff is not entitled to relief pursuant to § 7-465." The defendants have moved for summary judgment on counts eleven, twelve, fourteen, fifteen and seventeen on the ground that the claims alleged in those counts are barred by the doctrine of governmental immunity.$^{FN2}$ The defendants provide as an alternative ground for summary judgment on count twelve that the plaintiff has not **905 pleaded the essential elements for a claim of negligent infliction of emotional distress. The defendants move for summary judgment on counts thirteen *19 and sixteen on the ground that if summary judgment is granted as to the negligence claims alleged against Novachek, DiRago and Bruckenthal, the plaintiff's claims for indemnification pursuant to § 7-465 necessarily must fail. The memorandum of law filed in support of the defendants' motion for summary judgment is accompanied by six attachments. On March 13, 2003, the plaintiff filed a memorandum of law in opposition to the defendants' motion for summary judgment accompanied by eleven attachments. The defendants filed a reply with five additional attachments on March 31, 2003. On May 12, 2003, the plaintiff filed an errata sheet to the memorandum in opposition to the motion for summary judgment.

FN2. Although the defendants did not direct their special defense of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

858 A.2d 899 Page 9
49 Conn.Supp. 15, 858 A.2d 899
**(Cite as: 49 Conn.Supp. 15, 858 A.2d 899)**

governmental immunity to count twelve, they argue it in their memorandum of law.

II

DISCUSSION

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Gould v. Mellick & Sexton,* 263 Conn. 140, 146, 819 A.2d 216 (2003). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Pelletier v. Sordoni/Skanska Construction Co.,* 264 Conn. 509, 514, 825 A.2d 72 (2003). "[S]ummary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) *Avon Meadow Condominium Assn., Inc. v. Bank of Boston Connecticut,* 50 Conn.App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998).

"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, *20 but rather to determine whether any such issues exist." *Nolan v. Borkowski,* 206 Conn. 495, 500, 538 A.2d 1031 (1988). "As the party moving for summary judgment, the [movant] is required to support its motion with supporting documentation, including affidavits." *Heyman Associates No. 1 v. Ins. Co. of Pennsylvania,* 231 Conn. 756, 796, 653 A.2d 122 (1995). "[T]he party opposing ... a motion [for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Schilberg Integrated Metals Corp. v. Continental Casualty Co.,* 263 Conn. 245, 252, 819 A.2d 773 (2003). "It is not enough ... for the opposing party merely to assert the existence of ... a disputed issue. Mere assertions of fact ... are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Id., at 252-53, 819 A.2d 773. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) *Great Country Bank v. Pastore,* 241 Conn. 423, 436, 696 A.2d 1254 (1997) citing Practice Book § 17-46.

A

Count Ten of the Complaint

The defendants move for summary judgment on count ten on the ground that there are no genuine issues of material fact and they are entitled to judgment as a **906 matter of law because at no time was Sweeney acting within the scope of his employment, and, therefore, the plaintiff is not entitled to relief pursuant to § 7-465. The defendants argue that it is undisputed that Sweeney's relationship and actions with regard to dating the plaintiff as alleged in counts one, two and five through nine were romantic in nature and not within the scope of his *21 employment. In support of their motion, the defendants submit the following evidence: (1) sworn to and subscribed affidavits of DiRago, Bruckenthal and Novachek; (2) excerpts of an uncertified deposition of the plaintiff; [FN3] and (3) answers to interrogatories by the plaintiff.

> FN3. Uncertified excerpts of deposition testimony do not comply with Practice Book § 17-45 that requires "certified transcripts of testimony under oath...." Therefore, this court cannot consider these documents in deciding the present motion.

[1] The plaintiff argues in opposition that genuine issues of material fact exist as to whether Sweeney was acting within the scope and course of his employment during the time period covered by the acts complained of and whether the town ratified his actions, thereby obviating the defense of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.