UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.: 3:02-CV-01350 (CFD) |
| v. | : | |
| JAMES F. DAIGLE, JR., ET AL | : | OCTOBER 26, 2006 |

**PLAINTIFFS MOTION FOR CONSOLIDATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**I. Introduction and Factual Background**

The plaintiff, Kristen Ejchorszt, hereby moves the Court to consolidate the following three actions, all pending in this district: *Melanie Wilson v. City of Norwich, Et al*, Docket No.: 3:02-cv-0026 (CFD), *Kristin Ejchorszt v. James F. Daigle, Jr., Et al*, Docket No.: 3:02-cv-01350 (CFD), and *Theresa Earl v. James F. Daigle, Jr., Et al*, Docket No.: 3:03-cv-01323 (SRU). All three plaintiffs consent to the Motion to Consolidate and identical motions are being filed by plaintiffs' counsel in the other cases.

All three cases involve the defendants, James F. Daigle, City of Norwich and Louis Fusaro. All three cases involve allegations that the defendant, Daigle, while acting as a police officer for the City of Norwich, took nude and improper photographs of the three plaintiffs, who had all volunteered to assist the Norwich police.

1

All three incidents were investigated as part of the same internal investigation by the City of Norwich police department.

All three incidents involve very similar facts and virtually identical legal issues.

## II. These Actions Involve Common Questions of Law and Fact and Are Appropriate for Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all of the matters in issue in the action; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

The purpose of Rule 42(a) "…is to give the Court broad discretion to decide how cases on its docket are to be tried so that the business of the Court may be dispatched with expedition and economy while providing justice to the parties." C. Wright and A. Miller, Federal Practice and Procedure, Section 2381 (1971); *Hines v. Hillside Children's Center*, 73 F.Supp.2d 308, 310 (W.D.N.Y. 1999) (consolidating three separate plaintiffs' actions involving same facts and legal issues against common defendants). Even if there are some questions that are not common, consolidation is not precluded. *Batazzi v. Petroleum Helicopters, Inc.,* 664 F. 2d, 49, 50 (5th Cir. 1981*); Popejoy v. Fladung,* 14 F.R.D. 450 (W.D.Mo. 1953) (no danger of confusing jury on each plaintiff's damage claims, citing Second Circuit cases); *See Central Motor Co. v. United States,* 583 F. 2d, 470 (10th Cir. 1978*).*

These actions are substantially related for purposes of consolidation. Where, as here, separate "suits arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate and will serve the purpose of 'trial convenience and economy in administration.'" *De Figueiredo v. Trans World Airlines, Inc.*, 55 F.R.D. 44, 46 (S.D.N.Y. 1971) (ordering consolidation). Although they were initiated as separate actions, these cases involve almost identical facts involving the same defendants and raise identical legal issues. It is anticipated that the majority of the witnesses will overlap in these cases and many of the exhibits will be identical.

The Court has broad discretion in determining whether consolidation is practical. *Atlantic States Legal Foundation, Inc. v. Koch Refinancing Company,* 681 F. Supp. 609, 615 (D. Minn., 1988). In exercising this discretion, the Court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *Hendrix v. Raybestos-Manhattan, Inc.* 776 F. 2d 1492, 1495 (11th Cir. 1985). These three cases present a strong case for consolidation. Combining these cases will prevent duplicative proceedings, thus saving the Court and the parties substantial resources.

### III. Conclusion

In the interest of efficiency and judicial economy, the plaintiff, Kristen Ejchorszt, requests that the Court grant her Motion to Consolidate the following three actions: *Melanie Wilson v. City of Norwich, Et al*, Docket No.: 3:02-cv-0026 (CFD), *Kristin*

*Ejchorszt v. James F. Daigle, Jr., Et al*, Docket No.: 3:02-cv-01350 (CFD), and *Theresa Earl v. James F. Daigle, Jr., Et al*, Docket No.: 3:03-cv-01323 (SRU)r  for purposes of further proceedings before the Court.

        THE PLAINTIFF,
        KRISTEN EJCHORSZT


BY_____/s/_____
  Barbara L. Cox
  Fed. Bar # Ct08523
  The Gallagher Law Firm
  P.O. Box 1925
  New Haven, CT 06509
  (203) 624-4165
  (202) 865-5598 (fax)


**CERTIFICATION OF SERVICE**

I hereby certify that on October 26, 2006, a copy of the foregoing Plaintiff's Motion for Consolidation and Memorandum of Law in Support Thereof was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
Barbara L. Cox