UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | CIVIL ACTION<br>NO. 3:02 CV1350 (CFD) |
| V. | : | |
| JAMES F. DAIGLE, JR., LOUIS J. FUSARO,<br>MARK LOUNSBURY, POLICE DEPT. OF<br>THE CITY OF NORWICH, AND CITY OF<br>NORWICH | :<br>:<br>:<br>: | NOVEMBER 15, 2006 |

## OBJECTION TO PLAINTIFF'S MOTION TO CONSOLIDATE

The undersigned, on behalf of the defendant, James F. Daigle, Jr. ("Daigle"), respectfully objects to the Plaintiff's Motion for Consolidation of three separate and distinct actions against him and the Town of Norwich. The undersigned will show that these actions are not appropriate for consolidation and will be substantially prejudicial to Daigle.

**I.   FACTUAL BACKGROUND**

By motion, dated October 26, 2006, the plaintiff moved the Court to consolidate three actions, currently all pending in this district. These actions are identified as Melanie Wilson v City of Norwich, et al, Case No. 3:02-cv-0026 (CFD), Kristin Ejchorszt v James F. Daigle, Jr., et al, Case No. 3:02-cv-01350 (CFD), and Theresa Earl v James F. Daigle, Jr., et al, Case No 3:03-cv-01323 (SRU). In support of her motion, the plaintiff represented that all three plaintiffs consent to the consolidation

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and the identical motions are being filed. The Court should note that none of the other plaintiffs have filed Motions to Consolidate as of the date of this objection.

The undersigned would agree that there is no dispute that all three matters involve allegations that the undersigned Daigle took nude and improper photographs of the three plaintiffs and that very similar broad allegations were brought against Daigle by the three plaintiffs. However, that is where the similarities end. These cases are not appropriate for consolidation based on the fact that they contain substantially different factual analysis and do not involve common questions of law or fact. In fact, a review of the complaints for each of the three cases appears very similar, as if the plaintiffs were working together, and do not reflect the distinct factual and legal differences. In support of this opposition, the undersigned will identify for the Court the distinct factual and legal issues in these actions which require them to remain as individual actions.

## II. LEGAL ARGUEMENT

The Federal Rules of Civil Procedure Rule 42(a) provides that

> "[w]hen actions involving a common question of law or fact are pending before the court, ⋯ [the court] may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The Court is clear that upon finding that the actions involve common questions of law or fact, this Court "has broad discretion in determining whether consolidation is appropriate," and must balance the efficiency gained through consolidation against

2



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

possible prejudice to the parties. Johnson v. Kerney, 1993 WL 547466 at *6 (E.D.N.Y.1993) (J. Sifton) (citing Hendrix v. Raybestos-Manhattan, Inc. 776 F.2d 1492 (11th Cir.1985)).

The undersigned defendant Daigle agrees that the trial court has broad discretion to determine whether consolidation is appropriate. In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation. However, the discretion to consolidate is not unfettered. Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir.) (citations omitted), cert. denied, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990); see also Flintkote Co. v. Allis-Chalmers Corp., 73 F.R.D. 463, 464 (S.D.N.Y.1977) ("consolidation should not be ordered if it would prejudice defendant"). In Johnson, the court noted that a court considering a consolidation must consider:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

899 F.2d at 1285 (alteration in original) (quoting Hendrix v. Raybestos Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir.1985) (citation omitted)).

The benefits of efficiency can never be purchased at the cost of fairness. The Second Circuit Court has stated:

3



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> [W]e are mindful of the dangers of a streamlined trial process in which testimony must be curtailed and jurors must assimilate vast amounts of information. The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's and defendant's cause not be lost in the shadow of a towering mass litigation.

In re Brooklyn Navy Yard Asbestos Litig., 971 F.2d 831, 853 (2d Cir.1992); see also Arnold v. Eastern Air Lines, Inc., 712 F.2d 899, 906 (4th Cir.1983) (en banc) ("considerations of convenience may not prevail where the inevitable consequence to another party is harmful and serious prejudice"), cert. denied, 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984); Baker v. Waterman S.S. Corp., 11 F.R.D. 440, 441 (S.D.N.Y.1951) ("a fair and impartial trial to all litigants" is the foremost concern when considering consolidation); Cain v. Armstrong World Indus., 785 F. Supp. 1448, 1457 (S.D.Ala.1992) (new trial warranted where "[a]s the evidence unfolded ... it became more and more obvious ... that a process had been unleashed that left the jury the impossible task of being able to carefully sort out and distinguish the facts and law of thirteen plaintiffs' cases that varied greatly in so many critical aspects").

