UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KRISTEN EJCHORSZT | : | NO.: 302CV1350 (CFD) |
| | : | |
| v. | : | |
| | : | |
| JAMES F. DAIGLE, JR., ET AL | : | NOVEMBER 16, 2006 |

**DEFENDANTS, CITY OF NORWICH, POLICE DEPARTMENT OF THE CITY OF NORWICH, LOUIS J. FUSARO AND MARK LOUNSBURY'S, OBJECTION TO PLAINTIFF'S MOTION FOR CONSOLIDATION**

The defendant, **City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury**, hereby object to the plaintiff's Motion For Consolidation [Doc. 114], dated October 26, 2006, as the actions sought to be consolidated are substantially distinct as to factual and legal issues thereby rendering them inappropriate for consolidation. Additionally, consolidation of the actions would highly prejudice the defendants in these actions.

I.    **FACTUAL BACKGROUND**

The plaintiff seeks to consolidate this matter with the following actions: Melanie Wilson v. City of Norwich, et al, Docket No. 3:02-cv-0026 (CFD), and Theresa Earl v. James F. Daigle, et al, Docket No. 3:03-cv-01323 (SRU). In support of consolidation the plaintiff argues that all plaintiffs consent to consolidation and identical motions are

ORAL ARGUMENT IS REQUESTED

being filed in the other actions. The defendants note, however, that the plaintiffs have not filed motions for consolidation in the <u>Melanie Wilson</u> or <u>Theresa Earl</u> matters to date.

The plaintiff further argues that the actions "involve very similar facts and virtually identical legal issues." In support of this contention, the plaintiff makes the sole representation that the three actions involve allegations that the co-defendant, James Daigle, while acting as a police officer for the defendant, City of Norwich, took nude or improper photographs of the plaintiffs. The plaintiff proffers no other bases for her claim that the actions involve "very similar facts and virtually identical legal issues."

Contrary to the plaintiff's assertions, and as is more particularly set forth below, these actions are not appropriate for consolidation as they involve substantially different factual and legal issues. Moreover, consolidation of these actions would highly prejudice the defendants.

**II.   LAW AND ARGUMENT**

Federal Rules of Civil Procedure 42(a), which governs the consolidation of actions, provides as follows:  "[w]hen actions involving a common question of law or fact are pending before the court, . . . [the court] may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

In delineating the parameters of consolidation of actions, the Second Circuit has held that,

> [t]he trial court has broad discretion to determine whether consolidation is appropriate . . . . However, the discretion to consolidate is not unfettered . . . . Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial . . . . When exercising its discretion, the court must consider: Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson v. Celotex Corporation, 899 F.2d 1281 (2d Cir. 1990) (internal citations omitted).

Moreover, the Second Circuit has cautioned that the benefits of efficiency and convenience should not trump the fairness and justice to the parties. In re Brooklyn Navy Yard Asbestos Litigation, 971 F.2d 831, 853 (2d Cir. 1992). Specifically, the Court noted that:

> [W]e are mindful of the dangers of a streamlined trial process in which testimony must be curtailed and jurors must assimilate vast amounts of information. The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's and defendant's cause not be lost in the shadow of a towering mass litigation.

Id.

**A.    THE THREE ACTIONS ARE INAPPROPRIATE FOR CONSOLIDATION AS THEY INVOLVE SUBSTANTIALLY DISTINCT FACTUAL ISSUES**

The plaintiff contends that the three actions "involve very similar facts," no doubt based upon a cursory review of the complaints in each action. The defendants acknowledge that the three actions are premised upon a general allegation that co-defendant James Daigle improperly took nude photographs of the plaintiffs. Other than this general premise, however, the actions present substantially distinct factual issues.

In the instant action, plaintiff Kristen Ejchorszt alleges that, on November 30, 2001, co-defendant Daigle took nude photographs of her from the waist up while fitting her for a body-wire as part of her participation in an underage alcohol sting operation, and under the auspices that the photographs were required for the operation. Discovery in this matter revealed that the alleged photographs were taken at the Norwich Police Department, immediately prior to execution of the sting operation, and while co-defendant Daigle was on duty.

