UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KRISTEN EJCHORSZT | |
| VS. | CASE NUMBER:<br>3: 02CV1350(CFD) |
| JAMES F. DAIGLE, JR.;<br>LOUIS J. FUSARO, Chief of Police<br>MARK LOUNSBURY; POLICE<br>DEPARTMENT OF THE CITY OF<br>NORWICH, AND CITY OF NORWICH | AUGUST 10, 2007 |

**JOINT TRIAL MEMORANDUM**

**(1)     TRIAL COUNSEL**
  ***For the Plaintiff:***
         Barbara L. Cox, Esq.
     The Gallagher Law Firm
     1377 Ella Grasso Boulevard
     PO Box 1925
     New Haven, CT 06511
     Tel: (203) 624-4165
     E-Mail: bcox@gallagher-lawfirm.com

  ***For the Defendant:***
     1. City of Norwich:
     John J. Radshaw, III, Esq.
     Howd & Ludorf, LLC
     65 Wethersfield Avenue
     Hartford, CT 06114
     Tel: (860) 249-1361

     2. James F. Daigle, Jr.:
     Eric P. Daigle, Esq.
     Halloran & Sage, LLC
     One Goodwin Square
     225 Asylum Street
     Hartford, CT 06103-4303
     Tel: (860) 522-6103
     E-Mail: Daigle@halloran-sage.com

**(2)    JURISDICTION**

Federal question based upon 42 U.S.C. §§ 1331, 1343(3), 1367(a); 42 U.S.C. §§ 1983; and pendent jurisdiction over state tort law claims.

**(3)    JURY-NONJURY**

The entire matter will be tried before a jury.

**(4)    NATURE OF CASE**

This is an action arising out of the claimed misconduct of a police officer, defendant James F. Daigle, Jr., then a detective lieutenant with the defendant Norwich Police Department. Daigle recruited the plaintiff to assist the Norwich Police Department in an undercover, underage alcohol purchase "sting" operation. On the evening of the purported "sting" operation, Daigle required the plaintiff to pose for photographs in the nude from the waist up, under the pretext that such photographs were necessary police protocol in sting operations. When the plaintiff learned that Daigle had duped her into posing topless for him, she developed depression and anxiety, requiring medication and therapeutic treatment.

    1. FIRST COUNT: Damages for Invasion of Privacy/unreasonable intrusion upon seclusion vs. Daigle, Connecticut Common Law;

    2. SECOND COUNT: Damages for Assault and Battery vs. Daigle, Connecticut Common Law;

    3. THIRD COUNT: Damages for Intentional Misrepresentation vs. Daigle, Connecticut Common Law;

    4. FOURTH COUNT: Damages for Invasion of Privacy by False Light vs. Daigle, Connecticut Common Law;

5. FIFTH COUNT: Damages for Libel per se vs. Daigle, Connecticut Common Law;

6. SIXTH COUNT: Damages for Libel vs. Daigle, Connecticut Common Law;

7. SEVENTH COUNT: Damages for Negligent Infliction of Emotional Distress vs. Daigle, Connecticut Common Law;

8. EIGHTH COUNT: Damages for Intentional Infliction of Emotional Distress vs. Daigle, Connecticut Common Law;

9. TENTH COUNT: Vicarious Liability vs. City of Norwich pursuant to General Statutes §§7-465 and 52-557n, Indemnification as to Daigle;

10. ELEVENTH COUNT: Damages for Civil Rights Violation Under 42 U.S.C. §§ 1983, and 1988 vs. Daigle;

11. TWELFTH COUNT: Punitive Damages vs. Daigle, Connecticut Common Law and 42 U.S.C. §1983, 1988.

**The defendant, CITY OF NORWICH, objects to the nature of the case and submits the following:**

The plaintiff, Kristen Ejchorszt, alleges that, on November 30, 2001, the co-defendant James F. Daigle took two to three nude photographs of her from the waist up during her participation in an underage alcohol sting operation, when she was 20 years old.  The plaintiff further alleges that co-defendant Daigle photographed her several times with her brasserie on at that time.  Finally, the plaintiff alleges that co-defendant Daigle secured the photographs of her under the pretext of standard police business.

Counts One through Eight of the Complaint are directed to the co-defendant, James F. Daigle, and allege invasion of privacy, assault and battery, intentional misrepresentation, invasion of privacy by false light, libel per se, libel, negligent infliction

3

of emotional distress, intentional infliction of emotional distress, and a claim for punitive damages on the basis that Daigle's actions were intentional, malicious, wanton and willful, respectively.