### A. These Three Actions Do Not Involve Common Questions of Fact and As Such Are Not Appropriate for Consolidation.

In order to demonstrate the distinct difference in these matters it is necessary to examine the factual allegations contained in the plaintiff's complaint for each matter.



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In the subject matter <u>Kristin Ejchorszt v James F. Daigle, Jr., et al</u>, Case No. 3:02-cv-01350 (CFD), the plaintiff has alleged that she volunteered to assist the Norwich Police Department and Daigle with an Underage Alcohol purchase Sting Operation. The plaintiff in this case alleges that while attaching a "body wire," Daigle required her to remove her brassiere and then took photographs of the plaintiff nude from the waste up. What is not clear from the complaint but has been identified in discovery is that Ms. Ejchorszt was present at the Norwich Police Department when the photographs were allegedly taken. The plaintiff has also named Chief Fusaro, Detective Mark Lounsbury and the Town of Norwich in this action.

In the matter of <u>Theresa Earl v James F. Daigle, Jr., et al</u>, Case No: 3:03-cv-01323 (SRU), this plaintiff has alleged that nude pictures were taken of her by defendant Daigle on two separate occasions under false pretenses regarding a sting operation. What is not clear in the complaint but was identified during discovery is that the pictures were allegedly taken at private residences and the City of Norwich is alleging that Daigle was off duty and not acting "under color of law." The City of Norwich, an officer and the Chief were named in this action.

Subsequently, in the case <u>Melanie Wilson v City of Norwich, et al</u>, Case No. 3:02cv-0026 (CFD), the plaintiff also alleged that nude pictures were taken of her by the defendant Daigle on two separate occasions under false pretenses. Again, what is not clear in the complaint, but was identified during discovery is that the pictures were allegedly taken at the plaintiff's residence and that the City of Norwich is alleging

5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

that Daigle was off duty and not acting "under color of law." The City of Norwich and the Chief were named in this action.

What is clear from a review of the three separate actions is that these suits do not rise from the same operative facts and the same witnesses will not testify in all three cases. Each individual case has specific different facts to determine when analyzing where the pictures were taken, when the pictures were taken, if the pictures were taken and whether Daigle was on-duty or off-duty during that time. As such, the factual differences in these cases preclude them from being appropriate for consolidation and consolidation would prejudice the defendant Daigle.

B. **These Three Actions Do Not Involve Common Questions of Law and As Such Are Not Appropriate for Consolidation**.

The undersigned defendants also contend that these three actions do not involve a common question of law and as such are appropriate for consolidation. As identified in the section above, there are questions of law that are not consistent across all three actions and would be prejudicial to Daigle and the co-defendant, City of Norwich. First, the City of Norwich was recently successful in a Motion for Summary Judgment in the Earl action, as a result of the plaintiff failing to oppose the brief. As such, in consolidating these cases there are already issues present that would offer prejudice to the City and Daigle when analyzing liability. In addition, in two of the three cases, there are questions of law regarding whether Daigle was acting "under color of law" when he allegedly took the photographs. These cases Earl and

6


One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Wilson are substantially different as to the legal theories associated with liability as to supervision of Daigle and Daigle's alleged abuse of authority in comparison to the subject action based on the fact the allegations in this matter occurred in the police department.

## III. CONCLUSION

The undersigned defendant concludes that these three identified actions do not involve common questions or law and fact and are not appropriate for consolidation. In addition, consolidating these actions would not constitute efficiency and judicial economy but would prejudice the defendant Daigle.

DEFENDANT,
JAMES F. DAIGLE, JR.

By: _____
Eric P. Daigle
HALLORAN & SAGE LLP
Fed. Bar No. ct23486
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel: (860) 522-6103

7

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

**HALLORAN & SAGE LLP**

## CERTIFICATION

This is to certify that on this 15th day of November, 2006, the foregoing was either mailed, postpaid, or hand-delivered to:

Barbara L. Cox, Esq.
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT 06509-1925

Charles Norris, Esq.
Gordon Chinigo Leone Maruzo & Basilica
141 Broadway
Norwich, CT 06360

Thomas R. Gerarde, Esq.
Beatrice S. Jordan, Esq.
Howd & Ludorf
65 Wethersfield Ave
Hartford, CT 06114

_____
Eric P. Daigle

913973-1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105