The other two actions contain substantially different facts. In the <u>Theresa Earl v. James F. Daigle, et al</u> action, plaintiff Theresa Earl alleges that co-defendant Daigle photographed her on two separate occasions, namely July 2001 and August 2001, purportedly under the auspices of a sting operation and a police investigation. Discovery revealed that the claimed photographs were taken on private property, and

while co-defendant Daigle was off-duty on at least one occasion.  Moreover, discovery demonstrated an issue as to whether the photographs were consensual, and that they were not taken pursuant to any representation of a sting operation or police investigation as alleged.

 In the <u>Melanie Wilson v. City of Norwich, et al</u> action, plaintiff Melanie Wilson alleges that that co-defendant Daigle photographed her on two separate occasions, namely September 2000 and December 2000, also purportedly under the auspices of a sting operation and a police investigation.  Discovery in the <u>Wilson</u> matter also revealed that the claimed photographs were taken on private property, and while co-defendant Daigle was off-duty on at least one occasion.  Moreover, discovery demonstrated an issue as to whether the photographs were consensual, and that they were not taken pursuant to any representation of a sting operation or police investigation as alleged.

 The plaintiff has wholly failed to demonstrate that the three actions arise out of the same operative facts sufficient to warrant consolidation of the actions.  As the foregoing demonstrates, the factual issues underlying the instant action are substantially distinct from those underlying the <u>Theresa Earl</u> and <u>Melanie Wilson</u> actions.  Moreover, these actions do not arise out of the same operative facts, rather, each action involves strikingly different facts as to when, where and the context under which, the photographs were taken.

Finally, contrary to the plaintiff's assertions, other than the named defendants, many of the trial witness will not encompass all three actions. Evidence as to the specific factual determinations of each action would involve testimony from a variety of witnesses who would not be testifying in all three actions.

Accordingly, the substantial factual distinctions of the three actions render them inappropriate for consolidation, and highly increase the risk of prejudice to the defendants and possible confusion of the jury.

**B.    THE THREE ACTIONS ARE INAPPROPRIATE FOR CONSOLIDATION AS THEY INVOLVE SUBSTANTIALLY DISTINCT LEGAL ISSUES**

The plaintiff further argues in support of her motion for consolidation that the three actions involve "virtually identical legal issues." The plaintiff makes no showing as to what legal issues are "virtually identical" as claimed. Nevertheless, as demonstrated above, based upon their specific factual predicates, the legal theories involved in the Theresa Earl and Melanie Wilson actions are very distinct from those in the present action. Unlike the instant action, the determination of the legal issues in the Theresa Earl and Melanie Wilson matter turn on when, where and the context under which the photographs were taken.

In addition, the undersigned defendants note that they have successfully obtained summary judgment in their favor as to the Theresa Earl matter.

Consolidation of the actions would, thus, highly prejudice the defendants, and serves only to hamper a fair and impartial trial of the defendants' cause.

### III. CONCLUSION

WHEREFORE, the defendants, **City of Norwich, Police Department of the City of Norwich, Louis J. Fusaro and Mark Lounsbury**, respectfully request that the plaintiff's Motion for Consolidation be denied.

>                                   DEFENDANTS,
>                                   CITY OF NORWICH, POLICE
>                                   DEPARTMENT OF THE CITY OF
>                                   NORWICH, LOUIS J. FUSARO and
>                                   MARK LOUNSBURY
>
>
>                                   By_____/s/ Beatrice S. Jordan_____
>                                       Beatrice S. Jordan
>                                       ct22001
>                                       Howd & Ludorf, LLC
>                                       65 Wethersfield Avenue
>                                       Hartford, CT  06114
>                                       (860) 249-1361
>                                       (860) 249-766 (Fax)
>                                       E-Mail: bjordan@hl-law.com

## **CERTIFICATION**

This is to certify that on November 16, 2006, a copy of the foregoing **Objection to Plaintiff's Motion for Consolidation** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Christine P. Plourde, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

                                                   /s/ Beatrice S. Jordan
                                       Beatrice S. Jordan