Pursuant to the Court's ruling [Doc. 126] on the defendants, Chief Louis J. Fusaro, the City of Norwich and Officer Mark Lounsbury's Motion for Summary Judgment Chief Fusaro and Officer Lounsbury are no longer defendants in this action. Moreover, pursuant to the Court's ruling, the sole remaining claim against the City of Norwich is for indemnification pursuant to Conn. Gen. Stat. § 7-465 with regard to the claims against the co-defendant, James Daigle, as alleged in the first eight counts of the Complaint.

**(5) STIPULATIONS OF FACT AND LAW**

    **Stipulations of Fact:**     None

    **Stipulations of Law:**     None

**(6) PLAINTIFF'S CONTENTIONS**

On or about November 30, 2001, the plaintiff, Kristen Ejchorszt, then age 20, volunteered, in response to a request from defendant James Daigle, to assist the City of Norwich Police Department in an undercover, underage alcohol "sting" operation, aimed at identifying liquor stores that were selling alcohol to minors. On the evening of the sting, Daigle took the plaintiff into a conference room and had her remove her shirt in order to attach a "body wire." He then removed her brassiere, leaving her nude from the waist up. Daigle disregarded the common sense practice of the Norwich Police that a male police officer should not require a female to remove her clothing.

Daigle told the plaintiff that it was necessary for him to take photographs of her nude from the waist up in order to show that she was not concealing a counterfeit identification card in her clothing. He assured her that such photographs were standard police practice. He then actually or appeared to photograph the plaintiff nude from the waist up several times. The plaintiff was uncomfortable, but believed Daigle's representations that the photographs were necessary and required as part of her voluntary participation in the sting operation. In the process of attaching the body wire, Daigle touched the plaintiff's breast.

Upon returning from the "sting" operation, Daigle told the plaintiff that he would have to retake the photographs because the first photographs had not turned out. He appeared to take additional photographs of the plaintiff nude from the waist up, again using a digital camera.

Plaintiff believes Daigle showed the photographs of her to at least one other member of the police department, Detective Mark Lounsbury, because she saw those two officers looking at the back of the digital camera (where the viewfinder is located) shortly after the pictures were taken. Plaintiff believes that Daigle also may have published the photographs of the plaintiff by preserving them on a computer disk or printed form, or both. The Chief of Police, allowed Daigle access to his computer files and his desk before dismissing him from his position, thereby giving Daigle the opportunity to remove evidence of the photographs from the Police Department premises.

The plaintiff subsequently learned that the removal of her shirt, and brassiere, in the presence of a male officer, and the photographs were not standard police procedure

5

in sting operations. As a result of the Daigle's misconduct, the plaintiff has suffered serious emotional injuries, including emotional distress, anxiety, depression, low self esteem, anger, rage, humiliation, and permanent psychological pain that continue to the present time.

Daigle intentionally misrepresented to the plaintiff that it was necessary for her to submit to the removal of her clothing, his unauthorized touching, and the taking of the photographs as standard police practice for the "sting" operation in order to induce the plaintiff to submit to his unlawful conduct. Daigle cautioned the plaintiff not to tell anyone, including other police officers, about the photographs he had taken of her.

The following Monday, the plaintiff, and her parents reported Daigle's conduct to the Chief of Police, Louis Fusaro. The ensuing investigation revealed that Daigle had duped two other minor volunteer undercover operatives into posing for nude or partially nude photographs, based on his representation that the photographs were necessary for an undercover operation.

**(7)    DEFENDANTS' CONTENTIONS**

   **A.    James Daigle:**

The defendant, James Daigle, denies the allegations set forth in the plaintiff's Complaint. In particular, he denies removing the plaintiff's clothing, touching her in any manner, misrepresenting to the plaintiff any factual information and taking photographs of her while she was in a state of undress. Where applicable, the defendant, James Daigle, intends to assert the defense of qualified immunity on the basis that he did not violate any clearly established constitutional rights of the plaintiff or alternatively, that his actions were objectively reasonable in light of the circumstances then and there

6

existing. As to the plaintiff's state law claims, the defendant, James Daigle, intends to assert the defense of governmental immunity insofar as he was engaged in discretionary acts as part of his governmental functions.

### B. Town of Norwich:

Pursuant to the Court's ruling on the defendant's summary judgment motion, the sole claim remaining against the City of Norwich is one for indemnification as to the claims against James Daigle pursuant to Conn. Gen. Stat. § 7-465. It is the defendant's contention that no exposure exists as to liability in this matter pursuant to the sole claim against it for indemnification under Conn. Gen. Stat. § 7-465 with regard to the conduct of the co-defendant. The statute by its very language affords indemnification by a municipality on behalf of any employee for all sums which the employee becomes obligated to pay by reason of the liability imposed upon such employee for infringement of any person's civil rights, or for physical damages to person or property, only if the employee, at the time of the occurrence, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, was not the result of any willful or wanton act of such employee in the discharge of such duty. The plaintiff, by her own concessions, alleges that co-defendant Daigle's actions were intentional, malicious, wanton and willful. Co-defendant Daigle's conduct in securing the photographs of the plaintiff under the misrepresentation of police business was not within the scope of his duties, and was willful and intentionally procured for his own prurient interests. Such conduct by the co-defendant does not serve any purpose, nor advance any interest of the City.

**(8)   LEGAL ISSUES**

    A.    Whether the defendant James Daigle, Jr., took take photographs depicting the plaintiff topless and in her brassiere on November 30, 2001

    B.    Whether James Daigle pretended to take photographs depicting the plaintiff topless and in her brassiere on November 30, 2001.

    C.    Whether James Daigle touched the plaintiff on November 30, 2001 in any manner that would constitute assault.

    D.    Whether the conduct of James Daigle constituted an invasion of the plaintiff's privacy on November 30, 2001.

    E.    Whether any topless photographs James Daigle took of the plaintiff on November30. 2001 were taken under false pretenses.

    F.    Whether James Daigle intentionally and/ or negligently misrepresented any factual claims to the plaintiff in order to induce the plaintiff into posing topless for purported photographs.

    1.    Whether James Daigle was acting within the scope of his duties at the time he allegedly photographed the plaintiff?

    2.    Whether James Daigle's conduct as alleged by the plaintiff can reasonably be said to have been undertaken in furtherance of the interests of the City of Norwich?

    3.    Whether James Daigle's conduct as alleged by the plaintiff was intentional, willful, wanton or reckless?

    4.    Whether the City of Norwich is obligated to indemnify James Daigle for the conduct alleged by the plaintiff?

**(9)     VOIR DIRE QUESTIONS**

    **For the Plaintiff:**

Plaintiff's Voir Dire Questions will follow under separate cover.

    **For the Defendants:**

Defendant's Voir Dire Questions will follow under separate cover.

**(10)    LIST OF WITNESSES**

    **For the Plaintiff:**

    1.     **Kristen Ejchorszt Cerone**, 146 Main Street, Baltic, CT.  Events leading up to, including and subsequent to the underage alcohol compliance check of November 30, 2001.  Her injuries and damages.

    2.     **Larry Ejchorszt**, 3 Hazelwood Drive, Sprague, CT.  Discussions with Daigle; discussions with Chief Fusaro; observation of plaintiff's injuries.

    3.     **Margaret Ejchorszt**, 3 Hazelwood Drive, Sprague, CT.  Discussions with Chief Fusaro; observation of plaintiff's injuries.

    4.     **James Daigle, Jr**., 9 Shady Lane, Norwich, CT.  Events leading up to, including and subsequent to the underage alcohol compliance check, November 30, 2001; his involvement in other underage alcohol compliance checks, involving volunteer operatives.

    **OBJECTION:**     Defendant Daigle objects to testimony regarding prior underage alcohol checks and his involvement with volunteer operatives.  This testimony is not relevant to the subject proceedings and is prejudicial to the defendant.  The defendant Daigle reserves the right to object further to this testimony.

    5.     **Mark Lounsbury**, 70 Thames Street, Norwich, CT.  Involvement in and observation of alcohol compliance check, November 30, 2001.  Involvement in other underage alcohol compliance operations involving James Daigle, Jr.

    **OBJECTION:**     Defendant Daigle objects to testimony regarding prior underage alcohol checks and his involvement with volunteer operatives.  This testimony is not relevant to the subject proceedings and is prejudicial to the defendant.  The defendant Daigle reserves the right to object further to this testimony.

    6.     **Chief Louis Fusaro**, 70 Thames Street, Norwich, CT.  Practices of the Norwich Police Department in conducting underage alcohol compliance operations,

9

utilizing volunteer undercover operatives; investigation of complaints of Kristen Ejchorszt, Teresa Earl and Melanie Wilson, termination of James Daigle, Jr..

**OBJECTION:** Defendant Daigle objects to testimony regarding prior underage alcohol checks and his involvement with volunteer operatives. Also, regarding any investigation conducted other than the subject allegations. This testimony is not relevant to the subject proceedings and is prejudicial to the defendant. The defendant Daigle reserves the right to object further to this testimony.

7. **Lt. Franklin Ward**, 70 Thames Street, Norwich, CT. Involvement in underage alcohol compliance check November 30, 2001; Norwich Police Department practices relating to underage alcohol compliance operations.

8. **Deputy Chief Warren Mocek**, 70 Thames Street, Norwich, CT. Investigation of complaints of Kristen Ejchorszt, Melanie Wilson and Teresa Earl.

**OBJECTION:** Defendant Daigle objects to testimony regarding prior underage alcohol checks and his involvement with volunteer operatives. Also, regarding any investigation conducted other than the subject allegations. This testimony is not relevant to the subject proceedings and is prejudicial to the defendant. The defendant Daigle reserves the right to object further to this testimony.

9. **Teresa Earl**, address presently unknown, experience as volunteer undercover operative working with James Daigle, Jr..

**OBJECTION:** Defendant Daigle objects to testimony by Teresa Earl regarding prior underage alcohol checks and her involvement as a volunteer operative. This testimony is not relevant to the subject proceedings and is prejudicial to the defendant. The defendant Daigle reserves the right to object further to this testimony.

10. **Melanie Wilson**, address presently unknown, experience as volunteer undercover operative working with James Daigle, Jr..

**OBJECTION:** Defendant Daigle objects to testimony by Teresa Earl regarding prior underage alcohol checks and her involvement as a volunteer operative. This testimony is not relevant to the subject proceedings and is prejudicial to the defendant. The defendant Daigle reserves the right to object further to this testimony.

11. **Kristen Vanase**, address presently unknown. Daigle's photographs of her.

**OBJECTION:** Defendant Daigle objects to this testimony as it is not relevant to the subject proceedings and is prejudicial to the defendant. The defendant Daigle reserves the right to object further to this testimony.

   12. **Karen Valcourt**, 70 Thames Street, Norwich, CT.  Daigle's photographs of her.

  **OBJECTION:** Defendant Daigle objects this testimony as it is not relevant to the subject proceedings and is prejudicial to the defendant.  The defendant Daigle reserves the right to object further to this testimony.

   13. **Carol M. Lahan**, 276 Scotland Road, Norwich, CT.  Treatment of plaintiff's injuries.

   14. **Wagdy Habsashy**, M.D., 31 Dow Road, Plainfield, CT.  Treatment of plaintiff's injuries.

 **The plaintiff reserves her right to call the defendant.

 **The plaintiff reserves the right to supplement her witness list prior to trial.

**For the Defendants:**

 **A.** **James Daigle:**

 1. **James Daigle Jr.**, 9 Shady Lane, Norwich, CT.

  Mr. Daigle will testify regarding his recollection of the subject incident.

 2. **Larry Ejchorszt**, 3 Hazelwood Drive, Sprague, CT.

  Mr. Ejchorszt will testify regarding his knowledge of the subject incident, including conversations he had with her daughter in response to the subject incident.

 3. **Margaret Ejchorszt**, 3 Hazelwood Drive, Sprague, CT.

  Mrs. Ejchorszt will testify regarding her knowledge of the subject incident, including conversations she had with her daughter in response to the subject incident.

 4 **Detective Mark Lounsbury**, 70 Thames Street, Norwich, CT.

  Detective Lounsbury will testify regarding his recollection of the subject incident.

 5. **Detective Scott Smith**, 70 Thames Street, Norwich, CT.

11

       Detective Smith will testify regarding his recollection of the subject incident.

6. **Detective Al Costa**, 70 Thames Street, Norwich, CT.

    Detective Costa will testify regarding his recollection of the subject incident.

7. **Investigator Joe Dolan**, 70 Thames Street, Norwich, CT.

    Investigator Dolan will testify regarding his recollection of the subject incident.

8. **Sergeant Peter Camp**, 70 Thames Street, Norwich, CT.

    Sergeant Camp will testify regarding his recollection of the subject incident, past interaction and knowledge of the plaintiff.

    **Objection:** The plaintiff objects to testimony regarding prior interactions with St. Camp that are remote in time. St. Camp was not involved in the events alleged in the complaint. His testimony is not relevant to the subject proceedings, will potentially confuse the issues for the jury and is prejudicial to the plaintiff. The plaintiff reserves the right to object further to this testimony.

9. **Officer Warren Knight**, 70 Thames Street, Norwich, CT.

    Detective Smith will testify regarding his conversations with the father Larry Ejchorszt, regarding James Daigle.

    **Objection:** The witness has not first hand knowledge of the events in question and is not competent to give testimony based on first hand knowledge. Further objection: hearsay.

10. **Officer Mike Morin**, UCONN Police

    Officer Morin will testify of his knowledge of the subject incident based on conversations with the plaintiff and his knowledge of the plaintiff.

    **Objection:** The witness has not first hand knowledge of the events in question and is not competent to give testimony based on first hand knowledge. Further objection: hearsay.

11. **Heidi Rothstein**, address presently unknown.

12

>Ms. Rothstein will testify regarding her conversations with the plaintiff.
>
>**Objection**: This testimony is not relevant to the subject proceedings, will potentially confuse the issues for the jury and is prejudicial to the plaintiff. This testimony is furthered objected to on the grounds of hearsay. The plaintiff reserves the right to object further to this testimony.

12. **Lindsie Casey**, address presently unknown.

>Ms. Casey will testify regarding her conversations with the plaintiff.

**OBJECTION**: This testimony is not relevant to the subject proceedings, will potentially confuse the issues for the jury and is prejudicial to the plaintiff. This testimony is furthered objected to on the grounds of hearsay. The plaintiff reserves the right to object further to this testimony.

**The defendants reserve their right to call the plaintiff.

**The plaintiff and defendants reserve the right to supplement their witness list prior to trial.

**2.  Defendant City of Norwich:**

1. ***Kristen Ejchorszt***, 3 Hazelwood Drive, Sprague, CT. Plaintiff Ejchorszt is expected to testify as to her recollection of the subject incident on November 30, 2001.

2. ***James Daigle***, 9 Shady Lane, Norwich, CT. Mr. Daigle is expected to testify as to his recollection of the subject incident on November 30, 2001, as well as his interactions with the plaintiff at said time and his preparation and participation in the underage drinking operation.

The defendant reserves the right to call any witness identified by the plaintiff or co-defendant. Additionally, the defendant reserves the right to supplement this witness list as may be necessary prior to trial.

**(12)   LIST OF EXHIBITS**

**For the Plaintiff:**

1. Norwich Police Department Strip Search Policy
2. City of Norwich Sexual Harassment Policy, 2001, 1990
3. Brochure:  "Regulatory Strategies for Preventing Youth Access to Alcohol:  Best Practices"
4. Including Minors in Compliance Checks:  Questions to Ask
5. Brochure:  "Including Minors in Compliance Checks"
6. Brochure:  "Be Part of the Solution Not the Problem"
7. Brochure:  Prepared by the Enforcement Action Team of the Connecticut Coalition to Stop Underage Drinking, 2000
8. Brochure:  "Alcohol Compliance Checks, A Procedures Manual for Enforcing Alcohol Age-of-Sale Laws"
9. Internal Affairs Investigation Report Norwich Police Department, May 22, 2002.
10. Statement of Melanie S. Wilson, 1/4/02
11. Statement of Chris Ladd, 1/17/02
12. Statement of Mark Lounsbury, 1/17/02
13. Letter to James F. Daigle, Jr. from Louis J. Fusario, 6/11/02
14. Incident Report (9/15/00)
15. Photographs of Melanie Wilson, 2:56 p.m., 4:02 p.m., 9:24 p.m.
16. Norwich Police Department Internal Investigation Re:  Melanie Wilson
17. Norwich Police Department Internal Investigation Re: Theresa Earl

18. Norwich Police Department Internal Investigation Re: Kristen Ejchorszt

19. Incident report re Underage Drinking Operation with an Undercover Minor, 7/13/01, with attached photographs of Theresa Earl

20. Statement under oath of Theresa Earl

21. Letter to Katherine Purinton from Warren L. Mocek, 1/22/02

22. Statement of Mark Rankowitz, 12/19/01

23. Statement of Leon Barnowski, 1/23/02

24. Statement of Christopher Ferace, 12/18/01

25. Statement of Daniel O'Brien, 12/18/01

26. Statement of Joseph Dolan, 2/8/02

27. Statement of Mark Chenette, 5/22/02

28. Statement of Mark Chenette, 1/7/02

29. List of Liquor Establishments to be visited

30. Hand written notes, "Underage Drinking," 11/30/01, 6:00 p.m.

31. Overtime slips, 11/30/01 (Dolan, Rankowitz, Ladd, Costa, Lounsbury, Daigle, Lt. Ward); 12/1/01 (Dolan)

32. Petty Cash record

33. Photograph Ejchorszt drivers license, 11/30/01

34. Photographs, 11/30/01

35. Incident Report Underage Drink Compliance Operation with Undercover Minor, 11/30/01

36. Plaintiff's medical bills

37. Treatment records of Wagdy Habsashy, M.D.

38. Treatment records of Carol M. Lahan.

**The plaintiff reserves the right to supplement her exhibit list prior to trial.

**For the Defendant:**

**A.    James Daigle:**

1. Written Statement of Kristen Ejchorszt taken on 12/3/01

2. Written Statement of Kristen Ejchorszt taken on 12/21/01

3. Photocopy of photograph depicting the plaintiff's drivers license.

4. Photocopy of two photographs depicting the plaintiff prior to the operation.

5. Diagram of the Norwich Police Department.

6. Norwich Police Department Police Report No. 01-34728 regarding the subject underage drinking compliance operation.

**The defendant reserves the right to supplement his exhibit list prior to trial

**C.    Defendant City of Norwich's Exhibit List**

D-1   City of Norwich Police Department description of police officer duties

D-2   City of Norwich Police Department police code and cannon of ethics

D-3   City of Norwich Police Department's mission, goals and objectives

The defendant reserves the right to supplement this exhibit list as may be necessary prior to trial.

**(13)   DEPOSITION TESTIMONY**

**For the Plaintiff:**

None anticipated at this time. The plaintiff reserves the right to offer testimony under oath of any witness who is unavailable at the time of trial.

16

**For the Defendants:**

The parties do not anticipate testimony by deposition unless they are notified that a witness is unavailable. In the event of such witness unavailability, the parties will seek leave to obtain a trial deposition.

**(14) REQUESTS FOR JURY INSTRUCTIONS**

The defendant Daigle's jury instructions will follow under separate cover.

**(15) ANTICIPATED EVIDENTIARY PROBLEMS**

Defendant James Daigle anticipates evidentiary problems with the scope of testimony by witnesses regarding allegations of other misconduct on the part of the defendant James Daigle. This will be addressed by a Motion In-limine

**(16) PROPOSED FINDINGS AND CONCLUSIONS**

Not applicable.

**(17) TRIAL TIME**

The parties anticipate approximately five days of evidence in this trial.

**(18) FURTHER PROCEEDINGS**

Defendant anticipates filing one or more Motions in Limine regarding anticipated evidence.

Defendant anticipates filing a Motion and Memorandum of Law to Bifurcate the trial. Plaintiff reserves the right to object to any motions filed by the defendants.

**(19) ELECTION FOR TRIAL BY MAGISTRATE**

Parties do not agree to trial by magistrate.

**(20) CERTIFICATION OF COUNSEL**

This document was jointly produced by both parties.

**21)  PROPOSED VERDICT FORM**

Defendants' proposed verdict form will follow prior to jury selection

        Respectfully Submitted,

        THE PLAINTIFF,
        KRISTEN EJCHORSZT

By:   /s/_____
       Barbara L. Cox
       Fed. Bar No. Ct08523
       The Gallagher Law Firm
       1377 Boulevard, P.O. Box 1925
       New Haven, CT 06509
       (203) 624-4165
       Her Attorney

       THE DEFENDANT,
       CITY OF NORWICH

By:   /s/_____
       John J. Radsahw, Esq.
       Fed. Bar No. ct19882
       Howd & Ludorf, LLC
       65 Wethersfield Avenue
       Hartford, CT 06114

       THE DEFENDANT,
       JAMES DAIGLE, JR.

By:   /s/_____
       Eric P. Daigle, Esq.
       Halloran & Sage, LLP
       One Goodwin Square
       225 Asylum Street
       Hartford, CT 06103-4303

## **CERTIFICATION**

This is to certify that on August 10, 2007, a copy of the foregoing Joint Trial Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Barbara L. Cox, Esquire
Gallagher & Calistro
1377 Boulevard
P.O. Box 1925
New Haven, CT  06509-1925

Eric P. Daigle, Esquire
James M. Sconzo, Esquire
Christine P. Plourde, Esquire
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103-4303

                                                                  /s/
                                       John J. Radshaw, III